Eric A. Liepins, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone:    (972) 991-5591
Telecopy:    (972) 991-5788
PROPOSED COUNSEL FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:

REVOLUTION MONITORING, LLC          §          CASE NO.18-33730-11
                                    §                    (Chapter 11)
          DEBTOR.                   §

REVOLUTION MONITORING MANAGEMENT   §          CASE NO.18-33731-11
LLC                                 §
                                    §                    (Chapter 11)
          DEBTOR.                   §

REVOLUTION NEUROMONITORING, LLC    §
                                    §
                                    §          CASE NO. 18-33732
                                    §                    (Chapter 11)
          DEBTOR.                   §

EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Eric A Liepins, PC ("Movant") counsel of record for Revolution

Monitoring LLC, Revolution Monitoring Management, LLC and Revolution Neuromonitoring,

LLC (collectively "Revolution") Debtors in the above styled and numbered cause, and files this

its Motion to Withdraw as Counsel and in support thereof would respectfully show unto the

Court as follows:

1.      On or about April 27, 2018 Debtors filed their Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code and have continued in possession of its property and operation of its business as a Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.      In connection with the filing the Debtors engaged Movant as counsel for the Debtors. At the time of the engagement, Jeremiah Vance on behalf of each Debtor executed a fee and retainer agreement with Movant.  The retainer agreements contained the following provision:

"On occasion, the principals and/or management may desire to act in their own interests rather than that of the bankruptcy estate. Should that occur, it is our duty as counsel for the Debtor to advise management against such action and, if management persists, to seek withdrawal from our representation. Since the equity holders and principals of the Debtor will be represented by separate counsel in connection with this case, it is strongly suggested that they consult personal counsel with regard to the various matters relating to the bankruptcy case and how they affect their personal interests. At is expressly understood and agreed that the Firm will under no circumstances be representing any principal and/or management in any state court matter whether or not related to the bankruptcy proceeding." A copy of the retainer agreement is attached as Exhibit A.

3.      On or about November 27, 2018  Vance filed a Notice of Removal removing a state court appeal styled <u>Jeremiah Vance v. West & Associates</u>  from the Dallas Court of Appeals ("State Court Matter").

4.      None of the Debtors were parties to the underlying State Court Matter.

5.      A Motion to Remand the State Court Matter was filed.

6.      The Court granted the Motion to Remand on March 22, 2019 ("Remand Order").

7.      Vance demanded the Movant filed a Notice of Appeal of the Remand Order.

8.      Movant declined informing Vance that (1) the Debtor were not a party to the State Court Action or the Remand Order,  (2) the Debtors were not affected by the State Court Matter, and (3) that West did not have an Allowed Claim in the Debtors case and therefore would not be allowed to participate in any distribution under any Plan.

9.      Despite these facts, Vance insisted that Movant was in violation its duties as counsel for the Debtor and  threatened the Movant with legal action unless Movant filed the Notice of Appeal to protect Vance's position. Attached hereto as Exhibit B is a copy of an e-mail from Vance informing counsel he is being referred to the State Bar and demanding that counsel represent Vance personally in the appeal.

10.     As it is apparent that Vance wishes counsel to protect his personal position over that of the Debtors and the retainer agreement between the parties specifically addresses that Movant is the counsel for the Debtors and not Mr. Vance personally, Movant seeks to withdraw from representation of the Debtors as the relationship between the Movant and Mr. Vance has become untenable.

11.     Mr Vance opposes the relief sought.


WHEREFORE, PREMISES CONSIDERED, Eric A Liepins, PC respectfully prays this Honorable Court allow it to withdraw from representation of the Debtors in these matters, and for such other and further relief, at law or in equity, to which Movant may show itself justly entitled.

Respectfully submitted,


ERIC A. LIEPINS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - fax


BY: /s/ Eric Liepins
     ERIC A. LIEPINS, SBN 12338110




CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all creditors Jeremiah Vance vis e-mail and regular mail and the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75242 via mail on this the 22nd day of April 2019.

    __/s/ Eric Liepins_____
    Eric A. Liepins