Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | **CASE NO. 18-33730-hdh** |
| | § | |
| | § | |
| **REVOLUTION MONITORING** | § | **CASE NO. 18-33731-hdh** |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | **CASE NO. 18-33732-hdh** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

## MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION

Jeffrey H. Mims, the Liquidating Trustee ("*Liquidating Trustee*") in the above styled and

numbered cases, files this **Motion for 2004 Examination** of the entities (the "*Covered Entities*")

identified in Exhibit A hereto, and would show the Court as follows:

### NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS
FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT BEFORE
THE CLOSE OF BUSINESS ON SEPTEMBER 27, 2019, WHICH IS AT LEAST 21
DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A
COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO
THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING
WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

1.  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§157 and 1334. The Motion is a core proceeding under 28 U.S.C. §15(b)(2)(A) and (E).

2.  Pursuant to Bankruptcy Rule of Procedure 2004 and Local Bankruptcy Rule 2004-1, the Liquidating Trustee moves to conduct a Rule 2004 examination of a representative of each "Covered Entity" identified in Exhibit A hereto. The requested examination seeks documentation otherwise beyond the Liquidating Trustee's control and is necessary for the Liquidating Trustee to identify and validate all recoverable medical accounts receivable.

3.  As used herein, the term "Covered Entities" includes health care insurers, health plans, healthcare clearinghouses, or any healthcare provider who transmits or has transmitted any health information in an electronic form. Tex. Health & Safety Code 181.001(b) (2) defines "covered entity" to include "any person who…comes into possession of protected health information."[1] The Covered Entities listed in Exhibit A are comprised primarily, if not exclusively, of health care insurers that may be a responsible party on medical accounts receivable arising from services Revolution Monitoring and its affiliates provided to individual patients.

4.  At this time, the Liquidating Trustee requests authority to serve subpoenas upon each of the Covered Entities to obtain production of the documents identified in Exhibit B to the Notice of Examination. The Liquidating Trustee proposes to serve the subpoena upon each Covered Entity by certified mail, return receipt requested, addressed to each Covered Entity's headquarters or primary

---

1 Under 45 C.F.R. 164.512 "covered entities" are authorized to disclose "protected health information" without written authorization of the individual patient under 45 C.F.R. 164.508, or the individual being given the opportunity to agree or object under 45 C.F.R. 164.510 in judicial or administrative proceedings in compliance with 45 C.F.R. 164.512(e).

place of business. Unless other agreements are made, the Entities' written responses to the subpoena should be delivered <u>electronically</u> to the offices of Cavazos Hendricks Poirot, P.C., 900 Jackson St., Suite 570, Dallas, Texas 75202, attn. sholmes@chfirm.com no later than 30 days following service of each subpoena, or upon such other date and means of delivery to which counsel can agree. If the physical documents are too voluminous to produce in electronic format, the Covered Entity should contact the Liquidating Trustee to make appropriate arrangements for physical inspection and delivery of the documents. Any examination resulting from this motion shall be continued from day-to-day, excluding weekends and holidays, if not completed on that date.

5.     The documents requested in Exhibit B relate directly to each Covered Entity's standard transactions with Revolution Monitoring. More specifically, the subpoena requests documents and information exclusively related to identified patient claims associated with each Covered Entity for the period of time beginning seven days before the date of service for each patient claim and only related to the medical services provided to the Patient and billed by: Revolution Monitoring NPI: 1235541509 TIN: 46-5128843; Revolution Neuromonitoring NPI: 1861871402 TIN: 47-3421017; Revolution Monitoring Management NPI: 121538965 TIN: 81-3155319, (collectively referenced herein as "***Revolution Monitoring***").

6.     As part of the enactment of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, §264, 110 Stat. 1936 ("***HIPAA***"), the United States Department of Health and Human Services adopted certain uniform "standard transactions" to enable the electronic exchange of health care data.[2]   As clarified by the Administrative Simplification amendments to HIPPA (42 U.S.C.1301, et seq.) those standard transactions include: (a) health claims and encounter

---

[2] A "Standard Transaction" (or "transaction" herein) is defined as the transmission of information between two parties to carry out financial or administrative activities related to health care. 45 CFR 162.104. The covered transactions as provided by HIPAA are outlined in 45 C.F.R.162.1101, 45 C.F.R.162.1201,  45 C.F.R.162.1301 and  45 C.F.R.162.1401.

information; (b) health claim attachments; (c) enrollment and disenrollment in a health plan; (d) eligibility for a health plan; (e) health care payment and remittance advice; (f) health plan premium payments; (g) first report of injury; (h) health claim status; and (i) referral certification and authorization. The Liquidating Trustee's document request utilizes the same standardized categories, terms and identifiers that the Covered Entities are obligated to maintain under HIPPA. As a result, each Covered Entity should maintain and be able to readily produce detailed and standardized electronic information for each identified patient claim related to Revolution Monitoring.

7.      Movant is aware that the documents identified in Exhibit B will contain personal health information ("***PHI***"), which is generally protected from disclosure under HIPAA. Revolution Monitoring has obtained authorization from each identified Patient for the release of all their medical records (including billing and payment information) as part of an Assignment of Benefits that each Patient signed before their procedure. In addition to instances of patient authorization for a Covered Entity's release of PHI, HIPAA also permits a Covered Entity to use and disclose PHI for "payment"[3] and "health care operations," as those terms are defined at 45 C.F.R. 164.501. Because the Liquidating Trustee has obtained patient consents and is seeking PHI for purposes of payment determinations, HIPAA permits the Covered Entities' disclosure of relevant PHI in this instance. In order to facilitate document production and prevent unauthorized disclosure of any PHI that the Liquidating Trustee may obtain in response to the subpoenas, the Liquidating Trustee has included protective language in a proposed Order approving this motion, and to is willing to propose and execute a HIPAA-compliant protective order(s) with any Covered Entity that requests such additional protection.

---

3 HIPAA defines "payment" as encompassing the various activities of ***health care providers to obtain payment or be reimbursed for their services*** and of a health plan to obtain premiums, to fulfill their coverage responsibilities and provide benefits under the plan.

8.      If the Court approves this Motion, and upon entry of an Order, the Liquidating Trustee will issue a Notice of Intention to Take Examination, which will include the document requests set forth in Exhibit B hereto.  Each subpoena will include a detailed "Patient and Claim Listing," tailored to each Covered Entity and containing:  individual patient identifiers generated by the USMON system; the date of service; claim number(s); policy number(s); and billed amount(s) for each patient claim associated with a Covered Entity.  In short, the document request is narrowly tailored to obtain crucial information for the Liquidating Trustee's determination and understanding of the billing and payment history between each of the Covered Entities and Revolution Monitoring, including any and all reasons for non-payment that may be asserted or has been asserted by the Covered Entities.

9.      After reviewing any responses to the subpoenas requested herein, the Liquidating Trustee reserves the right to serve interrogatories, requests for production, take depositions on written questions, as well as serve notices for oral deposition.  Further, the Liquidating Trustee may use information obtained in the 2004 Examination of the Entities to evaluate whether motions, objections, or an adversary proceeding may need to be filed in furtherance of his efforts to liquidate the accounts receivable.

WHEREFORE, PREMISES CONSIDERED, the Liquidating Trustee respectfully requests the Court grant the relief requested in this Motion and enter the Order compelling the attendance of the Entities at a Rule 2004 Examination and requiring the Entities to produce the documents set forth in Exhibit "B" to the attached Notice at the time and place set forth in the Notice and for such other and further relief as to which the Liquidating Trustee may otherwise be entitled at law or in equity.

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Motion of Trustee for 2004 Exam was served this 6th day of September 2019 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas; on all parties-in-interest submitting to service of papers in this case by said means; and to each of the Covered Entities identified in Exhibit A hereto by first class mail to the Registered Agent for each entity, if available, otherwise, to the legal department or headquarters of each Covered Entity.

*/s/ Steven T. Holmes*
Steven T. Holmes