Kelly E. Kleist
State Bar Number 24046229
kelly.kleist@solidcounsel.com
**Scheef & Stone, LLP**
**2600 Network Blvd., Suite 400**
**Frisco, Texas 75034**
**Phone: 214-472-2100**
**Fax: 214-472-2150**

*Counsel to Blue Cross Blue Shield of Texas,*
*a Division of Health Care Service Corporation,*
*a Mutual Legal Reserve Company*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REVOLUTION MONITORING, LLC** *et al.*, | **Case No. 18-33730-hdh** |
| **Debtor.** | |

**OBJECTION OF BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, TO MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION**

Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX"), by undersigned counsel, submits this Objection (the "Objection") to the *Motion of Liquidating Trustee for Rule 2004 Examination* (the "Motion")[Dkt #147]. In support of its Objection, BCBSTX respectfully states as follows:

#### I. OBJECTIONS

1. The Liquidating Trustee fails to provide any indication from the Motion how the information it seeks through a Rule 2004 exam relates to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" affecting the administration of the estate. *See* Fed.

OBJECTION OF BLUE CROSS BLUE SHIELD OF TEXAS        1

Bankr. P. 2004. Instead, the Motion only provides that the Liquidating Trustee needs information to "identify and validate all recoverable medical accounts receivable." *See* Motion at ¶ 2. This, like Liquidating Trustee's subpoena requests attached as Exhibit B to the Motion, is overly broad and places an unreasonable burden on BCBSTX.

2. Further, BCBSTX has significant concerns that prohibit them from producing most, if not all, of the documents requested in Exhibit B to the Motion. First, BCBSTX believes producing such documents would be in violation of the Health Insurance Portability and Accountability Act ("*HIPAA*") Standards for privacy of Individually Identifiable Health Information. Second, producing the requested documents would exceed any permissible scope of a subpoena and result in an undue burden and expense on the BCBSTX. Third, much of the information requested by the Liquidating Trustee should be obtainable from the records of the Debtors.

### A. **Producing the requested documents would be in violation of HIPAA**

3. Despite the Liquidating Trustee's explanation of each patient's pre-procedure authorization for Debtor to receive their protected health information ("*PHI*") and that it is "seeking PHI for purposes of payment determinations," *see* Motion at ¶ 7, BCBSTX is concerned regarding the legal risk regarding disclosure of PHI protected by HIPAA. To their knowledge, BCBSTX does not have access to the alleged assignment of benefits in favor of Revolution signed by each patient.

4. Regardless of any prior authorization of patients, 45 C.F.R. 164.512(e)(1)(ii)(A) requires the patient to waive privacy rights with knowledge about the litigation or proceeding through which the information is sought. BCBSTX therefore believes that any prior authorization through an Assignment of Benefits is insufficient. Further, the Liquidating Trustee

requests "[a]ll responses to appeals and any other documents referring or relating to each such appeal." Documentation on these appeals is likely not covered by any waiver in an Assignment of Benefits.

5. The Liquidating Trustee proposes a protective order with Covered Entities (defined in the Motion to includes BCBSTX) to solve issues relating to the disclosure of PHI. However, no such protective order has been provided, reviewed or approved by BCBSTX as required by 45 C.F.R. 164.512(e)(1)(ii)(B).

6. Finally, and perhaps most importantly, BCBSTX repeats its assertion that the Liquidating Trustee has not shown how the requested PHI is relevant and necessary to the administration of the estate. Without further justification and explanation, along with a refinement of the request and appropriate protections, BCBSTX does not believe it is appropriate to produce such information.

### B. Producing the requested documents would exceed the scope of a subpoena

7. Second, the requested documents exceed any permissible scope of a subpoena and results in an undue burden and expense to BCBSTX. Responding to both the scope and detail of the requested information places an unreasonable and onerous obligation on the BCBSTX in both time and expense when the Liquidating Trustee can, or should, be able to get most of these documents from the Debtor.

8. Without the specific Patient and Claim Listing for each Moving Party, BCBSTX is unable to know the exact breadth of finding and producing the requested documents. Answering twenty-eight (28) document requests for each of the Debtors is a burdensome task. Multiple steps are required for each search and involve several departments of BCBSTX.

9. Looking to only the first six (6) documents requests, BCBSTX would have to: cross-reference a patient ID to the group number associated with the service date; request the group plan document or Summary of Benefits & Coverage for each patient; for older service dates, search repositories on a claim-by-claim basis; conduct research to explain the pricing, most of which would be derived from the host insurer's plan allowables, which BCBSTX does not control; and locate and print each patient's Explanation of Benefits. Further, the Debtors request all appeals information, not just those appeals submitted by the Debtors. This information is located separately from other patient information, would require extensive manual research, and would result in voluminous files. These previously-described searches would use at least five (5) departments within BCBSTX and take countless hours—and this is only in responding to the first six (6) requests by Debtors.

10. To locate and review all of the responsive records would require also require an excessive amount of expense and man-power. Such extensive effort should not be forced upon a non-party to the bankruptcy. Additionally, Debtor previously sought this information from BCBSTX and was informed of the same objections.

### C. Many of the requested documents are available through the Debtors' own records

11. Third, much of the information requested by the Liquidating Trustee should be obtainable from the records of the Debtors. The Liquidating Trustee is essentially asking BCBSTX to re-create the Debtors' records. By producing a patient and claim listing, the Debtors are aware of which patients were treated and when. Assuming the Debtors were reimbursed on these claims, the Debtors would have a remittance that lists the allowable amount of each claim and details the reason for any denial or cutback of the claim. Further,

the Debtors should have all Electronic Funds Transfer Transaction Records in their own records.

### c. Any 2004 Examination Permitted Should be Limited To Information Relevant To Dipsutes that the Trustee Would Have Standing to Pursue.

12. The Motion should be denied to the extent the Trustee lacks standing to pursue claims underlying the proposed examinations. It is well-established in the Fifth Circuit that "'[a]fter confirmation of a plan, the ability of the debtor' or its representative 'to enforce a claim once held by the estate is limited to that which has been retained in the plan.'" *Adler v. Frost (In re Gulf States Long Term Acute Care of Covington, L.L.C.)*, 614 F. App'x 714, 717 (5th Cir. 2015) (citing *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008)). "For a debtor to preserve a claim, the plan must expressly retain the right to pursue such actions. The reservation must be specific and unequivocal. A blanket reservation of 'any and all claims' is insufficient to preserve the debtor's standing to sue." *Id.* (internal quotation marks and citations omitted).

13. The generalized reservations in the Plan are problematic for the Trustee because the Plan fails to identify any specific claims beyond collection of the "Accounts Receivable" and "Retained Causes of Action." (Dkt. 138 at 2, 5.) Accordingly, any other claims contemplated by the Trustee have been lost and the scope of any Rule 2004 Examinations should be limited accordingly.[1]

14. Moreover, for the Trustee to pursue claims for receivables for medical services rendered by Debtors, the Trustee would only have standing to pursue such claims if he could show a valid assignment of benefits from the insured under the respective health plan. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*,

---

[1] Nothing herein constitutes an admission as to the adequacy of the Plan's preservation of any claim against BCBSTX.

298 F.3d 348, 351 (5th Cir. 2002) (holding that provider has no direct claim against health plan and, "absent a valid assignment of benefits from [the insured], [the provider] would have no derivative standing to sue the Plan under ERISA Section 502"). Thus, there would be no good cause for the Trustee to seek discovery under Rule 2004 for claims for which he does not have valid assignments of benefits since he would lack standing to assert such claims.

15. If the Rule 2004 Motions are granted, the relief should be limited in (1) scope to information relevant to the collection of such Accounts Receivable for which the Trustee can show the existence of a valid assignment of benefits from the insured, and (2) content to an electronic spreadsheet of claims information describing the (1) provider identification number under which the claim was submitted, (2) claim number, (3) service dates, (4) amounts billed, (5) amounts and dates of any related payments including deductibles, copayments, or coinsurance, (6) procedure codes, (7) diagnosis codes, and (8) reasons for the denial of payment (where applicable).

## II. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, based on the foregoing, BCBSTX respectfully request that the Court deny the Motion of the Liquidating Trustee for Rule 2004 Examination of Blue Cross Blue Shield of Texas and grant BCBSTX such other and further relief as the Court deems just and proper.

DATED: September 26, 2019.

                    Respectfully submitted,

By:   /s/ Kelly E. Kleist
       Kelly E. Kleist
       State Bar No. 24046229
       Email: kelly.kleist@solidcounsel.com

Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas 75034

ATTORNEY FOR BLUE CROSS BLUE
SHIELD OF TEXAS, A DIVISION OF
HEALTH CARE SERVICE CORPORATION,
A MUTUAL LEGALRESERVE COMPANY

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Objection was served on all counsel of record herein via the Court's electronic notification system and was served via email upon counsel for the Liquidating Trustee at sholmes@chfirm.com, on this 26th day of September, 2019.

                                /s/ Kelly E. Kleist
                                Kelly E. Kleist