**McGUIREWOODS LLP**
Justin R. Opitz
Texas Bar No.: 24051140
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (not admitted in TX)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (not admitted in TX)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Attorneys for Anthem Inc. and Affiliates*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REVOLUTION MONITORING, LLC *et al.*, | Case No. 18-33730 (HDH) |
| Debtors. | Jointly Administered |

**OBJECTION OF ANTHEM INC. AND AFFILIATES TO
MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION**

Anthem Inc. and its affiliated entities (collectively, "Anthem"[1]), by undersigned counsel, submits this Objection (the "Objection") to the motion of the liquidating trustee of the above-captioned bankruptcy cases (the "Liquidating Trustee") titled *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147, the "Rule 2004 Motion"]. In support of its Objection, Anthem respectfully states as follows.

---

[1] The Rule 2004 Motion (as defined herein) refers to various entities that may be affiliated with Anthem, including without limitation "Amerigroup Texas, Inc."; "Anthem Blue Cross Life and Health Insurance Company" (twice); "Anthem Insurance Companies, Inc." (twice); and "Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc." By objecting herein, Anthem does not consent to service of any subpoena on itself or any of its affiliated entities and does not waive any objection relating to the Liquidating Trustee's failure to properly identify any particular Anthem entity.

1

## I. PRELIMINARY STATEMENT

In his Rule 2004 Motion, the Liquidating Trustee states his generic desire to "identify and validate" alleged medical accounts receivable as the sole reason to obtain this Court's approval to serve over one-hundred fifty (150) health insurance payors with comprehensive and onerous discovery requests, including twenty-eight (28) different categories of information regarding each and every patient claim about which the Liquidating Trustee inquires. The burden associated with the staggering overbreadth of the Liquidating Trustee's request is compounded by the invasive, confidential, and legally protected information requested therein, including policies and procedures (as well as summaries thereof), confidential protected health information, and electronic fund transfer information in multiple formats.

Anthem requests the Court to deny the Rule 2004 Motion in its entirety, as the Liquidating Trustee does not even attempt to satisfy his burden to establish "good cause" for the extraordinary relief requested. In the alternative, to the extent that this Court is inclined to grant any aspect of the Rule 2004 Motion, the Court should compel the Liquidating Trustee to (1) comply with the meet and confer requirement of L.B.R. 2004-1 before any relief is granted, (2) narrowly define the information that may be discoverable to reduce burden and address privacy concerns relating to protected health information, and (3) establish a discovery protocol by which the Liquidating Trustee would determine his account receivable claims through a reasonable and less burdensome process that is transparent to all stakeholders.

## II. BACKGROUND

1. Beginning on September 27, 2018, the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code.

2

2. On July 11, 2019, the Debtors filed the *Debtors' Second Joint Plan of Reorganization Dated July 11, 2019* [Docket No. 138, the "Plan"].

3. On July 23, 2019, the Court entered its *Order Confirming Debtors' Second Joint Plan of Reorganization Dated July 11, 2019* [Docket No. 139, the "Confirmation Order"].

4. On August 5, 2019, the Debtors filed their *Plan Supplement to the Debtors' Second Joint Plan of Reorganization Dated July 11, 2019* [Docket No. 146, the "Plan Supplement"].

5. On September 6, 2019, the Liquidating Trustee filed the Rule 2004 Motion, in which the Liquidating Trustee moved "to conduct a Rule 2004 examination of a representative of each 'Covered Entity' identified in Exhibit A" attached thereto. The Rule 2004 Motion did not include a proposed order delineating the proposed scope of such requested examination. Rule 2004 Motion, ¶ 2.[2]

### III. ARGUMENT

**A. The Liquidating Trustee Has Not Fulfilled His Burden to Establish "Good Cause" for the Relief Requested in the Rule 2004 Motion.**

6. In the Rule 2004 Motion, the Liquidating Trustee seeks to take voluminous pre-complaint discovery from third parties, an extraordinary form of relief that is generally unavailable in civil litigation. Thus, courts generally hold that a party invoking Rule 2004 must establish "good cause" to do so. *See In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (citing *In re Eagle-Picher Industries, Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio

---

[2] Although paragraph 2 of the Rule 2004 Motion appears to limit the proposed examination to "documentation," the "Wherefore" clause of the Rule 2004 Motion refers to an "Order compelling the attendance of the Entities at a Rule 2004 examination," and the Liquidating Trustee in the immediately preceding paragraph appears to contemplate discovery beyond the scope of Rule 2004 altogether (such as interrogatories). Rule 2004 Motion, p. 5 ("The Liquidating Trustee reserves the right to serve interrogatories, requests for production, take depositions on written questions, as well as serve notices for oral deposition."). Without a proposed order, these conflicting descriptions place substantial doubt regarding the exact relief the Trustee is seeking in violation of L.B.R. 9013-1(d) ("Statement of Relief Sought") ("The court may deny any relief not sufficiently described so as to give general notice of the relevant factors to parties in interest.").

1994)); *see also In re Hammond*, 140 B.R. 197, 202 (S.D. Ohio 1992) ("Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice.") (citing *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).

7. In this case, the Liquidating Trustee does not even attempt to satisfy the required "good cause" standard, instead stating his generic desire to "identify and validate" alleged medical accounts receivable. Rule 2004 Motion, ¶ 2. However, the Liquidating Trustee fails to allege (much less establish): (a) the information already in his possession, custody, or control regarding such alleged claims; (b) the universe of information that remains outstanding that could be reasonably necessary to identify and validate such alleged claims at the pre-complaint stage; and (c) whether the Liquidating Trustee even has standing to pursue such alleged claims. *See, e.g., Adler v. Frost (In re Gulf States Long Term Acute Care of Covington, L.L.C.)*, 614 Fed. Appx. 714, 717 (5th Cir. 2015) ("'[a]fter confirmation of a plan, the ability of the debtor' or its representative 'to enforce a claim once held by the estate is limited to that which has been retained in the plan.'") (internal citation omitted); *see also Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008) ("For a debtor to preserve a claim, the plan must expressly retain the right to pursue such actions. The reservation must be specific and unequivocal. A blanket reservation of 'any and all claims' is insufficient to preserve the debtor's standing to sue.").[3] Indeed, apart from a broad representation that the Liquidating Trustee possesses assignments of benefits from patients underlying the alleged accounts

---

[3] In this case, neither the Plan nor the Confirmation Order contains a specific section purporting to preserve claims against Anthem (much less identifying Anthem as a party against which claims are preserved). Instead, the Plan contains a defined term "Retained Causes of Action" meaning "all Claims and Causes of Action which may be asserted by or on behalf of the Debtors, a non-exclusive list of which is set forth in the Plan Supplement, against any third-parties ..." Plan, Art. 1, ¶ 42. Further, notwithstanding the Plan's reference, the Plan Supplement does not contain any list of claims proposed to be preserved. Thus, the Plan's vague references may not be sufficient to preserve claims against Anthem under controlling Fifth Circuit law, and nothing herein constitutes an admission as to the adequacy of the Plan's preservation of any claim against Anthem or any other party.

receivable, the Liquidating Trustee offers no process for validating the existence and validity of such assignments of benefits in advance of serving subpoenas. Absent a valid and enforceable assignment of benefits for each claim, the Liquidating Trustee lacks standing to assert any such claim and cannot show good cause to burden payors with onerous discovery.[4]

8. Further, even if the Liquidating Trustee established some threshold basis for relief, courts also require the movant to establish that the movant's need for the requested material outweighs the burden and intrusiveness of the request. *See In re Express One Int'l*, 217 B.R. at 217 ("[i]f the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied."); *see also In re Countrywide Home Loans*, 384 B.R. 373, 393-94 (Bankr. W.D. Pa. 2008) (stating that Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs.").

9. Here, the Liquidating Trustee's generic desire to "identify and validate" alleged medical accounts receivable is woefully insufficient to justify the Liquidating Trustee's request for this Court's approval to serve over one-hundred fifty (150) payors with comprehensive discovery requests including twenty-eight (28) different categories of information regarding each and every patient claim about which the Liquidating Trustee inquires. Furthermore, these requests broadly seek invasive, confidential, and legally protected information, including protected health information, all of which exceeds any permissible scope and would subject Anthem to significant hardship and expense, as well as legal risk regarding disclosure of confidential protected health information that is subject to the Health Insurance Portability and Accountability Act ("HIPAA"). Thus, the Liquidating Trustee has not fulfilled his burden to establish "good cause" for the relief requested in the Rule 2004 Motion.

---

[4] Anthem reserves all rights regarding the validity, scope, and/or enforceability of any assignment of benefits produced by the Liquidating Trustee.

### B. The Liquidating Trustee Has Not Fulfilled his Burden to Comply with L.B.R. 2004-1.

10. Finally, the Liquidating Trustee has failed to comply with L.B.R. 2004-1, which requires that a party moving for examinations pursuant to Rule 2004 confer with the proposed examinee or its counsel prior to filing. While the Local Rules contain certain exceptions where the number of proposed parties are numerous, the Liquidating Trustee would not be faced with this problem were the list of proposed examinees not grossly overbroad. It is anathema to the spirit of L.B.R. 2004-1 to permit a party to skirt its requirements by failing to exercise judgment as to which parties are legitimately subject to examination.

11. Moreover, the Liquidating Trustee's inability to comply with L.B.R. 2004-1 merely foreshadows the procedural quagmire into which these proceedings will be thrust if the Court grants the Rule 2004 Motion. The Liquidating Trustee would apparently serve over one-hundred fifty (150) subpoenas upon distinct and geographically diverse parties. Recipients of the subpoenas would then file motions to quash, discovery objections, requests for protective orders and various other responses. Given the scope and breadth of the Rule 2004 Motion, a framework for ensuring notices of subpoenas and depositions should be established to limit the cost and burden of compliance and so that all interested parties are aware of the proceedings.

12. Accordingly, to the extent that this Court is inclined to grant the Rule 2004 Motion, even in part, the Liquidating Trustee should be compelled to (1) comply with the meet and confer requirement of L.B.R. 2004-1, (2) narrowly define the information that may be discoverable to limit burden and potential HIPAA concerns, and (3) establish a discovery protocol by which the Rule 2004 examinations and discovery would be conducted through a reasonable and less burdensome process that is transparent to all stakeholders.[5]

---

[5] Once again, the Liquidating Trustee has failed to provide parties in interest with adequate information regarding the relief requested in the Rule 2004 Motion by referencing proposed protections for subpoena recipients in both a

## IV. CONCLUSION

Thus, Anthem respectfully requests that the Court (1) deny the Rule 2004 Motion,[6] and (2) grant Anthem such other and further relief that the Court deems just and proper.[7]

DATED: September 27, 2019

Respectfully submitted,

McGUIREWOODS LLP

/s/ *Justin R. Opitz*
Justin R. Opitz
Texas Bar No.: 24051140
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (not admitted in TX)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (not admitted in TX)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Counsel to Anthem Inc. and Affiliates*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served on all counsel of record herein via the Court's electronic notification system on this 27th day of September, 2019.

/s/ *Justin R. Opitz*
Justin R. Opitz

---

proposed order granting the Rule 2004 Motion and in a proposed protective order, but not attaching either proposed order to the Rule 2004 Motion. Rule 2004 Motion, ¶ 8 ("[T]he Liquidating Trustee has included protective language in a proposed Order approving this motion, and to [sic] is willing to propose and execute a HIPAA-compliant protective order(s) with any Covered Entity that requests such additional protection.").

[6] Anthem reserves the right to assert any and all other objections raised by other parties to the extent such objections are applicable to Anthem.

[7] Anthem reserves the right to object and/or respond to any subpoena that the Court may authorize in connection with the Rule 2004 Motion, including without limitation any definitions and/or instructions attached thereto.