IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re: <br><br> **REVOLUTION MONITORING, LLC** *et al.*, <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 18-33730-HDH |

### OBJECTION OF HMO LOUISIANA, INC. TO MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION

NOW COMES, through undersigned counsel, HMO Louisiana, Inc. ("HMOLA"), who files this Objection to the Motion of Liquidating Trustee for Rule 2004 Examination ("Motion") (Doc. 147), respectfully representing as follows:

### I. OBJECTIONS

HMOLA objects to the Liquidating Trustee's Motion on the grounds that the Motion fails to indicate how the information sought meets the criteria stated in Rule 2004. *See* Fed. R. Bankr. P. 2004. The Motion and attached subpoena requests are overly broad and place an unreasonable burden on HMOLA. Production of the requested documents would violate the Health Insurance Portability and Accountability Act ("HIPAA"), exceeds the permissible scope of a subpoena, and would cause HMOLA to incur undue burden and expense. Additionally, much of the information sought should be obtained from the Debtors.

Moreover, HMOLA plans contain anti-assignment provisions that prohibit plan members from assigning their rights under the plan. These anti-assignment provisions would have prevented the Debtors from obtaining standing to receive plan benefits through any putative assignment. The

Trustee likewise could not have obtained a standing to pursue claims for receivables for medical services rendered by the Debtors.

Blue Cross Blue Shield of Texas ("BCBSTX") filed many of these same objections, with memorandum in support, to the Motion on September 26, 2019. (Doc. 155). The arguments made in BCBSTX's memorandum in support of its objections also support HMOLA's objections. Thus, HMOLA hereby incorporates by reference in full the arguments contained in BCBSTX's objections (Doc. 155) as if asserted herein. *See* Fed. R. Bankr. P. 7010; Fed. R. Civ. P. 10(c).

If the Liquidating Trustee's Motion is granted, the relief should be limited:

1) in scope, to information relevant to the collection of such Accounts Receivable for which the Trustee can show the existence of a valid assignment of benefits from the insured, and

2) in content, to an electronic spreadsheet of claims information that identifies

   a) provider identification number under which the claim was submitted,
   b) claim number,
   c) service dates,
   d) amounts billed,
   e) amounts and dates of any related payments including deductibles, copayments, or coinsurance,
   f) procedure codes,
   g) diagnosis codes,
   h) member's benefit contract number, and
   i) reasons for the denial of payment (where applicable).

## II. PRAYER

WHERFORE, PREMISES CONSIDERED, HMO Louisiana, Inc. respectfully prays the Court deny the Motion of Liquidating Trustee for Rule 2004 Examination of HMO Louisiana, Inc., and grant HMO Louisiana, Inc. any such other and further relief as the Court deems proper.

Respectfully submitted:

By: */s/Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3666
JHerman@herman-lawfirm.com

and

Allison N. Pham (TX Bar No. 24053399)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2199
Facsimile: (225) 297-2760
Allison.Pham@bcbsla.com

*Attorneys for HMO Louisiana, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has been served on all counsel of record herein via the Court's CM/ECF filing system on September 27, 2019.

*/s/Jonathan M. Herman*
Jonathan M. Herman