Eliot T. Burriss
Texas Bar No. 24040611
Calli A. Turner
Texas Bar No. 24088558
McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
(214) 295-8053 - tel
(972) 920-3117 – fax
eburriss@mwe.com
cturner@mwe.com
Attorneys for Cigna

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **REVOLUTION MONITORING, LLC** | **CASE NO. 18-33730-hdh** |
| **REVOLUTION MONITORING MANAGEMENT LLC,** | **CASE NO. 18-33731-hdh** |
| **REVOLUTION NUEROMONITORING LLC** | **CASE NO. 18-33732-hdh** |
| Debtors. | (**Jointly Administered**) |

**CIGNA'S OBJECTION TO MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION**

Cigna[1], by and through its undersigned attorney, hereby objects to the Motion of the Liquidating Trustee for Rule 2004 Examination (ECF No. 147) (the "Motion") for the following reasons:

1.      First, the Motion seeks information regarding claims for benefits under health and welfare benefits plans that were administered or insured by certain of the Cigna entities.  The

---

[1] The Motion appears to identify various entities that may be affiliated with Cigna. Because the Motion fails to utilize proper legal names for potential witnesses, Cigna is unable to confirm the identity of all Cigna-related entities named in the Rule 2004 Motion. By objecting herein, Cigna does not consent to service of any subpoena on itself or any of its subsidiaries or affiliated entities and does not waive any objection relating to the Liquidating Trustee's failure to properly identify any particular Cigna entity.

information sought is voluminous and would include the production of information protected from disclosure by Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Cigna, therefore, is concerned about the legal risk regarding disclosure of information protected by HIPAA. The Liquidating Trustee generally alleges that Revolution Monitoring has obtained an assignment of benefits from each patient that would permit the release of their medical records but, upon information and belief, Cigna has not reviewed the same to determine its validity and scope.

2.  Second, the requested documents exceed any permissible scope of a subpoena and result in undue burden and expense to Cigna. From the start, without the actual patient and claim listing, Cigna is unable to ascertain the breadth of the requested documents. Moreover, even with the benefit of the patient and claim listing, Cigna would have to perform numerous searches and cross-reference various databases to ascertain the information sought, such as the insurance policy for each patient. For each specific patient, Cigna would also have to manually pull every associated document, such as appeal correspondence—there is no automated search to accomplish this request. Such extensive effort and expense should not be forced upon Cigna.

3.  Third, many of the requested documents are available through the Debtors' own records. For example, the Liquidating Trustee seeks claims information from Cigna, which the Debtors would necessarily have in their own records. The Liquidating Trustee is essentially asking Cigna to re-create the Debtors' records.

4.  Fourth, the Liquidating Trustee's Motion neither alleges nor establishes the source and extent of any standing and authority he may have to pursue the discovery he seeks. The Motion should be denied to the extent the Liquidating Trustee lacks standing to pursue claims underlying the proposed examinations. It is well established that "'[a]fter confirmation of a plan, the ability of the debtor' or its representative 'to enforce a claim once held by the estate is limited to that

which has been retained in the plan.'" *Adler v. Frost (In re Gulf States Long Term Acute Care of Covington, L.L.C.)*, 614 F. App'x 714, 717 (5th Cir. 2015) (citing *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008)). "For a debtor to preserve a claim, the plan must expressly retain the right to pursue such actions. The reservation must be specific and unequivocal. A blanket reservation of 'any and all claims' is insufficient to preserve the debtor's standing to sue." *Id.* (internal quotation marks and citations omitted).

5. Moreover, for the Liquidating Trustee to pursue claims for medical services rendered by Debtors, the Liquidating Trustee would only have standing to pursue such claims if he could show a valid assignment of benefits from the patient under the respective health plan. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002) (holding that provider has no direct claim against health plan and, "absent a valid assignment of benefits from [the insured], [the provider] would have no derivative standing to sue the Plan under ERISA Section 502"). Thus, there would be no good cause for the Liquidating Trustee to seek discovery under Rule 2004 for claims for which he does not have valid assignments of benefits since he would lack standing to assert such claims.

6. Fifth, The Trustee has failed to comply with the procedural requirements of L.B.R. 2004-1. Specifically, L.B.R. 2004-1 requires that a party moving for examinations pursuant to Rule 2004 confer with the proposed examinee or its counsel prior to filing.

7. Lastly, the Liquidating Trustee provides no specific indication from the Motion how the information it seeks through a Rule 2004 examination relates to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" affecting the administration of the estate. *See* Fed. R. Bankr. P. 2004.

DM_US 85098988-1.015187.0029

## **PRAYER**

For these reasons, Cinga respectfully requests that the Court deny the Motion of the Liquidating Trustee for Rule 2004 Examination of Cigna and award Cigna such other and further relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      */s/ Eliot T. Burriss*
                                      Eliot T. Burriss
                                      State Bar No. 24040611
                                      eburriss@mwe.com
                                      Calli A. Turner
                                      State Bar No. 24088558
                                      cturner@mwe.com
                                      McDermott Will & Emery
                                      2501 N. Harwood, Suite 1900
                                      Dallas, Texas 75201
                                      (214) 295-8053
                                      (972) 920-3117

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing was served on counsel of record through the CM/ECF system on September 30, 2018.

                                      *s/ Eliot T. Burriss*
                                      Eliot T. Burriss

DM_US 163075678-1.015187.0029