**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REVOLUTION MONITORING, LLC** *et al.*, | **Case No. 18-33730-HDH** |
| **Debtor.** | |

### OBJECTION OF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC. TO MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION

NOW COMES, through undersigned counsel, Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. ("BCBSMA"), who files this Objection to the Motion of Liquidating Trustee for Rule 2004 Examination ("Motion") (Doc. 147), respectfully representing as follows:

### I. OBJECTIONS

BCBSMA objects to the Liquidating Trustee's Motion on the grounds that the Motion fails to indicate how the information sought meets the criteria stated in Rule 2004.[1]  *See* Fed. R. Bankr. P. 2004.  The Motion and attached subpoena requests are overly broad and place an unreasonable burden on BCBSMA.  Production of the requested documents would violate the Health Insurance Portability and Accountability Act ("HIPAA"), exceeds the permissible scope of a subpoena, and would cause BCBSMA to incur undue burden and expense.  Additionally, much of the information sought should be obtained from the Debtors.

---

[1] BCBSMA did not receive service of the Motion until September 12, 2019, contrary to the certificate of service attached to the Motion, which indicates that the Motion was served on September 6, 2019.  Thus, BCBSMA lost a week to respond.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS'
OBJECTIONS TO LIQUIDATING TRUSTEE'S RULE 2004 MOTION                                                                PAGE 1

Moreover, BCBSMA plans contain anti-assignment provisions that prohibit plan members from assigning their rights under the plan. These anti-assignment provisions would have prevented the Debtors from obtaining standing to receive plan benefits through any putative assignment. The Trustee likewise could not have obtained a standing to pursue claims for receivables for medical services rendered by the Debtors.

Blue Cross Blue Shield of Texas ("BCBSTX") filed many of these same objections, with memorandum in support, to the Motion on September 26, 2019. (Doc. 155). The arguments made in BCBSTX's memorandum in support of its objections also support BCBSMA's objections. Thus, BCBSMA hereby incorporates by reference in full the arguments contained in BCBSTX's objections (Doc. 155) as if asserted herein. *See* Fed. R. Bankr. P. 7010; Fed. R. Civ. P. 10(c).

If the Liquidating Trustee's Motion is granted, the relief should be limited:

1) in scope, to information relevant to the collection of such Accounts Receivable for which the Trustee can show the existence of a valid assignment of benefits from the insured, and

2) in content, to an electronic spreadsheet of claims information that identifies

   a) provider identification number under which the claim was submitted,
   b) claim number,
   c) service dates,
   d) amounts billed,
   e) amounts and dates of any related payments including deductibles, copayments, or coinsurance,
   f) procedure codes,
   g) diagnosis codes,
   h) member's benefit contract number, and
   i) reasons for the denial of payment (where applicable).

## II.  PRAYER

WHERFORE, PREMISES CONSIDERED, BCBSMA respectfully prays the Court deny the Motion of Liquidating Trustee for Rule 2004 Examination of BCBSMA, and grant BCBSMA any such other and further relief as the Court deems proper.

Respectfully submitted:

By:  */s/Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3666
JHerman@herman-lawfirm.com

*Attorney for Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has been served on all counsel of record herein via the Court's CM/ECF filing system on October 8, 2019.

*/s/Jonathan M. Herman*
Jonathan M. Herman