**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CHAPTER 11 |
| REVOLUTION MONITORING, L.L.C. | § | |
| *et al.*, | § | CASE NO. 18-33730-HDH |
| | § | CASE NO. 18-33731-HDH |
| Debtor | § | CASE NO. 18-33732-HDH |

**GALLAGHER BASSETT SERVICES, INC.'S SUPPLEMENTAL MOTION TO QUASH
AND
OBJECTIONS TO RULE 2004 DEPOSITION**

COMES NOW, GALLAGHER BASSETT SERVICES, INC. ("Gallagher"), and files this its Supplemental Motion to Quash and Objections to Rule 2004 Deposition and would show as follows:

**I.**

**SUBPOENA SEEKS STATUTORILY PROTECTED HEALTHCARE INFORMATION**

The records subject to the subpoena served on Gallagher are privileged and confidential medical records of third parties. The Order on the Motion of Liquidating Trustee for Rule 2004 Examination ("Rule 2004 Motion") did not include Gallagher as an entity that is permitted to produce such confidential records. The Trustee defined "Covered Entities" in the Rule 2004 Motion as "health care insurers, health plans, healthcare clearinghouses, or any healthcare provider who transmits or has transmitted any health information in an electronic form." The Trustee's motion misrepresents to the Court that Gallagher is an insurance company. In reality, Gallagher is a third party administrator. See Exhibit A, Page 2; Exhibit C, Page 2. Gallagher is not a health care insurer, health plan, healthcare clearinghouse or health care provider. A third party administrator does not fall within the category of entities delineated in the Court's order permitting

disclosure of HIPPA protected documents. Thus, the Order on the Rule 2004 Motion does not allow Gallagher to violate HIPPA and produce confidential medical records of a third party.

Further, the claims subject to the subpoena addressed to Gallagher involve workers' compensation claims. Texas Labor Code §402.083(a) specifically provides that "Information in or derived from a claim file regarding an employee is confidential and may not be disclosed by the division except as provided by this subtitle or other law." Colorado and Louisiana statutes contain similar provisions. In that Gallagher, as a third party administrator, is not a Covered Entity as defined by the Court's order, it does not fall under the protection of the Court's order for production of HIPPA protected and confidential records. If the Court is going to require production of these confidential medical records, Gallagher requests that the definition of "Covered Entity" be expanded to include third party administrators or for the Court to specifically order Gallagher to produce these medical records. Such an order is necessary to afford protection to Gallagher for the production of medical records protected by HIPPA and the state workers' compensation statutes.

## II.

### PAYMENT GOVERNED BY WORKERS' COMPENSATION ACTS

All of the claims included in the Gallagher subpoena involve workers' compensation claims in Texas, Louisiana and Colorado. Gallagher would show that payments for medical treatment of workers' compensation claims are governed by the workers' compensation acts and the fee guidelines set forth by the respective states. TEX. LABOR CODE §413.031 and 28 T.A.C. 134.200 *et seq.*; Title 40 of the Louisiana Administrative Code; 7 CCR 1101-3, Rule 18. Based on these state statutes, this Court would not have jurisdiction to order additional payment of sums in violation of the state imposed fee guidelines. In order to seek additional sums that exceed the

state fee guidelines, the health care provider would have to submit to medical dispute resolution through the respective state agencies.

For example, once the fee guideline is applied and payment issued, the Texas Workers' Compensation Act provides a method for a health care provider may to challenge the amount paid. 28 T.A.C. 133.305 *et seq.* A healthcare provider must exhaust administrative remedies before pursuing recovery of additional payments. TEX. LABOR CODE §413.031(k). 28 T.A.C. 133.307 provides that any request for consideration of a Medical Fee Dispute, must be filed within one year of the date of service. A health care provider must exhaust all administrative remedies before pursuing judicial review of such a determination, and judicial review must commence pursuant to Subchapter G, Chapter 2001, of the Texas Government Code. TEX. LABOR CODE §413.031(k). Such petition for judicial review must be filed within thirty days of the administrative determination, and must be filed in Travis County district court. TEX. GOV'T CODE §2001.176. To the extent that Recovery Monitoring failed to seek Medical Dispute Resolution under the Texas Labor Code, no Court has jurisdiction to order additional payment for medical services rendered.

Regardless, Gallagher would never be held liable for payment of the medical bills. Gallagher did not issue any insurance policy, but rather simply acted as a claims administrator. Gallagher, as a third party administrator, is not responsible for payment of medical bills. Money for payment of medical bills is funded either by the insurance company or an insured's self-insured retention. Thus, Gallagher cannot be held liable for payment of additional funds. In light of the state statutes imposing fee guidelines and the lack of liability of Gallagher for payment, the subpoena seeks information that will not assist the Trustee.

### III.
**THE SUBPOENA SEEKS RECORDS SUBJECT TO COVENTRY'S OBJECTION**

Coventry Health Care Workers Compensation, Inc. ("Coventry") filed an objection to the Motion of Liquidating Trustee for Rule 2004 Examination. (Doc. 186, FN 1 and Doc. 156) Gallagher would show that Coventry was the entity responsible for performing the bill review services for the workers' compensation claims listed in the Gallagher subpoena. Service of a separate subpoena directly to Gallagher is nothing more than an attempt to circumvent the objections lodged by Coventry. As such, Gallagher incorporates the objections lodged by Coventry. (Doc. 156) Fed. R. Civ. P. 10(c).

### IV.

### THE SUBPOENA IS OVERBROAD, VAGUE AND AMIBIGUOUS

Gallagher would further show that the scope of the subpoena is overbroad, vague and ambiguous. As demonstrated herein, the payment information sought by the subpoena served on Gallagher is governed by the state workers' compensation acts. While Rule 2004 allows for broad discovery, the scope of discovery is not unlimited and should not be used to "launch into a wholesale investigation of a nondebtor's private business affairs." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). The Trustee must still show good cause for the discovery. *In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).

The Trustee's motion seeks to "identify and validate" alleged medical accounts receivable. Because all of these payments were made in accordance with state workers' compensation fee guidelines, the request for documents such as the policies, procedures and work instructions for claims handling is overbroad. The Trustee has equal access to the states' fee guidelines and procedures for medical dispute resolution. Gallagher had previously offered to produce the medical bills and Explanation of Benefits upon receipt of Court authorization for production of

confidential health information of third parties. No other information would assist the Trustee. Thus, all of the other items listed in Section A of the subpoena are overbroad.

The subpoena is also objectionable as it is vague and ambiguous. For example, it is unknown what documentation is sought for "All claims which could not be entered into the claims handling system." (Subpoena B 10). Especially in light of the fact that the workers' compensation payments are made pursuant to the states' fee guidelines, it is unclear how any of the items listed in Section B of the subpoena are applicable.

The items listed in section C of the Subpoena are overbroad in that they are not limited to the Debtor. Information about payments for medical treatment rendered by unrelated entities has no bearing on the Debtor's bankruptcy proceeding. The subpoena is broad enough to even potentially encompass the production of bank information from unrelated entities and the injured worker. For example, the subpoena seeks "All Corporate Credit or Debit (CCD) + addenda (on every claim with the receiving bank in ACH File)" and "All originating bank information (ODFI) on every claim processed." (Subpoena C 6 and 7) There is no limitation to the Debtor for any of the items listed in the Subpoena Section C – those categories are broad enough to apply to all health care providers for the listed injured workers. It would be improper to order production of medical records, billing, and banking information for unrelated entities and individual injured workers.

In sum, the subpoena served by the Trustee is disproportionate to its needs and production would result in undue burden and expense by Gallagher. The Debtor clearly has the records itself, or the information, such as the fee guidelines and state workers' compensation statutes, is publically available. The Trustee has likewise not shown that it has standing to pursue additional claims for medical services or that it timely pursued the fees through the state workers'

compensation acts. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002). Gallagher further adopts the arguments contained in the objections file by other entities objecting to this subpoena. (Doc. 122, 124, 148, 153, 154, 155, 156, 157, 163, 167, 168, 170); Fed. R. Civ. P. 10(c).

## V.

### MOTION FOR RULE 2004 EXAMINATION AND SUBPOENA WAS DEFECTIVE

Gallagher would show that the subpoena received by Gallagher was defective. The Rule 2004 Motion did not attempt to serve Gallagher through its headquarters or at its principal place of business as represented in the Rule 2004 Motion. Gallagher's principal place of business is located in Illinois. See Exhibit A, Page 1. Further, the Texas Secretary of State reflects that Gallagher's registered agent is Prentice Hall. See Exhibit A, Page 1. Further, the Rule 2004 Motion represented the subpoena would be served by certified mail, return receipt requested to the entity's "headquarters or primary place of business", but the Liquidating Trustee did not utilize that method of service when actually serving the subpoena. Instead of properly serving these documents, the Trustee sent the documents to Des Moines, Iowa. In fact, Gallagher does not have an office in Iowa. See Exhibit B.

Gallagher further objects to the motion in that the Trustee did not confer with Gallagher prior to the service of subpoena as required by Local Bankruptcy Rule 2004-1. Per the attached, counsel for the Trustee made initial contact with Gallagher in an effort to seek the requested documents. At that time, counsel for the Trustee indicated that they were only seeking to obtain the following categories of documents: proof of claim filing; EOB for patient services; correspondence stating claim was filed; denial letters; request for medical records from carrier; and payment information on claim. See Exhibit C. The Trustee never responded to provide the

list of individuals for whom the documents were sought. See Exhibit C. Instead, this overbroad, vague and ambiguous subpoena was served. Gallagher requests that the Trustee be ordered to attempt to confer regarding the scope of the subpoena and narrow the information sought so as not to overburden nonparties and require production of confidential material.

## VI.

### DOCUMENTS OVER WHICH A PRIVILEGE OR PROTECTION IS SOUGHT

Pursuant to Federal Rule of Civil Procedure 45, Gallagher gives notice that it is withholding confidential medical records of the individuals listed on the subpoena. Gallagher is also withholding banking records of Gallagher, the individuals listed on the subpoena, medical providers who treated the individuals listed on the subpoena, and any other payments made relative to the workers' compensation claims. Such records are proprietary and confidential documents. Gallagher is unsure whether this information was actually sought by the subpoena, but notice is given that these documents are withheld.

Gallagher further gives notice that it is withholding any policies or procedures regarding claims handling. It is unclear whether the subpoena is actually seeking claims handling policies and procedures, but such documents are proprietary and privileged documents. Any such policies and procedures – other than the publicly available state statutes, rules and guidelines – are proprietary and withheld.

Banking confidential

WHEREFORE, PREMISES CONSIDERED, Gallagher respectfully prays the Court quash the Rule 2004 subpoena served on Gallagher, and for any such other and further relief, at law or in equity, to which Gallagher is so entitled.

Respectfully submitted on the 5th day of December 2019.

/s/Deanne C. Ayers
Deanne C. Ayers
Admitted to the U.S. District Bankruptcy Court
Northern District of Texas
State Bar No. 01465820
Also admitted in: Arizona, Colorado, Massachusetts, New York, Oklahoma and South Dakota
dayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
817-267-9009 TELEPHONE
817-318-0663 FACSIMILE

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 4, 2019, at approximately 10:30 a.m., I left a voicemail for Steven Holmes to discuss the merits of this motion. I called again at approximately 9:00 a.m. on December 5, 2019, and left another voicemail. At this time, no return call has been received.

*/s/ Deanne C. Ayers*
Deanne C. Ayers

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2019, the foregoing was served electronically upon all counsel of record.

*/s/ Deanne C. Ayers*
Deanne C. Ayers