

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 13, 2020**

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **Revolution Monitoring, LLC, et al.,** | § | **Case No. 18-33730-hdh11** |
| | § | |
| Debtors. | § | |

## ORDER (I) GRANTING LIQUIDATING TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION AND (II) ORDERING LIMITED PRODUCTION OF DOCUMENTS

On September 6, 2019, Jeffrey H. Mims, the Liquidating Trustee (the "Trustee") in the above-captioned bankruptcy case, filed his *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147] (the "Rule 2004 Motion"). Through his Rule 2004 Motion, the Trustee requests the authority to serve subpoenas upon a number of "Covered Entities"[1] in order to obtain documents he claims are necessary to identify and validate all potentially recoverable

---

[1] Exhibit A, Rule 2004 Motion, Liquidating Trustee's Exhibit 22.

medical accounts receivable pursuant to the Debtors' confirmed plan[2] and the Liquidating Trust Agreement.[3]

The Rule 2004 Motion drew a host of objections from various parties and on December 10, 2019, the Court held a hearing on the Rule 2004 Motion. At the hearing, counsel for the Trustee announced on the record that interim agreements had been reached with all but a few of the objecting parties (the "Remaining Objecting Parties"). The Remaining Objecting Parties include UnitedHealth,[4] Aetna,[5] Anthem,[6] Cigna,[7] Humana,[8] and Humana Military.[9] Following the hearing, the Court took the matter under advisement. The Court now issues this order (i) granting the Rule 2004 Motion and (ii) ordering the Remaining Objecting Parties to produce limited discovery as further detailed in this order.

## I.     "Good Cause" for Rule 2004 Examination

Federal Rule of Bankruptcy Procedure 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Courts have long recognized that the scope of a Rule 2004 examination is broad. *See, e.g.*, *In re Bounds*, 443 B.R. 729, 736 (Bankr. W.D. Tex. 2010) (noting that courts have likened a Rule 2004 examination to a "fishing

---

[2] *Second Joint Plan of Reorganization for Revolution Monitoring, LLC, Revolution Monitoring Management, LLC and Revolution Neuromonitoring, LLC Dated July 11, 2019* [Docket No. 138].

[3] Liquidating Trustee's Exhibit 1.

[4] *UnitedHealth Group Incorporated's Opposition to Motions of the Trustee for Authority to Conduct Rule 2004 Examinations* [Docket No. 154]. Shortly after the Court took the Rule 2004 Motion under advisement, UnitedHealth filed an amended objection to the Rule 2004 Motion (the "Amended Objection"). *See* Docket No. 198. The Amended Objection identifies one of UnitedHealth's subsidiaries as an objecting party as opposed to a non-objecting party, but otherwise appears to contain the same substantive arguments as UnitedHealth's initial objection.

[5] *Objection of Aetna Inc. and Affiliates to Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 156].

[6] *Objection of Anthem Inc. and Affiliates to Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 157].

[7] *Cigna's Objection to Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 162].

[8] *Humana Insurance Company's Objection to the Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 170].

[9] *Humana Military's Objection to the Motion of the Liquidating Trustee for Rule 2004 Examination* [Docket No. 178].

expedition"). But it is not without limits. A Rule 2004 examination "may only be used for the legitimate purpose of obtaining information relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's estate . . . .'" *In re Express One Int'l*, 217 B.R. 215, 216 (Bankr. E.D. Tex. 1998) (quoting Fed. R. Bankr. P. 2004(b)).

Moreover, the party seeking a Rule 2004 examination has the burden to show good cause for the examination. *Id.* at 217. In general, "good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice." *Id. See also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016). If "the cost and disruption to the examinee . . . outweigh the benefits to the examiner, the request should be denied." *In re Express One Int'l*, 217 B.R. at 217.

At the hearing, counsel for several of the Remaining Objecting Parties argued that the Trustee had failed to establish "good cause" in his Rule 2004 Motion. In this vein, counsel for Aetna and Anthem additionally argued that (1) the Trustee's failure to testify undercut any showing the Rule 2004 examination was necessary to establish the Trustee's claims, (2) the Trustee's request violates the spirit of the "pending proceeding rule," and (3) the Trustee has not satisfied the meet and confer obligations under L.B.R. 2004-1.[10]

---

[10] All of the Remaining Objecting Parties argued in their written objections that the Trustee failed to satisfy the meet and confer obligations of Local Bankruptcy Rule 2004-1. At the hearing, counsel for the Trustee admitted that due to the sheer volume of parties he sought to serve with subpoenas through the Rule 2004 Motion, complying with Local Bankruptcy Rule 2004-1 was impractical. The Court agrees. In any event, the Remaining Objecting Parties had time to confer with the Trustee following the Court's initial hearing on the Rule 2004 Motion on October 31, 2019, after which the Court entered an order granting the Rule 2004 Motion as to non-objecting parties. *See* Docket No. 186. And the Remaining Objecting Parties were given additional time to confer following the Court taking the Rule 2004 Motion under advisement on December 10, 2019.

The Court finds that the Trustee has established good cause for his Rule 2004 Motion. The primary assets of the Debtors' estates are the accounts receivable that the Trustee is tasked with trying to collect under the Liquidating Trust Agreement.[11] James Lambert ("Mr. Lambert"), the manager of MedArc (the "Collection Agent"), and Mark Flores ("Mr. Flores"), a consultant who has been employed by the Collection Agent, testified credibly as to the necessity of the Trustee's document requests[12] in light of the work the Collection Agent has completed in organizing the Debtors' accounts receivable.[13] Specifically, Mr. Lambert explained that out of roughly 3,000 claims for 2,100 patients, only half of those claims received any payments towards the claims' total balance, while the other half received no payments at all. With approximately only half of the patient accounts containing valid explanation of benefits ("EOBs"), Mr. Lambert testified that the information requested in the Rule 2004 Motion is necessary in order to determine how the patient claims were processed and why certain claims were denied.

In addition, the Trustee's failure to testify does not affect the Court's ruling. The Collection Agent is employed by the Liquidating Trustee pursuant to the Liquidating Trust Agreement and the Debtors' confirmed plan. The Court believes the Trustee is entitled to seek Rule 2004 examinations on behalf of the Liquidating Trust. And the examination sought in the Rule 2004 Motion is a "legitimate post-confirmation inquiry" to ascertain the collectability of accounts receivable, the success of which would benefit the Debtors' creditor body. *See, e.g.*, *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 629.

---

[11] Liquidating Trustee's Exhibit 1.

[12] Exhibit B, Rule 2004 Motion, Liquidating Trustee's Exhibit 22 (the "Document Requests").

[13] The Trustee provided each objecting party, including the Remaining Objecting Parties, with patient claims listings compiled by the Collection Agent. *See* Liquidating Trustee's Exhibits 2 - 11.

Finally, the Court disagrees that the Rule 2004 Motion violates the "pending proceeding rule." *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.*, rather than by a Fed. R. Bankr. P. 2004 examination."). The Trustee has not commenced any adversary proceedings in this case to date. And the body of law surrounding the pending proceeding rule seems to focus on whether more limited discovery rules apply because an examinee is a party to or affected by a pending adversary proceeding. *See id.* (citing cases). Because the Court finds the Trustee has shown good cause for the Rule 2004 Motion, the Court next addresses the scope of initial production.

## II.    Scope of Production

The Trustee asserts that the Documents Requests are narrowly tailored to obtain crucial information regarding the payment and billing history between the Covered Entities and the Debtors. But at the hearing, counsel for each of the Remaining Objecting Parties argued that the Document Requests are overbroad, and that the production of those documents would be unduly burdensome. To alleviate this burden, counsel for UnitedHealth and Cigna requested that the Trustee provide them with all of the assignments of benefits ("AOBs"). In addition, both UnitedHealth and Cigna have offered to provide the Trustee with an initial spreadsheet of information in lieu of the specific documents identified in the Document Requests.[14]

The Trustee did provide the Remaining Objecting Parties with some AOBs.[15] Nevertheless, Trustee's counsel stated on the record that he would agree to provide the Remaining Objecting

---

[14] In addition, counsel for the Trustee announced at the hearing that all of the Remaining Objecting Parties had entered into agreed protective orders with the Trustee.

[15] *See* Liquidating Trustee's Exhibits 12, 13, 17, 19, 21.

Parties with all of their AOBs.[16] On this point, UnitedHealth also argued that it only be required to produce information for those patients who executed what UnitedHealth believes to be valid AOBs—that is, AOBs in which the patient or patient's legal guardian signed the assignment of benefits. The Court disagrees. Mr. Flores testified that there are a number of reasons as to why a patient would be unable to sign an assignment of benefits. One example, he explained, would be in cases of medical emergencies. Although Mr. Flores did not know whether any of the AOBs involved a medical emergency, the Court finds that his explanation is credible as to why some AOBs may not be signed by the patient. Moreover, Mr. Lambert credibly testified that based upon his review of the claims, all the AOBs appeared to be facially valid. Accordingly, the Remaining Objecting Parties should produce information relating to all of the AOBs produced by the Trustee.

The main issue, however, is how the information identified in the Document Requests should be produced. The Trustee seeks to obtain actual documents. The Remaining Objecting Parties instead argue that they be permitted to provide the Trustee with a spreadsheet of information that contains most of the information requested by the Trustee, but not all.

Mr. Lambert and Mr. Flores testified that they require the actual documents in order to more fully evaluate and investigate the Debtors' patient claims on behalf of the Collection Agent and the Trustee. However, both witnesses admitted that a spreadsheet of certain information may suffice, depending upon what information was contained on the spreadsheet. For example, Mr. Lambert testified that if he were provided with a spreadsheet of UnitedHealth's denial codes and an explanation of those denial codes, such information would be sufficient if he were also provided with the HIPAA Administrative Simplification Act transaction sets identified in the Document Requests. Along these lines, Mr. Flores testified that the transaction sets in Part C of the Document

---

[16] Following questioning by counsel for Aetna and Anthem, Mr. Lambert also testified that the Trustee would be able to provide the Remaining Objecting Parties with the EOBs the Trustee currently possesses.

Requests were requested in that particular form because it is a form standardized by law, and is, in his opinion, the most efficient and cost-effective way to audit the Debtors' patient claims. With respect to the EOBs requested in Part A of the Document Requests, however, Mr. Flores admitted that a spreadsheet of all the information found on the EOBs may suffice, depending upon what other documents the Remaining Objecting Parties produced.

Based upon the testimony of the Trustee's witnesses and the arguments of counsel, the Court determines that the Remaining Objecting Parties should produce some of the documents sought by the Trustee in his Document Requests. The Court also believes that at this stage, the Remaining Objecting Parties should be allowed to produce spreadsheets containing a representative set of the majority of information requested by the Trustee in his Document Requests. Such production is without prejudice to the Trustee requesting further information from the Remaining Objecting Parties, either by agreement of the parties or by further request from the Court.

**IT IS THEREFORE ORDERED** that the Rule 2004 Motion is **GRANTED** as to the Remaining Objecting Parties; it is further

**ORDERED** that prior to service of the subpoenas, the Trustee shall provide the Remaining Objecting Parties with their respective AOBs and EOBs; it is further

**ORDERED** that the Remaining Objecting Parties shall (1) produce a representative set of documents listed in Part A of the Document Requests, items one and two; (2) provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six; (3) provide a spreadsheet containing the denial codes and explanation of denial codes used by the Remaining Objecting Parties as described in Part B of the Document

Requests; and (4) provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee; it is further

**ORDERED** that the Remaining Objecting Parties produce this information to the Trustee within 30 days following the service of each subpoena; and it is further

**ORDERED** that nothing in this Order shall limit the Trustee's right to seek further information or discovery under the Rule 2004 Motion.

###End of Order###