Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | **CASE NO. 18-33730-hdh** |
| | § | |
| **REVOLUTION MONITORING** | § | **CASE NO. 18-33731-hdh** |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | **CASE NO. 18-33732-hdh** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

### AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026 and 9014, Jeffrey H. Mims, solely as the Liquidating Trustee established pursuant to the confirmed plan of reorganization of the above-captioned Debtors (the "*Trustee*"), and (i) Blue Cross Blue Shield of Massachusetts HMO Blue, Inc. ("*BCBS-Mass*") and (ii) HMO Louisiana, Inc. (collectively, "*Respondents*" and, together with Trustee, the "*Parties*") jointly move the Court to enter the Agreed Protective Order attached hereto as Exhibit 1 to govern the production and dissemination of confidential information in the above-captioned case. In support of this motion, the Parties respectfully state as follows:

1.      To enable the Respondents' responses to the Liquidating Trustee's Motion for the Production of Documents, all Parties will have to disclose and produce patient health information ("PHI") as defined by the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. 160–164. The PHI produced may include, but is not limited to, demographic information, the type of health care services provided to an individual, information on past, present, or future payment for the provision of health care to an individual, medical bills, claim forms, medical records and charts, and other notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from PHI. Patient Identifying Information, as defined by 45 C.F.R. § 164.514(b), also may be produced. A provider may disclose PHI after obtaining consent from the patient or providing written notice to the patient that offers an opportunity for the patient to object to the use of PHI. *See* 45 C.F.R. 164.512. Here, however, the individual patients at issue have executed assignment of benefit ("***AOB***") in favor or Revolution Monitoring. Those AOBs are now property of the Liquidating Trustee.[1]

2.      The Protective Order proposed by the Parties here requires the Parties to use the confidential information "solely for the purpose of prosecuting or defending this Proceeding" and includes provisions for the return or destruction of confidential information at the conclusion of this action. Thus, the Protective Order will allow the Trustee and Respondents to produce to each other responsive documents containing PHI that are necessary to fulfill the terms of the Parties' agreement for production or as may otherwise be exchanged between the Parties in connection with the above-referenced bankruptcy cases. *See Rodriguez v. CHRISTUS Spohn Health Sys.*, 2011

---

[1] Respondents do not waive and expressly reserve the right to contest the extent, validity, and legal effect of the AOB's, which have yet to be produced to Respondents.

WL 3652189 (S.D. Texas August 18, 2011) at *5-6 (finding that a qualified protective order would be sufficient if PHI is at issue).

3.    Production of documents and information in this case may also require Parties to disclose commercially sensitive information. Should such documents or testimony be disclosed publicly, they could give non-parties an unfair advantage vis-à-vis the producing party. Likewise, the Parties desire that specific categories of certain highly sensitive competitive information be designated "Confidential - Attorney's Eyes Only," so as to protect it from disclosure in ways that could unfairly impact the Parties' future dealings with each other. *See* FED. R. CIV. P. 26(c)(1)(G) (stating that the court may require that "commercial information not be revealed or be revealed only in a specified way"); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 209, n. 27 (5th Cir. 1999) (recognizing that a district court has discretion to restrict discovery); *In re The City of New York*, 607 F.3d 923, 949 (2d Cir. 2010) (noting that a district court can "minimize the effects of disclosure" by tailoring the protective order to the specified circumstances with restrictions such as "making the documents available only on an 'attorneys' eyes only' basis"). The Parties agree that any such designated information would be viewable by in-house counsel and outside attorneys of record, the employees of such outside attorneys, and other persons specifically described in the Agreed Protective Order. (*See* Ex. 1 ¶ 14).

4.    The Parties agree that the Attorney's Eyes-Only designation provides adequate protection against the possible risks of disclosure to persons involved in competitive decision making without imposing an undue hardship on any party. *See Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, 2009 WL 440608 at *2 (E.D. Tex. 2009) (listing factual circumstances, the risk of inadvertent disclosure, and the hardship the restriction creates among factors courts consider when determining the scope of a protective order); *see, e.g.*, *Paradigm*

*Alliance, Inc. v. Celeritas Technologies, LLC*, 248 F.R.D. 598, 603-04 (D. Kan. 2008) (approving a protective order that included a "confidential attorneys' eyes only" designation for commercially sensitive information that limited access only to outside counsel).

WHEREFORE, the Parties respectfully request the entry of the Agreed Protective Order attached hereto as **Exhibit 1**.

Dated: February 28, 2020

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

-and-

*/s/ Jonathan M. Herman*
Jonathan M. Herman
TX Bar No. 24052690
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3666
JHerman@herman-lawfirm.com

*Attorneys for HMO Louisiana, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on February 28, 2020 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas; on all parties-in-interest submitting to service of papers in this case by said means.

*/s/ Steven T. Holmes*
Steven T. Holmes