Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | **CASE NO. 18-33730-hdh** |
| | § | |
| **REVOLUTION MONITORING** | § | **CASE NO. 18-33731-hdh** |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | **CASE NO. 18-33732-hdh** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

## AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER
## AND STIPULATION FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026 and 9014, Jeffrey H. Mims, solely as the Liquidating Trustee established pursuant to the confirmed plan of reorganization of the above-captioned Debtors (the "Trustee"), and Humana Insurance Company and its affiliated entities (collectively, "Humana" and, together with Trustee, the "Parties") jointly move the Court to enter the Agreed Protective Order attached hereto as Exhibit 1 to govern the production and dissemination of confidential information in the above-captioned case. In support of this motion, the Parties respectfully state as follows:

**A.**
**REQUEST FOR ENTRY OF AGREED PROTECTIVE ORDER**

1.      To fulfill the terms of the Parties' Stipulation set forth herein, concerning Humana's compliance with this Court's January 13, 2020 *Order (I) Granting the Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents* [Docket No. 201] (the "Order"), all Parties will have to disclose and produce patient health information ("PHI") as defined by the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. 160–164. The PHI produced may include, but is not limited to, demographic information, the type of health care services provided to an individual, information on past, present, or future payment for the provision of health care to an individual, medical bills, claim forms, medical records and charts, and other notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from PHI.   Patient Identifying Information, as defined by 45 C.F.R. § 164.514(b), also may be produced.

2.      A provider may disclose PHI after obtaining consent from the patient or providing written notice to the patient that offers an opportunity for the patient to object to the use of PHI. See 45 C.F.R. 164.512. Here, however, the number of individual patient claims at issue makes obtaining satisfactory individual consent impractical and unduly burdensome. When individual consent from or notice to each patient is not feasible, a party may disclose PHI in a judicial proceeding if the parties "have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute."1 Id. A "qualified protective order" is one that:

---

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*Id.*; *see Rodriguez v. CHRISTUS Spohn Health Sys.*, 2011 WL 3652189 at *5-6 (S.D. Tex. 2011) (discussing § 164.512). The Protective Order proposed by the Parties here requires the Parties to use the confidential information solely for the purpose of prosecuting or defending this Proceeding and includes provisions for the return or destruction of confidential information at the conclusion of this action. Thus, the Protective Order will allow the Trustee and Humana to produce to each other responsive documents containing PHI that are necessary to fulfill the terms of the Stipulation or as may otherwise be exchanged between the Parties in connection with the above-referenced bankruptcy cases. *See Rodriguez*, 2011 WL 3652189 at *6 (finding that a qualified protective order would be sufficient if PHI is at issue).

       3.      Production of documents and information in this case may also require Parties to disclose commercially sensitive information. Likewise, because the Parties are likely to have additional dealings during and after the pendency of this action, the Parties desire that specific categories of certain highly sensitive competitive information be designated "Confidential - Attorney's Eyes Only," so as to protect it from disclosure in ways that could unfairly impact the Parties' future dealings with each other. *See* FED. R. CIV. P. 26(c)(1)(G) (stating that the court may require that "commercial information not be revealed or be revealed only in a specified way"); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 209, n. 27 (5th Cir. 1999) (recognizing that a district court has discretion to restrict discovery); *In re The City of New York*, 607 F.3d 923, 949 (2d Cir. 2010) (noting that a district court can "minimize the effects of disclosure" by tailoring the protective order to the specified circumstances with restrictions such as "making the documents

available only on an 'attorneys' eyes only' basis"). The Parties agree that any such designated information would be viewable by in-house counsel, in-house paralegals and outside attorneys of record, the employees of such outside attorneys, and other persons specifically described in the Agreed Protective Order. The Parties agree that the Attorney's Eyes-Only designation provides adequate protection against the possible risks of disclosure to persons involved in competitive decision making without imposing an undue hardship on any party. *See Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, 2009 WL 440608 at *2 (E.D. Tex. 2009) (listing factual circumstances, the risk of inadvertent disclosure, and the hardship the restriction creates among factors courts consider when determining the scope of a protective order); *see, e.g.*, *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 248 F.R.D. 598, 603-04 (D. Kan. 2008) (approving a protective order that included a "confidential attorneys' eyes only" designation for commercially sensitive information that limited access only to outside counsel).

## B.
### STIPULATION FOR PRODUCTION OF DOCUMENTS

4.      For purposes of compliance with the Order, the Parties agree and stipulate  that an initial "Representative Set" of documents or information shall mean the largest (20) aggregate Patient Claims sorted by Dollar Amount, as identified in the unredacted Patient / Claim Listings attached to the Trustee's subpoena, as served on Humana.

5.      Upon the earlier of April 30, 2020 or this Court's entry of the Parties' Agreed Protective Order, as requested herein, Humana will produce documents and information, containing, with respect to each Representative Set, all information required by this Court's Order, including but not limited to all unique plan documents and Explanations of Benefits for such

Representative Set.  The Trustee will provide executed Assignment of Benefits ("AOB") for each patient within the Representative Set as a condition for the production of documents.

6.      Without limitation, the Trustee reserves his right to seek (a) additional documents from Humana regarding the patients identified in the attachments to Humana's subpoena, (b) any other documents from Humana, and (c) documents from any Plan Sponsor or other third party. Humana agrees to produce the information set forth herein, and subject to the conditions herein, for each of the Representative Set of patients.  If the Trustee determines, based on a review of produced documents that he needs additional documents described under any Document Request identified on Exhibit B to the Motion of Liquidating Trustee for 2004 Examination [Docket No. 147], Humana and the Trustee agree to meet and confer in good faith concerning the request for production of such documents.  Should the Parties fail to reach agreement on such production, the Trustee may re-assert its Motion as to Humana.

WHEREFORE, based upon the Stipulation set forth herein, the Parties respectfully request the entry of the Agreed Protective Order attached hereto as **Exhibit 1**.

Dated:  April 17, 2020

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

-and-

*/s/ Ammar Dadabhoy*_____
Ammar Dadabhoy
State Bar No.: 24088812
WONG FLEMING
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478
Telephone: (281) 340-2074
adadabhoy@wongfleming.com

Counsel to Humana Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on April 17, 2020 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas; on all parties-in-interest submitting to service of papers in this case by said means.

*/s/ Steven T. Holmes*_____
Steven T. Holmes