Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Counsel for UnitedHealth Group Incorporated and its subsidiaries and affiliates, including Care Improvement Plus Group Management, LLC, Sierra Health and Life Insurance Company Inc., UMR, Inc., UnitedHealthcare, Inc., and WellMed Medical Management, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>REVOLUTION MONITORING, LLC, *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 18-33730-hdh |

## UNITED'S OBJECTION
## TO SUBPOENA FOR RULE 2004 EXAMINATION

UnitedHealth Group Incorporated and certain of its subsidiaries and affiliates, including Care Improvement Plus Group Management, LLC, Sierra Health and Life Insurance Company, Inc., UMR, Inc., UnitedHealthcare, Inc., and WellMed Medical Management, Inc. (collectively, "United") submit this Objection (the "Objection") to the

Subpoenas for Rule 2004 Examination (the "Subpoena") served by Jeffrey H. Mims, the Liquidating Trustee (hereinafter, the "Trustee") pursuant to Federal Rule of Civil Procedure 45, and states as follows:

## BACKGROUND

On September 6, 2019, the Trustee filed his Motion for Liquidating Trustee for Rule 2004 Examination (Dkt. 147) (the "Motion"). United responded, objecting to the Motion. (Dkt. 198). The Court held a hearing on the Motion on December 10, 2019. On January 13, 2020, the Court granted the Motion and limited the production of documents the Trustee could seek by subpoena. (Dkt. 201) (the "Order"). The Court ordered United, along with the other objecting parties, to:

(1) produce a representative set of documents listed in Part A of the Document Requests, items one and two;

(2) provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six;

(3) provide a spreadsheet containing the denial codes and explanation of denial codes used . . . as described in Part B of the Document Requests; and

(4) provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee.

The Court also required that prior to serving the Subpoenas the Trustee had to produce the assignment of benefit forms to United. Subsequently, the Trustee served separate subpoenas on UnitedHealth Group Incorporated, UnitedHealthcare, Inc., WellMed Medical Management, Sierra Health and Life Insurance Company, Care Improvement Plus Group Management, LLC and UMR, Inc. and produced assignment of benefits forms for 235 patients for which claims were submitted to a United-affiliated entity.

## OBJECTION

1. As an initial matter, UnitedHealth Group Incorporated is not an insurer, payor, or third-party administrator and, therefore, has no records responsive to the Trustee's Subpoenas. It is well-established that only the insurer can be liable for claims related to an insurance contract. *See Health Care Serv. Corp. v. Methodist Hosps. of Dallas*, 814 F.3d 242, 248 (5th Cir. 2016) (entity that neither provides coverage nor performs administrative services is not subject to the Texas Insurance Code); *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 912 (Tex. App.—Dallas, 2008, no pet.) ("The plaintiff in a breach of contract action has the burden to prove that the defendant has obligated himself under the contract.").

2. Next, for the Trustee to pursue claims for receivables for medical services rendered by Revolution, the Trustee would only have standing to pursue such claims if he could show a valid assignment of benefits from the insured under the respective health plan. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002) (holding that provider has no direct claim against health plan and, "absent a valid assignment of benefits from [the insured], [the provider] would have no derivative standing to sue the Plan under ERISA Section 502"). Although the Trustee has provided some assignment of benefits forms, United does not concede that any of the assignments produced by the Trustee are valid or enforceable.

3. Finally, with regard to the first three items described in the Court's Order, Counsel for United and Counsel for the Trustee conferred in an effort to reach an agreement on a response to the Trustee's Subpoenas in conformance with the Court's

order that United produce a "representative set" of responsive data and records. United and the Trustee agreed that United would produce, subject to the terms of the Stipulated Confidentiality Order (Dkt.221), a report detailing readily accessible information relating to the claims submitted to United for the three Debtor entities since January 2015, as well as the plan documents for the five groups with the highest number of claims submitted to United for payment, which are:

- HealthSelect[SM] of Texas ("HealthSelect") administered by the Employees Retirement System of Texas ("ERS");
- City of Fort Worth;
- Best Buy Co., Inc.;
- Raytheon Company; and
- AT&T, Inc.

4. The Trustee and United have reached an agreement to extend the deadline for United to provide a representative set of the data requested in Part C of the Document Requests in the electronic format requested to May 15, 2020.

Dated: April 30, 2020

Respectfully Submitted,

By: */s/ Andrew G. Jubinsky*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Amber D. Reece
    Texas Bar No. 24079892
    amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR UNITEDHEALTH GROUP, INC. AND ITS SUBSIDIARIES AND AFFILIATES**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 30, 2020, a copy of the foregoing was served on all counsel of record herein by the Court's ECF notification system.

*/s/ Andrew G. Jubinsky*
Andrew G. Jubinsky