Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | **CASE NO. 18-33730-hdh** |
| | § | |
| | § | |
| **REVOLUTION MONITORING** | § | **CASE NO. 18-33731-hdh** |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | **CASE NO. 18-33732-hdh** |
| | § | **(Jointly Administered)** |
| Debtors. | § | |
| | § | **Hearing Date: August 19, 2020** |
| | § | **Hearing Time: 9:00 A.M.** |

## LIQUIDATING TRUSTEE'S MOTION TO COMPEL PRODUCTION
## FROM AETNA, INC; ANTHEM, INC.; CIGNA, HUMANA INSURANCE COMPANY;
## HUMANA MILITARY; AND UNITED HEALTHGROUP, INCORPORATED
## AND MOTION FOR RECONSIDERATION

COMES NOW, Jeffrey H. Mims, the Liquidating Trustee, together with MedARC as

Collection Agent (collectively, the "***Liquidating Trustee***"), and files this Motion to Compel

Production (the "***Motion***"). By its Motion, the Liquidating Trustee seeks an order from this Court

compelling the following parties to produce documents and records pursuant to this Court's Order

granting, in part, the *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147]

(the "*Motion*"): Aetna Inc., and its affiliated entities[1] ("*Aetna*"), Anthem Inc., and its affiliated entities[2] ("*Anthem*"), Cigna and affiliates[3] ("*Cigna*"), Humana Insurance Company, and certain of its subsidiaries and affiliates ("*Humana*"), Humana Military ("*Humana Military*"), and UnitedHealth Group Incorporated ("*United*")[4] (collectively, the "*Objecting Parties*"). In support of this Motion, the Liquidating Trustee would respectfully show this Court as follows:

## Background

1.     The Liquidating Trustee filed the Motion on September 6, 2019.

2.     The Objecting Parties each filed an objection to the Motion and the Court held a hearing on December 10, 2019, with each of the Objecting Parties contesting the Trustee's requested relief.

3.     The Court issued its *Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents* [Doc. No. 201] (the "Order") on January 13, 2020, obligating each of the Objecting Parties (defined in the Order as the "Remaining Objecting Parties") to produce documents in response to the Liquidating Trustee's subpoenas.  More specifically, the Order ordered each of the Objecting Parties to (1) produce a representative set of documents listed in Part A of the Document Requests, items one and two; (2) provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests,

---

1 For purposes of this Motion, Aetna affiliated entities include: Aetna Health, Inc.; Coventry Carelink Insurance Services, LLC; Coventry Health Care Workers Compensation, Inc.; Meritain Health, Inc. and Coventry Health Care, Inc.
2 For purposes of this Motion, Anthem affiliated entities include: Amerigroup Texas, Inc.; Anthem Blue Cross Life and Health Insurance Company; Anthem Insurance Companies, Inc.; and Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc.
3 For purposes of this Motion, Cigna's affiliates include: Cigna Behavioral Health of Texas; Cigna Insurance Agency, LLC; Cigna Healthcare of Texas, Inc.; Cigna Behavioral Health, Inc.; Cigna Health Management, Inc.; Cigna Health Network, Inc. and Cigna Integrated Care, Inc.
4 For purposes of this Motion, United's affiliates and subsidiaries include Care Improvement Plus Group Management, LLC; Sierra Health and Life Insurance Company, Inc.; UMR, Inc.; UnitedHEalthcare, Inc; and WellMed Medical Management, Inc.

items three through six; (3) provide a spreadsheet containing the denial codes and explanation of denial codes used by the Objecting Parties as described in Part B of the Document Requests; and (4) provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Liquidating Trustee. The Court's Order does condition each Objecting Party's obligations to produce responsive documents upon the Liquidating Trustee's provision of their respective AOBs and EOBs; however, the Court's Order does not define what constitutes a "responsive set" of information or documentation.

4. Since entry of the Order, counsel for the Liquidating Trustee has been actively engaged with counsel for each of the Objecting Parties in a protracted and ongoing effort to reach agreement(s) on the scope and timing of document production. In order to facilitate document production and prevent unauthorized disclosure of any personal health information ("***PHI***") that the Liquidating Trustee has or may obtain in response to the subpoenas, the Liquidating Trustee has negotiated and obtained Agreed Protective Orders with each of the respective Objecting Parties, as memorialized in separate orders of this Court.[5] Moreover, the Liquidating Trustee, through MedARC as Collection Agent, has produced extensive patient records and claim files, including all known patient AOBs and EOBs within his possession, as well as specific policy numbers, to each of the Objecting Parties, in an effort to facilitate identification of complete patient files and documentation within the possession, custody or control of the Objecting Parties.

5. Pursuant to negotiated agreements with counsel regarding "representative sets", and subject to written objections,[6] Cigna, United, Humana and Humana Military have each provided a detailed spreadsheet containing patient / claim information, as well as varying representative sets of

---

[5] Cigna [March 31, 2020 DN218]; United [April 6, 2020 DN221]; Humana and Humana Military [April 20, 2020 DN223]; Aetna [May 13, 2020 DN227]; and Anthem [May 13, 2020 DN228].

[6] Copies of all Entities' written objections are attached to this Motion as Exhibit "B." On information and belief,

documentation in response to the subpoenas. Conversely, Aetna and Anthem have each served objections to the Liquidating Trustee's subpoena but, as of the date of this Motion, and have not agreed on the definition of a "representative set" of documents. On Friday, July 17, 2020, Aetna offered its first production of documents subject to its asserted objections, with such production comprised of a limited "initial sampling" of patient files, a spreadsheet, and a summary of plan documents. Although Anthem has proposed a similar initial production limited to less than ten patient files, no agreement has been reached on the scope of such production.

### Relief Requested – Motion to Compel

6.  Despite ongoing good-faith discussions, and piece-meal production of additional documents from several of the Objecting Parties, none of the Objecting Parties have produced complete plan documentation for each of the identified patients and claims; none have produced information or documentation regarding claims appeals; and none have produced documentation in the format required by Subpart C of the subpoena and this Court's Order. More specifically, the Order practically requires (1) production of actual insurance policies, as amended or modified, together with summary plan documents; (2) a spreadsheet containing all information from the EOBs; adjustment reasons and policies; appeal documents; and "Legislative Fee Schedules and Policies"; (3) a spreadsheet containing all denial codes and explanation of denial codes, without limitation to any sub-part within Part B of the subpoena; and (4) a representative set of the electronic data, "in the electronic format requested by the Trustee."

7.  The undersigned counsel for the Liquidating Trustee has repeatedly requested production of such documents from each of the Objecting Parties. Without – at a minimum - actual plan documentation, as well as clear and adequate documentation to match particular claims to

---

Cigna did not serve written objections to the Trustee's subpoena.

particular policies, and the reasons for denial (if any) the Liquidating Trustee is unable to fully investigate the collectability of the medical receivables that remain the primary asset of these estates. While some Objecting Parties have made material production(s), and indicated a willingness to produce additional responsive documentation, either the scope or timing of the Objecting Parties' proposals leave the Liquidating Trustee with insufficient time or opportunity to review or seek additional documentation.

### Relief Requested – Request for Reconsideration

8.     The primary purposes of this Motion are to request: (a) that each Objecting Party either produce or supplement their production to include **all** insurance plans or policies for each identified patient, together with sufficient information to connect each patient to a particular plan or policy, with such production to be completed on or before the expiration of fifteen (15) days following this Court's entry of an Order on this Motion; (b) that the Court overrule any pending or asserted Objecting Party objection(s) that limits production of the Requested Information, or order that all responsive documents be produced subject to the asserted objections; and (c) that the Court remove the "representative set" and EOB production as pre-conditions or limitations on the Objecting Parties' obligations to produce responsive documents.

9.     This Court's Order, entered at an early stage of the post-confirmation Liquidating Trust, expressly states that such order is "without prejudice to the Trustee requesting further information from the [Remaining] Objecting Parties, either by agreement of the parties or by further request from the Court" and that "nothing in this Order shall limit the Trustee's right to seek further information or discovery under the Motion."[7]  Counsel for the Liquidating Trustee has repeatedly proposed and negotiated alternative agreements for production with each of the Objecting Parties.

---

7 Order at pg. 7, 8.

While several of the Objecting Parties have produced, subject to written objections, certain "representative sets" of information subject to certain negotiated agreements with the Liquidating Trustee, none of those productions are complete as of today's date. Moreover, the existence of pending objections and the "representative set" limitations within the Order prevent production of all information necessary for the Trustee to evaluate the medical accounts receivable, which remain the sole asset of the Liquidating Trust.

10. The production of only "representative sets" of information prevents the Liquidating Trustee from fully investigating the propriety of claim refusals – and therefore the value of hundreds of accounts receivable - predicated on specific plan or policy terms that the Liquidating Trustee has been unable to procure. The Objecting Parties have had more than seven months since this Court's Order to gather and produce documentation responsive to this Court's Order. While several Objecting Parties have demonstrated good-faith efforts to comply with the Order and the Liquidating Trustee's informal requests for additional information, the production remains incomplete without production of the additional documentation requested by this Motion.

11. The Liquidating Trustee, through MedARC as Collection Agent, has provided each Objecting Party with full access to <u>all</u> patient claim documentation within his possession, custody or control, including all AOBs and EOBs. The Liquidating Trustee does not possess, and cannot produce, EOBs for every patient claim listed for each Objecting Party, because EOBs are generated by the insurance carrier or provider for the benefit of the individual patients. Revolution Monitoring, and thereafter the Liquidating Trustee, simply cannot produce EOB documentation that it has neither generated or received from the insurance provider or the individual patient. Instead, the Objecting Parties that generated the EOBs have superior access to such documentation and should not be permitted to rely upon the putative absence of an EOB as an excuse for non-production, particularly

when the Liquidating Trustee has shared all available information to facilitate identification of particular patients and claims.

WHEREFORE, the Liquidating Trustee prays that the Court reconsider its prior Order and grant the foregoing Motion; enter an order (i) overruling any objections that preclude production of the requested documents, or requiring production of such documentation subject to the asserted objections; and (ii) compelling the Objecting Parties to produce all documents and information required by Court's Order by within fifteen (15) days; and grant such other and further relief to which the Liquidating Trustee may be entitled.

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with Amber Reece, counsel for UnitedHealth Group Incorporated, on multiple occasions, most recently on July 8 and 10, 2020 via telephone and email regarding the requested relief, but no agreement could be reached.

I certify that I conferred with Joseph Sheerin and Aaron McCullough, counsel for Aetna Inc. and Anthem Inc., via email and telephone, most recently on July 10 and 14, 2020 regarding the requested relief, but no agreement could be reached.

I certify that I conferred with Eliot Burriss, counsel for Cigna, via telephone on or about July 10, 2020 regarding the requested relief, but no agreement could be reached.

I certify that I conferred with Mr. Daniel Fleming, counsel for Humana Insurance Company and Humana Military, via telephone and email on July 9 and 10, 2020 regarding the requested relief, but no agreement could be reached.

Accordingly, this Motion is presented to the Bankruptcy Court for determination.

*/s/ Steven T. Holmes*
Steven T. Holmes

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Compel was served this 21st day of July 2020 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas; on all parties-in-interest submitting to service of papers in this case by said means; and to each of the Objecting Parties identified in Exhibit A hereto by electronic mail.

*/s/ Steven T. Holmes*
Steven T. Holmes

## EXHIBIT A

Aetna, Inc., Aetna Health, Inc., Coventry Carelink Insurance Services, LLC, Coventry Health Care Workers Compensation, Inc., Coventry Health Care, Inc., c/o counsel of record Joseph S. Sheerin and Aaron G. McCollough, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916, jsheerin@mcguirewoods.com, and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

Meritain Health, Inc., c/o counsel of record Joseph S. Sheerin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916, jsheerin@mcguirewoods.com and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

Anthem, Inc. and Anthem Insurance Companies, Inc., c/o counsel of record Joseph S. Sheerin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916 jsheerin@mcguirewoods.com and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent at 9133 W. Russell Road, Las Vegas, Nevada 89148.

Amerigroup Texas, Inc., c/o counsel of record Joseph S. Sheerin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916, jsheerin@mcguirewoods.com and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

Anthem Blue Cross Life and Health Insurance Company, c/o counsel of record Joseph S. Sheerin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916, jsheerin@mcguirewoods.com and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent CT Corporation System Inc., 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc., c/o counsel of record Joseph S. Sheerin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219-3916, jsheerin@mcguirewoods.com and Aaron G. McCollough, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, Illinois 60601-1818, amccollough@mcguirewoods.com or their respective registered agent CT Corporation System Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

Cigna, c/o counsel of record Eliot T. Burriss, Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, eliot.burriss@hklaw.com or their respective registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

Humana Insurance Company, c/o counsel of record Daniel Flemming, 821 Alexander Road, Suite 200, Princeton, New Jersey 08540, dfleming@wongfleming.com and Ammar Dadabhoy, Wong Fleming, 77 Sugar Creek Center Blvd., Suite 401, Sugar Land, Texas 77478, adadabhoy@wongfleming.com or their respective registered agent Corporation Service Company, 421 West Main St., Frankfort, Kentucky 40601.

Humana Military, c/o counsel of record Daniel Flemming, 821 Alexander Road, Suite 200, Princeton, New Jersey 08540, dfleming@wongfleming.com and Ammar Dadabhoy, Wong Fleming, 77 Sugar Creek Center Blvd., Suite 401, Sugar Land, Texas 77478, adadabhoy@wongfleming.com or their respective registered agent Corporation Service Company, 100 Shockoe Slip FL 2, Richmond, Virginia 23219-4100.

UnitedHealth Group Incorporated, c/o counsel of record Andrew G. Jubinsky and Amber D. Reece, Figari + Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202, andy.jubinsky@figdav.com, amber.reece@figdav.com or their respective registered agent CT Corporation System Inc., 1010 Dale Street N., St. Paul, Minnesota 55117.

McGUIREWOODS LLP
Justin R. Opitz (Texas Bar No.: 24051140)
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (admitted *pro hac vice*)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (admitted *pro hac vice*)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Attorneys for Aetna Inc. and Affiliates*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>REVOLUTION MONITORING, LLC *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-33730 (HDH)<br><br>Jointly Administered |

## PRELIMINARY OBJECTIONS AND PRELIMINARY RESPONSES OF AETNA INC. AND AFFILIATES TO SUBPOENAS FROM JAMES W. CUNNINGHAM

Aetna Inc. and its affiliated entities (collectively, "Respondent"[1]), by undersigned

counsel, hereby submits these Preliminary Objections and Preliminary Responses to the

subpoenas issued on behalf of James W. Cunningham (collectively, the "Subpoenas") by counsel

for the liquidating trustee in the above-captioned bankruptcy case, as respectfully states as

follows:

---

[1] Without providing the required notice of service to Respondent's counsel, counsel for the liquidating trustee sent the Subpoenas to various locations for entities that may be affiliated with Respondent, including without limitation "Aetna Health, Inc."; "Coventry Carelink Insurance Services, LLC", "Coventry Health Care Workers Compensation, Inc.", "Meritain Health, Inc.", and "Coventry Health Care, Inc." Respondent submits these Preliminary Objections and Preliminary Responses on behalf of all Respondent entities that may have been served and by doing so does not consent to service of any subpoena on any Respondent entity and does not waive any objection relating to the Liquidating Trustee's failure to properly identify any particular Respondent entity.

1

**EXHIBIT B**
**Page 1 of 28**

## PRELIMINARY OBJECTIONS

Jeffrey H. Mims, the Liquidating Trustee (the "Liquidating Trustee") in the above-captioned bankruptcy case, filed his *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147] (the "Rule 2004 Motion"), ultimately resulting in the Court's entry on January 13, 2020 of an order: *(I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production Of Documents* [Docket No. 201, the "Rule 2004 Order"]. In the Rule 2004 Order, the Court authorized the Liquidating Trustee to serve subpoenas seeking a representative set of certain enumerated categories of documents, but only upon the Liquidating Trustee's provision to Respondent of assignments of benefits (collectively, "AOBs") and explanation of benefit related materials (collectively, "EOBs") "prior to" service. In April of 2020, the counsel to the Liquidating Trustee mailed the Subpoenas to certain affiliates of Respondent without having first provided the required AOBs and EOBs, with representatives of the Liquidating Trustee later sending certain material purporting to be AOBs but no documents purporting to be EOBs. The purported AOBs provided by the Liquidating Trustee include forms that were not actually signed by the member, among other issues. Nothing herein is an acknowledgement as to the validity or authenticity of the purported AOBs, and Respondent reserves all rights with respect to such purported AOBs.

Respondent objects to the Subpoenas because they seek to impose requirements that are beyond those contemplated by applicable law, including the Rule 2004 Order. First, the Rule 2004 Order expressly conditioned the Liquidating Trustee's authority to serve subpoenas upon providing AOBs and EOBs "prior to" service of such subpoenas, so the Liquidating Trustee's failure to provide these required documents causes the Subpoenas to violate the Rule 2004

2

**EXHIBIT B**
**Page 2 of 28**

Order.[2]  Second, the demands imposed by the Subpoenas constitute an "undue burden" to Respondent in light of the global coronavirus pandemic ("COVID-19"), which has been the cause of state-imposed "shelter-in-place" laws and related partial closure of Respondent's offices. By this Objection, Respondent states its intention to meet and confer with the Liquidating Trustee to discuss appropriate parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order.

Respondent's objections (the "Preliminary Objections") are hereby expressly incorporated by reference into each of the Specific Objections and Responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**A.     Produce the following documents related to each and every Patient Claim represented in the attached "Patient & Claim Listing" shown on Exhibit B as follows:**

1.     The Insurance Policy, including but not limited to (a) the governing Master Plan Documents, and (b) any material modifications and amendments to the Insurance Policy or Plan;
2.     The summary of the Insurance Policy, including plan benefits or coverage provided to Patients covered by the insurance Plan (the summary of policy document may be identified as the Summary of Benefits & Coverage (SBC); the Summary Plan Documents (SPD) or another acronym).
3.     The Explanation of Benefits (EOB).
4.     Documents specifically identifying and describing the adjustment reason relied upon in the EOB, including but not limited to the Policies and practices, or the application thereof, relating to your decision regarding payment, non-payment, and denial, of each of the claims shown in the "Patient & Claim Listing."
5.     All responses to appeals and any other documents referring or relating to each such appeal, including claims policy manuals or other claims processing guideline documents identifying and describing the reasons relied upon in the response to the appeals, or the application thereof, and any emails or memos regarding same, for each of the claims shown in the "Patient & Claim Listing."
6.     The "Legislative Fee Schedule" or "Legislative Contracted" adjustment explanation, definition, and policy provisions as related to the billing by Revolution Monitoring on the Patient Claims.

---

[2] Notably, the Subpoenas were served on behalf of James W. Cunningham.  Respondent has received no documentation substantiating that James W. Cunningham is the Liquidating Trustee, thus rendering the Subpoenas defective on their face.

3

**EXHIBIT B**
**Page 3 of 28**

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "Insurance Policy," "Master Plan Documents," "Plan," "EOB," "appeals," "Legislative Fee Schedule," and "Legislative Contracted") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

**B. Produce documents and reports of the Electronic Funds Transfer (EFT) / (EDI) Transaction Records and related and supporting documents for the identified Patient Claims shown in the "Patient & Claim Listing" including but not limited to:**

1. Insurer's definition and or explanation of all claims adjustment reason codes (the "CARC") utilized in its electronic remittance advice (the "ERA").
2. All adjustments codes utilized by the insurer other than the standardized CARC, which may also be identified as remittance advice remark codes (the "RARC") or may also be identified as Group Codes, if utilized in any documents produced herein.
3. The HIPAA required Electronic Data Interchange policy, procedure and work instructions manual(s), including but not limited to those covering Standard Transactions.
4. Policies, procedures, and methodologies (with specificity) for conducting Standard Transactions.
5. For Patient Claims that were sent to third party repricing entities, provide all documents, communications, third party fee schedules, and repricing methodology used or applied to any Patient Claim.
6. All Administrative Services Only or Administrative Services Agreement(s) ("ASO / ASA") including but not limited to:
    a) Standard schedule of fees for administrative services provided;
    b) Recovery or recoupment fees; and
    c) Negotiated Discount Fees.
7. Any and all Policy, Procedure and Work instructions for claims handling.
8. All policies and procedures related to Administrative Simplification.
9. All policies and procedures related to Implementation Specifications.
10. All claims which could not be entered into the claims handling system.

4

**EXHIBIT B**
**Page 4 of 28**

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "Electronic Funds Transfer (EFT) / (EDI) Transaction Records," "claims adjustment reason codes," "electronic remittance advice," "remittance advice remark codes," "Group Codes," "Electronic Data Interchange," "Standard Transactions," the subparts of subsection (6), "Policy, Procedure, and Work instructions," "Administrative Simplification," and "Implementation Specifications") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

C. **Produce data (in standardized EDI ANSI x12 v5010 format) and any related reports, in their required statutory and regulatory native format(s), for the Electronic Funds Transfer (EFT) Transaction Records for the Patient Claims shown in the "Patient & Claim Listing" as follows:**

1. All ANSI X 12 837 (Healthcare Claim) (showing billed charges, amount paid, and to whom).
2. All ANSI X12 277 (Claims· Status).
3. ASC Xl2 277CA 5010 format [Health Care Claim Acknowledgement, including TRN Reassociation Trace Number data segment necessary for reassociation showing whether the claim was accepted, and the designated assignee and/or payee.
4. ASC Xl2 275 5010 format Additional Information to Support a Health Care Claim or Encounter.
5. All ANSI X12 835 (Electronic Remittance Advice or ERA) with the provider.
6. All Corporate Credit or Debit (CCD) + addenda (on every claim with the receiving bank in ACH File).
7. All originating bank information (ODFI) on every claim processed.
8. All (HIPAA mandated) transaction ID's from the originating bank identifying each claim processed.
9. All Clearinghouse transactions for each claim processed.
10. Reference information related to all transactions by "Repricers", "Negotiators" or "Cost Containment" vendors contracted by the Insurance Provider or Third Party Administrator (TPA) for ALL transaction submitted [Including Identities of Vendors, Reports and Invoices].
11. The Patient Claim "reassociation" and trace information from the Plan/Payor: which identifies, tracks and confirms the entity to whom the payment was made.
12. Identification of any "Overpayment Offsets", "Recoveries" or "Withholding" done in association with any of the claims identified in the "Patient & Claim Listing".

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "EDI ANSI x12 v5010," "ANSI X 12 837 (Healthcare Claim)," "ANSI X12 277 (Claims Status)," "ASC Xl2 277CA 5010 format," "ASC Xl2 275 5010 format Additional Information to Support a Health Care Claim or Encounter," "ANSI X12 835 "Electronic Funds Transfer (EFT) / (EDI) Transaction Records," "Corporate Credit or Debit (CCD) + addenda," "originating bank information (ODFI)," "(HIPAA mandated) transaction ID's," "Clearinghouse transactions," "Reference information," "Patient Claim "reassociation" and trace information," and "Overpayment Offsets", "Recoveries" or "Withholding") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

Dated: April 22, 2020           McGUIREWOODS LLP

/s/ *Joseph S. Sheerin*
Justin R. Opitz (Texas Bar No.: 24051140)
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (admitted *pro hac vice*)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (admitted *pro hac vice*)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Counsel to Aetna Inc. and Affiliates*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2020, a true and correct copy of the attached was served by electronic mail on the following:

Steven T. Holmes, Esq.
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson St., Suite 570, Founders Square
Dallas, TX 75202
E-mail: sholmes@chfirm.com

*/s/ Joseph S. Sheerin*
Joseph S. Sheerin

130031784

**EXHIBIT B**
**Page 7 of 28**

**McGUIREWOODS LLP**
Justin R. Opitz (Texas Bar No.: 24051140)
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (admitted *pro hac vice*)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (admitted *pro hac vice*)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Attorneys for Anthem Inc. and Affiliates*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REVOLUTION MONITORING, LLC *et al.*, | Case No. 18-33730 (HDH) |
| Debtors. | Jointly Administered |

## PRELIMINARY OBJECTIONS AND PRELIMINARY RESPONSES OF ANTHEM INC. AND AFFILIATES TO SUBPOENAS FROM JAMES W. CUNNINGHAM

Anthem Inc. and its affiliated entities (collectively, "Respondent"[1]), by undersigned counsel, hereby submits these Preliminary Objections and Preliminary Responses to the subpoenas issued on behalf of James W. Cunningham (collectively, the "Subpoenas") by counsel for the liquidating trustee in the above-captioned bankruptcy case, as respectfully states as follows:

---

[1] Without providing the required notice of service to Respondent's counsel, counsel for the liquidating trustee sent the Subpoenas to various locations for entities that may be affiliated with Respondent, including without limitation "Amerigroup Texas, Inc."; "Anthem Blue Cross Life and Health Insurance Company"; "Anthem Insurance Companies, Inc."; and "Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc." Respondent submits these Preliminary Objections and Preliminary Responses on behalf of all Respondent entities that may have been served and by doing so does not consent to service of any subpoena on any Respondent entity and does not waive any objection relating to the Liquidating Trustee's failure to properly identify any particular Respondent entity.

1

## PRELIMINARY OBJECTIONS

Jeffrey H. Mims, the Liquidating Trustee (the "Liquidating Trustee") in the above-captioned bankruptcy case, filed his *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147] (the "Rule 2004 Motion"), ultimately resulting in the Court's entry on January 13, 2020 of an order: *(I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production Of Documents* [Docket No. 201, the "Rule 2004 Order"].  In the Rule 2004 Order, the Court authorized the Liquidating Trustee to serve subpoenas seeking a representative set of certain enumerated categories of documents, but only upon the Liquidating Trustee's provision to Respondent of assignments of benefits (collectively, "AOBs") and explanation of benefit related materials (collectively, "EOBs") "prior to" service.  In April of 2020, the counsel to the Liquidating Trustee mailed the Subpoenas to certain affiliates of Respondent without having first provided the required AOBs and EOBs, with representatives of the Liquidating Trustee later sending certain material purporting to be AOBs but no documents purporting to be EOBs. The purported AOBs provided by the Liquidating Trustee include forms that were not actually signed by the member, among other issues.   Nothing herein is an acknowledgement as to the validity or authenticity of the purported AOBs, and Respondent reserves all rights with respect to such purported AOBs.

Respondent objects to the Subpoenas because they seek to impose requirements that are beyond those contemplated by applicable law, including the Rule 2004 Order.  First, the Rule 2004 Order expressly conditioned the Liquidating Trustee's authority to serve subpoenas upon providing AOBs and EOBs "prior to" service of such subpoenas, so the Liquidating Trustee's failure to provide these required documents causes the Subpoenas to violate the Rule 2004

**EXHIBIT B**
**Page 9 of 28**

Order.[2]  Second, the demands imposed by the Subpoenas constitute an "undue burden" to Respondent in light of the global coronavirus pandemic ("COVID-19"), which has been the cause of state-imposed "shelter-in-place" laws and related partial closure of Respondent's offices.  By this Objection, Respondent states its intention to meet and confer with the Liquidating Trustee to discuss appropriate parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order.

Respondent's objections (the "Preliminary Objections") are hereby expressly incorporated by reference into each of the Specific Objections and Responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**A.  Produce the following documents related to each and every Patient Claim represented in the attached "Patient & Claim Listing" shown on Exhibit B as follows:**

1.      The Insurance Policy, including but not limited to (a) the governing Master Plan Documents, and (b) any material modifications and amendments to the Insurance Policy or Plan;
2.      The summary of the Insurance Policy, including plan benefits or coverage provided to Patients covered by the insurance Plan (the summary of policy document may be identified as the Summary of Benefits & Coverage (SBC); the Summary Plan Documents (SPD) or another acronym).
3.      The Explanation of Benefits (EOB).
4.      Documents specifically identifying and describing the adjustment reason relied upon in the EOB, including but not limited to the Policies and practices, or the application thereof, relating to your decision regarding payment, non-payment, and denial, of each of the claims shown in the "Patient & Claim Listing."
5.      All responses to appeals and any other documents referring or relating to each such appeal, including claims policy manuals or other claims processing guideline documents identifying and describing the reasons relied upon in the response to the appeals, or the application thereof, and any emails or memos regarding same, for each of the claims shown in the "Patient & Claim Listing."
6.      The "Legislative Fee Schedule" or "Legislative Contracted" adjustment explanation, definition, and policy provisions as related to the billing by Revolution Monitoring on the Patient Claims.

---

[2]  Notably, the Subpoenas were served on behalf of James W. Cunningham.  Respondent has received no documentation substantiating that James W. Cunningham is the Liquidating Trustee, thus rendering the Subpoenas defective on their face.

3

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "Insurance Policy," "Master Plan Documents," "Plan," "EOB," "appeals," "Legislative Fee Schedule," and "Legislative Contracted") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

**B. Produce documents and reports of the Electronic Funds Transfer (EFT) / (EDI) Transaction Records and related and supporting documents for the identified Patient Claims shown in the "Patient & Claim Listing" including but not limited to:**

1. Insurer's definition and or explanation of all claims adjustment reason codes (the "CARC") utilized in its electronic remittance advice (the "ERA").

2. All adjustments codes utilized by the insurer other than the standardized CARC, which may also be identified as remittance advice remark codes (the "RARC") or may also be identified as Group Codes, if utilized in any documents produced herein.

3. The HIPAA required Electronic Data Interchange policy, procedure and work instructions manual(s), including but not limited to those covering Standard Transactions.

4. Policies, procedures, and methodologies (with specificity) for conducting Standard Transactions.

5. For Patient Claims that were sent to third party repricing entities, provide all documents, communications, third party fee schedules, and repricing methodology used or applied to any Patient Claim.

6. All Administrative Services Only or Administrative Services Agreement(s) ("ASO / ASA") including but not limited to:

      a)    Standard schedule of fees for administrative services provided;

      b)    Recovery or recoupment fees; and

      c)    Negotiated Discount Fees.

7. Any and all Policy, Procedure and Work instructions for claims handling.

8. All policies and procedures related to Administrative Simplification.

9. All policies and procedures related to Implementation Specifications.

10. All claims which could not be entered into the claims handling system.

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and

that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "Electronic Funds Transfer (EFT) / (EDI) Transaction Records," "claims adjustment reason codes," "electronic remittance advice," "remittance advice remark codes," "Group Codes," "Electronic Data Interchange," "Standard Transactions," the subparts of subsection (6), "Policy, Procedure, and Work instructions," "Administrative Simplification," and "Implementation Specifications") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

C. **Produce data (in standardized EDI ANSI x12 v5010 format) and any related reports, in their required statutory and regulatory native format(s), for the Electronic Funds Transfer (EFT) Transaction Records for the Patient Claims shown in the "Patient & Claim Listing" as follows:**

1. All ANSI X 12 837 (Healthcare Claim) (showing billed charges, amount paid, and to whom).
2. All ANSI X12 277 (Claims· Status).
3. ASC Xl2 277CA 5010 format [Health Care Claim Acknowledgement, including TRN Reassociation Trace Number data segment necessary for reassociation showing whether the claim was accepted, and the designated assignee and/or payee.
4. ASC Xl2 275 5010 format Additional Information to Support a Health Care Claim or Encounter.
5. All ANSI X12 835 (Electronic Remittance Advice or ERA) with the provider.
6. All Corporate Credit or Debit (CCD) + addenda (on every claim with the receiving bank in ACH File).
7. All originating bank information (ODFI) on every claim processed.
8. All (HIPAA mandated) transaction ID's from the originating bank identifying each claim processed.
9. All Clearinghouse transactions for each claim processed.
10. Reference information related to all transactions by "Repricers", "Negotiators" or "Cost Containment" vendors contracted by the Insurance Provider or Third Party Administrator (TPA) for ALL transaction submitted [Including Identities of Vendors, Reports and Invoices].
11. The Patient Claim "reassociation" and trace information from the Plan/Payor: which identifies, tracks and confirms the entity to whom the payment was made.
12. Identification of any "Overpayment Offsets", "Recoveries" or "Withholding" done in association with any of the claims identified in the "Patient & Claim Listing".

5

**EXHIBIT B**
**Page 12 of 28**

**RESPONSE**: In addition to the Preliminary Objections that the Liquidating Trustee's failure to provide all required documents causes the Subpoenas to violate the Rule 2004 Order and that the Subpoenas constitute an "undue burden" to Respondent in light of COVID-19, Respondent objects to this Request on the grounds that it (including all undefined terms such as "EDI ANSI x12 v5010," "ANSI X 12 837 (Healthcare Claim)," "ANSI X12 277 (Claims Status)," "ASC Xl2 277CA 5010 format," "ASC Xl2 275 5010 format Additional Information to Support a Health Care Claim or Encounter," "ANSI X12 835 "Electronic Funds Transfer (EFT) / (EDI) Transaction Records," "Corporate Credit or Debit (CCD) + addenda," "originating bank information (ODFI)," "(HIPAA mandated) transaction ID's," "Clearinghouse transactions," "Reference information," "Patient Claim "reassociation" and trace information," and "Overpayment Offsets", "Recoveries" or "Withholding") is vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, and seeks documents beyond Respondent's possession, custody, or control. Respondent also objects to this Request because it seeks documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege arising under federal, state, or local law, or under the regulations and laws of any applicable foreign jurisdiction. Subject to and without waiving the Preliminary Objections and the specific objections contained herein, Respondent intends to meet and confer with the Liquidating Trustee to discuss appropriate search parameters for the review and production of responsive non-privileged documents that are within Respondent's possession, custody, or control in accordance with the Rule 2004 Order. Respondent maintains its objections regarding further production of documents responsive to this Request at this time and reserves the right to supplement these objections upon any such request from the Liquidating Trustee.

Dated: April 22, 2020                 McGUIREWOODS LLP

                                      */s/ Joseph S. Sheerin*
                                       Justin R. Opitz (Texas Bar No.: 24051140)
                                       2000 McKinney Avenue, Suite 1400
                                       Dallas, TX 75201
                                       Telephone: (214) 932-6433
                                       jopitz@mcguirewoods.com
                                       -and-
                                       Aaron G. McCollough (admitted *pro hac vice*)
                                       77 West Wacker Drive, Suite 4100
                                       Chicago, IL 60601
                                       Telephone: (312) 849-8256
                                       amccollough@mcguirewoods.com
                                       -and-
                                       Joseph S. Sheerin (admitted *pro hac vice*)
                                       Gateway Plaza, 800 East Canal Street
                                       Richmond, VA 23219
                                       Telephone: (804) 775-1135
                                       jsheerin@mcguirewoods.com

                                      *Counsel to Anthem Inc. and Affiliates*

**EXHIBIT B**
**Page 13 of 28**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2020, a true and correct copy of the attached was served by electronic mail on the following:

Steven T. Holmes, Esq.
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson St., Suite 570, Founders Square
Dallas, TX 75202
E-mail: sholmes@chfirm.com

*/s/ Joseph S. Sheerin*
Joseph S. Sheerin

129976578

7

Ammar Dadabhoy
Wong Fleming
State Bar No: 24088812
325 North St. Paul Street, Suite 3100
Dallas, TX 75201
Phone: (281) 340-2074
Fax: (866) 240-0629
Email: adadabhoy@wongfleming.com
ATTORNEYS FOR HUMANA INSURANCE COMPANY and HUMANA MILITARY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | CASE NO. 18-33730-hdh |
| | § | |
| **REVOLUTION MONITORING** | § | CASE NO. 18-33731-hdh |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | CASE NO. 18-33732-hdh |
| | § | |
| **Debtors.** | § | (Jointly Administered) |

## HUMANA INSURANCE COMPANY'S RESPONSES TO TRUSTEE'S SUBPOENA AS LIMITED PURSUANT TO THE JANUARY 13, 2020 ORDER

Humana Insurance Company ("Humana"), by and through its attorneys, hereby provides its responses to the Subpoena for Rule 2004 Examination issued by the Liquidating Trustee (the "Trustee") requesting documents ("Document Requests") in the above-captioned bankruptcy case, as limited pursuant to the January 13, 2020 Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents.

As agreed by Humana and Counsel for Trustee, the representative set of data will be comprised of the 20 largest claims (by dollar amount). Based on the claims list and numbers provided to Humana by Trustee's counsel, the following are the 20 largest claims (by dollar amount): (1) 769087, (2) 705432, (3) 322781, (4) 676091, (5) 800012, (6) 639948, (7) 597405, (8) 625607, (9) 547697, (10) 788349, (11) 680813, (12) 778949, (13) 704245, (14) 625173, (15)

844614, (16) 612585, (17) 802807, (18) 769086, (19) 845495, and (20) 353600 (collectively "Top Claims")[1]. Based on that data set and correspondence with the Counsel for Trustee, Humana provides the following:

## CONFIDENTIALITY DESIGNATION

In addition to confidentiality designations asserted within the document production set, Humana asserts the following documents as Confidential per the Agreed Protective Order entered by the parties and signed by the Court on April 20. 2020[2]: HUMANA 002959 – HUMANA 02971 are being designated as Confidential. [3] These documents should be treated as confidential subject to the provisions of the Agreed Protective Order.

**(1)**   **Produce a representative set of documents listed in Part A of the Document Requests, items one and two.**

   **Response:**

   Humana objects to the extent that Part A of the Document Requests demands documents protected under the work-product privilege.  Subject to and without waiving its objections, Humana hereby provides certificates of coverage, insurance policies or summary plan description applicable to the Top Claims, bates numbered HUMANA 000000 – HUMANA 002958. Humana hereby provides spreadsheets, bates numbered HUMANA 002959 – HUMANA 002971, with information regarding claims submitted with the Tax Identification Numbers 465128843, 473421017, and 813155319 to Humana with dates of service from June 18, 2014 – August 03, 2017, including information that is also included in explanation of benefits and electronic remittance advices.  Humana has also produced a spreadsheet identifying appeals submitted for the Top Claims, bates numbered HUMANA 002963 and correspondence between Humana and Revolution Monitoring relating to those appeals.  Finally, Humana has also provided spreadsheets identifying claims files for individual patients with submitted claims within the Top Claims as HUMANA 002964 – HUMANA 002971.

**(2)**   **Provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six.**

---

[1] Humana was not able to locate claims submitted with Tax Identification Numbers 465128843, 473421017, and 813155319 for the members identified in the following claims: 705432, 676091, 639948, 625607, and 625173.
[2] See Dkt. 223 for Agreed Protective Order entered on April 20, 2020.
[3] This subset of the document production are spreadsheets being produced by Humana in response to the subpoena. Humana is asserting the confidentiality designation for each of these spreadsheets in their entirety.

**Response:**

Humana objects to the extent that Part A of the Document Requests demands information protected under the work-product privilege. Humana further objects to the extent that the Document Requests seeks production of business-sensitive and/or trade secret information including but not limited to requesting production of Humana's internal policies and practices. Fed. R. Civ. P. 45(d)(3)(B)(i). Subject to and without waiving its objections, Humana hereby provides spreadsheets, bates numbered HUMANA 002959 – HUMANA 002962, with information regarding claims submitted with the Tax Identification Numbers 465128843, 473421017, and 813155319 to Humana with dates of service from June 18, 2014 – August 03, 2017, including information that is also included in explanation of benefits and electronic remittance advices. Humana has also produced a spreadsheet identifying appeals submitted for the Top Claims, bates numbered HUMANA 002963 and appeal correspondence relating to those appeals.

**(3)   Provide a spreadsheet containing the denial codes and explanation of denial codes used by [Humana] as described in Part B of the Document Request.**

**Response:**

Humana objects to the extent that Part B of the Document Requests demands information protected under the work-product privilege. Subject to and without waiving its objections, Subject to and without waiving its objections, Humana hereby provides spreadsheets, bates numbered HUMANA 002959 – HUMANA 002971, with information regarding claims submitted with the Tax Identification Numbers 465128843, 473421017, and 813155319 to Humana with dates of service from June 18, 2014 – August 03, 2017 including information that is also included in explanation of benefits and electronic remittance advices. Please also refer to the documents provided in Response (1), above.

**(4)   Provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee.**

**Response:**

Subject to and without waiving its objections, Humana hereby provides spreadsheets, bates numbered HUMANA 002959 – HUMANA 002971, with information regarding claims submitted with the Tax Identification Numbers 465128843, 473421017, and 813155319 to Humana with dates of service from June 18, 2014 – August 03, 2017 including information that is also included in explanation of benefits and electronic remittance advices.

Date:  April 29, 2020                           */s/Ammar Dadabhoy*
                                               Ammar Dadabhoy
                                               Wong Fleming, P.C.
                                               State Bar No: 24088812

325 North St. Paul Street, Suite 3100
Dallas, TX 75201
Phone: (281) 340-2074
Fax: (866) 240-0629 Email:
adadabhoy@wongfleming.com
*Attorneys for Humana Insurance Company
and Humana Military*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2020 a true and correct copy of the foregoing documents was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure by the method indicated below:

Steven T. Holmes
Shareholder
CAVAZOS HENDRICKS POIROT, P.C.          *via e-mail*
900 Jackson St., Suite 570, Founders Square
Dallas, TX 75202
sholmes@chfirm.com


*/s/Ammar Dadabhoy*
Ammar Dadabhoy

Ammar Dadabhoy
Wong Fleming
State Bar No: 24088812
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478
Phone: (281) 340-20704
Fax: (866) 240-0629
Email: adadabhoy@wongfleming.com
ATTORNEY FOR HUMANA INSURANCE COMPANY and HUMANA MILITARY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | CASE NO. 18-33730-hdh |
| | § | |
| **REVOLUTION MONITORING** | § | CASE NO. 18-33731-hdh |
| **MANAGEMENT LLC,** | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | CASE NO. 18-33732-hdh |
| | § | |
| **Debtors.** | § | (Jointly Administered) |

### HUMANA MILITARY'S RESPONSES TO TRUSTEE'S SUBPOENA AS LIMITED PURSUANT TO THE JANUARY 13, 2020 ORDER

Humana Military, by and through its attorneys, hereby provides its responses to the Subpoena for Rule 2004 Examination issued by the Liquidating Trustee (the "Trustee") requesting documents ("Document Requests") in the above-captioned bankruptcy case, as limited pursuant to the January 13, 2020 Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents. As agreed by Humana Insurance Company, Humana Military, and Counsel for Trustee, the representative set of data will be comprised of the 20 largest claims, by dollar amount.

## OBJECTIONS

Humana Military objects to this subpoena as it subjects Humana Military to undue burden. The records that trustee's counsel is attempting to subpoena from Humana Military fall under the federal TRICARE entitlement program which is jointly administered by the Department of Defense and Humana Military. The scope of covered services under the TRICARE program, along with exclusions, is available online at:

- https://www.tricare.mil/;

- https://www.tricare.mil/CoveredServices/IsItCovered;

- https://manuals.health.mil/; and

- https://health.mil/Military-Health-Topics/Business-Support/Rates-and-Reimbursement/CMAC-Rates.

TRICARE beneficiaries are not provided with printed policy manuals or handbooks. TRICARE program manuals are also available online which contain their fee schedules. To put together the data which Trustee's counsel is requesting from Humana Military would cause an undue burden on the producing party. Trustee's counsel should instead direct these subpoenas at the clearinghouses where the claims were submitted.

## RESPONSES

**(1)      Produce a representative set of documents lists in Part A of the Document Requests, items one and two.**

**Response:**

Humana Military objects to the extent that Part A of the Document Requests demands documents protected under the work-product privilege.  Humana objects to these requests inasmuch as the claims identified by the Trustee were not submitted or not administered by Humana Military.  In such instances, Humana Military does not have possession, custody or control over relevant materials or materials that could not otherwise be procured from another source.  Humana Military hereby provides a representative set of documents

of the Document Requests, items one and two, attached as HUMANA MILITARY 000000 – HUMANA MILITARY 000112.

Humana Military states that based on its review of the representative claims identified by the Trustee, Humana Military did not process these representative claims or that the provider did not submit claims for reimbursement to Humana Military. Thus, Humana Military suggests directing the subpoena towards other clearinghouses or administrators of the TRICARE program. Information regarding the identities of these clearinghouses and TRICARE administrators are publicly available on the websites cited above.

**(2)** **Provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six.**

**Response:**

Humana Military objects to the extent that Part A of the Document Requests demands information protected under the work-product privilege. Humana objects to these requests inasmuch as the claims identified by the Trustee were not submitted or not administered by Humana Military. In such instances, Humana Military does not have possession, custody or control over relevant materials or materials that could not otherwise be procured from another source. Humana Military hereby provides a representative set of documents of the Document Requests, items one and two, attached as HUMANA MILITARY 000000 – HUMANA MILITARY 000112.

Humana Military states that based on its review of the representative claims identified by the Trustee, Humana Military did not process these representative claims or that the provider did not submit claims for reimbursement to Humana Military. Thus, Humana Military suggests directing the subpoena towards other clearinghouses or administrators of the TRICARE program. Information regarding the identities of these clearinghouses and TRICARE administrators are publicly available on the websites cited above.

**(3)** **Provide a spreadsheet containing the denial codes and explanation of denial codes used by [Humana Military] as described in Part B of the Document Request.**

**Response:**

Humana Military objects to the extent that Part B of the Document Requests demands information protected under the work-product privilege. Humana objects to these requests inasmuch as the claims identified by the Trustee were not submitted or not administered by Humana Military. In such instances, Humana Military does not have possession, custody or control over relevant materials or materials that could not otherwise be procured from another source. Humana Military is not in possession or control of documents responsive to this demand.

Humana Military states that based on its review of the representative claims identified by the Trustee, Humana Military did not process these representative claims or that the

provider did not submit claims for reimbursement to Humana Military. Thus, Humana Military suggests directing the subpoena towards other clearinghouses or administrators of the TRICARE program. Information regarding the identities of these clearinghouses and TRICARE administrators are publicly available on the websites cited above.

(4)     **Provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee.**

**Response:**

Humana objects to these requests inasmuch as the claims identified by the Trustee were not submitted or not administered by Humana Military. In such instances, Humana Military does not have possession, custody or control over relevant materials or materials that could not otherwise be procured from another source. Humana Military is not in possession or control of documents responsive to this demand.

Humana Military states that based on its review of the representative claims identified by the Trustee, Humana Military did not process these representative claims or that the provider did not submit claims for reimbursement to Humana Military. Thus, Humana Military suggests directing the subpoena towards other clearinghouses or administrators of the TRICARE program. Information regarding the identities of these clearinghouses and TRICARE administrators are publicly available on the websites cited above.

Date: April 29, 2020                     */s/Ammar Dadabhoy*
                                         Ammar Dadabhoy
                                         Wong Fleming, P.C.
                                         State Bar No: 24088812
                                         77 Sugar Creek Center Blvd., Suite 401
                                         Sugar Land, TX 77478
                                         Phone: (281) 340-20704
                                         Fax: (866) 240-0629
                                         Email: adadabhoy@wongfleming.com
                                         *Attorneys for Humana Insurance Company*
                                         *and Humana Military*

## **CERTIFICATE OF SERVICE**

I certify that on April 29, 2020 a true and correct copy of the foregoing documents was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure by the method indicated below:

> Steven T. Holmes
> Shareholder
> CAVAZOS HENDRICKS POIROT, P.C.                *via e-mail*
> 900 Jackson St., Suite 570, Founders Square
> Dallas, TX 75202
> sholmes@chfirm.com

*/s/Ammar Dadabhoy*
Ammar Dadabhoy

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Counsel for UnitedHealth Group*
*Incorporated and its subsidiaries and*
*affiliates, including Care Improvement*
*Plus Group Management, LLC, Sierra*
*Health and Life Insurance Company*
*Inc., UMR, Inc., UnitedHealthcare, Inc.,*
*and WellMed Medical Management, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>REVOLUTION MONITORING, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-33730-hdh |

**UNITED'S OBJECTION**
**TO SUBPOENA FOR RULE 2004 EXAMINATION**

UnitedHealth Group Incorporated and certain of its subsidiaries and affiliates, including Care Improvement Plus Group Management, LLC, Sierra Health and Life Insurance Company, Inc., UMR, Inc., UnitedHealthcare, Inc., and WellMed Medical Management, Inc. (collectively, "United") submit this Objection (the "Objection") to the

Subpoenas for Rule 2004 Examination (the "Subpoena") served by Jeffrey H. Mims, the Liquidating Trustee (hereinafter, the "Trustee") pursuant to Federal Rule of Civil Procedure 45, and states as follows:

## BACKGROUND

On September 6, 2019, the Trustee filed his Motion for Liquidating Trustee for Rule 2004 Examination (Dkt. 147) (the "Motion"). United responded, objecting to the Motion. (Dkt. 198). The Court held a hearing on the Motion on December 10, 2019. On January 13, 2020, the Court granted the Motion and limited the production of documents the Trustee could seek by subpoena. (Dkt. 201) (the "Order"). The Court ordered United, along with the other objecting parties, to:

(1)     produce a representative set of documents listed in Part A of the Document Requests, items one and two;

(2)     provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six;

(3)     provide a spreadsheet containing the denial codes and explanation of denial codes used . . . as described in Part B of the Document Requests; and

(4)     provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee.

The Court also required that prior to serving the Subpoenas the Trustee had to produce the assignment of benefit forms to United. Subsequently, the Trustee served separate subpoenas on UnitedHealth Group Incorporated, UnitedHealthcare, Inc., WellMed Medical Management, Sierra Health and Life Insurance Company, Care Improvement Plus Group Management, LLC and UMR, Inc. and produced assignment of benefits forms for 235 patients for which claims were submitted to a United-affiliated entity.

## **OBJECTION**

1. As an initial matter, UnitedHealth Group Incorporated is not an insurer, payor, or third-party administrator and, therefore, has no records responsive to the Trustee's Subpoenas. It is well-established that only the insurer can be liable for claims related to an insurance contract. *See Health Care Serv. Corp. v. Methodist Hosps. of Dallas*, 814 F.3d 242, 248 (5th Cir. 2016) (entity that neither provides coverage nor performs administrative services is not subject to the Texas Insurance Code); *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 912 (Tex. App.—Dallas, 2008, no pet.) ("The plaintiff in a breach of contract action has the burden to prove that the defendant has obligated himself under the contract.").

2. Next, for the Trustee to pursue claims for receivables for medical services rendered by Revolution, the Trustee would only have standing to pursue such claims if he could show a valid assignment of benefits from the insured under the respective health plan. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002) (holding that provider has no direct claim against health plan and, "absent a valid assignment of benefits from [the insured], [the provider] would have no derivative standing to sue the Plan under ERISA Section 502"). Although the Trustee has provided some assignment of benefits forms, United does not concede that any of the assignments produced by the Trustee are valid or enforceable.

3. Finally, with regard to the first three items described in the Court's Order, Counsel for United and Counsel for the Trustee conferred in an effort to reach an agreement on a response to the Trustee's Subpoenas in conformance with the Court's

order that United produce a "representative set" of responsive data and records. United and the Trustee agreed that United would produce, subject to the terms of the Stipulated Confidentiality Order (Dkt.221), a report detailing readily accessible information relating to the claims submitted to United for the three Debtor entities since January 2015, as well as the plan documents for the five groups with the highest number of claims submitted to United for payment, which are:

- HealthSelect$^{SM}$ of Texas ("HealthSelect") administered by the Employees Retirement System of Texas ("ERS");

- City of Fort Worth;

- Best Buy Co., Inc.;

- Raytheon Company; and

- AT&T, Inc.

4. The Trustee and United have reached an agreement to extend the deadline for United to provide a representative set of the data requested in Part C of the Document Requests in the electronic format requested to May 15, 2020.

Dated: April 30, 2020     Respectfully Submitted,

             By: _/s/ Amber D. Reece_
               Andrew G. Jubinsky
               Texas Bar No. 11043000
               andy.jubinsky@figdav.com
               Amber D. Reece
               Texas Bar No. 24079892
               amber.reece@figdav.com

             FIGARI + DAVENPORT, LLP
             901 Main Street, Suite 3400
             Dallas, Texas 75202
             Telephone: (214) 939-2000
             Facsimile: (214) 939-2090

             ATTORNEYS FOR UNITEDHEALTH
             GROUP, INC. AND ITS SUBSIDIARIES
             AND AFFILIATES

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on April 30, 2020, a copy of the foregoing was served on all counsel of record herein by the Court's ECF notification system.

             _/s/ Amber D. Reece_
             Amber D. Reece