Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Counsel for UnitedHealth Group Incorporated and its subsidiaries and affiliates*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>REVOLUTION MONITORING, LLC, *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-33730-hdh |

**UNITEDHEALTH GROUP INCORPORATED'S RESPONSE
TO LIQUIDATING TRUSTEE's MOTION TO COMPEL
PRODUCTION AND MOTION FOR RECONSIDERATION**

UnitedHealth Group Incorporated ("UHG") and certain of its subsidiaries and affiliates, including Care Improvement Plus Group Management, LLC, Golden Rule Insurance Company, Health Plan of Nevada, Inc., Peoples Health Inc., Sierra Health and Life Insurance Company, Inc., UMR, Inc., UnitedHealthcare, Inc., and WellMed Medical Management, Inc. (collectively, "United") submit this Response (the "Response") to the Liquidating Trustee's Motion to Compel Production from Aetna, Inc.; Anthem, Inc.;

Cigna, Humana Insurance Company; Humana Military; and UnitedHealth Group Incorporated (Dkts. 232, 234)[1] (the "Motion") filed by Jeffrey H. Mims, the Liquidating Trustee (hereinafter, the "Trustee").

On January 13, 2020, the Court entered its "Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents" (hereinafter, the "Order"). (Dkt. 201.) The Order granted the Trustee's request to serve Rule 2004 subpoenas on the "Remaining Objecting Parties," which included the United affiliates. (Order at 7.) The Order also required the Trustee to provide Remaining Objecting Parties with copies of the assignments of benefits ("AOB") and explanation of benefits ("EOBs") relating to the claims for which the Trustee sought information prior to service of the Rule 2004 subpoenas. (Order at 7.) The Order then required the Remaining Objecting Parties to:

(1) produce a representative set of documents listed in Part A of the Document Requests[2];
(2) provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six;
(3) provide a spreadsheet containing the denial codes and explanation of denial codes used by the Remaining Objecting Parties as described in Part B of the Document Requests; and
(4) provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee

---

[1] The Liquidating Trustee appears to have filed the same motion twice—once on July 21, 2020, and again on July 22, 2020. *See* Dkts. 232, 234. To the extent necessary, United's response herein is intended to respond to both Motions.

[2] The Trustee's proposed Document Requests were set out in an exhibit to the Motion for Rule 2004 Examination.

within thirty days after service of the Trustee's subpoenas. (Order at 7-8.) Subsequently, the Trustee served subpoenas on the United entities on March 20, 2020, containing the same Document Requests proposed in the Motion for Rule 2004 Examination. On March 31, 2020, the Trustee produced the AOBs relating to the claims for which he sought information from United.

Subject to the Stipulated Confidentiality Order between United and the Trustee (Dkt. 221), United's objections to the scope of the requests (Dkt. 224), and negotiated agreement with the Trustee's counsel, United produced (1) a spreadsheet containing the information the Trustee requested for **all** of the claims submitted by the three Debtor entities from 2015 through 2018; (2) a spreadsheet containing information relating to **all** appeals for those claims; and (3) copies of the plan documents for 2015 through 2018 for the five employer groups with the highest number of claims identified on the spreadsheet (over 3,200 hundred pages comprising numerous plan documents), on May 11, 2020, in fulfilment of Items (1)-(3) of the Order. United did not make any electronic payments to the Debtors and therefore has no information responsive to Item (4) in the Order, but nonetheless did produce records detailing all payments made to the three Debtor entities. Then, despite acknowledging that United had complied with the Court's Order and the terms of their agreement, the Trustee requested—for the first time in an email on May 27, 2020—that United produce the plan documents for the all of the remaining claims. After further discussions with the Trustee's counsel, United agreed to (and did) produce plan documents for five additional employer groups with the next highest number of claims (approximately 1,000 additional pages) on July 8, 2020.

In his Motion, the Trustee does not dispute that United has fully complied with the Court's Order or produced the documents on which the Trustee and United agreed would constitute a "representative set" as the Court's Order required.[3] Nevertheless, the Trustee asks the Court to reconsider its ruling and compel United to do more (within 15 days) simply because he is left with "insufficient time or opportunity to review or seek additional documentation." The Trustee has not presented "substantial reasons for reconsideration." *See Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS5*, No. 3:18-CV-0854-D, 2020 WL 570915, at *8 (N.D. Tex. Feb. 5, 2020). The Trustee has not provided any explanation as to why this relief was not sought sooner in light of his position that the additional information sought is necessary to his evaluation of the Debtors' assets, and for this reason alone, the Motion should be denied.

Although the Court can reconsider its interlocutory judgments, "to conserve limited judicial resources, rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Fairchild v. Liberty Indep. Sch. Dist.*, No. 1:06-CV-92-TH, 2008 WL 11426823, at *2 (E.D. Tex. July 11, 2008) (internal quotation marks omitted). Further, plan documents already produced by United cover over one-third of the claims submitted by the Debtors for payment to the United entities. There can be no dispute that they constitute a "representative set" as the Court ordered.

---

[3] The Motion states that "none" of the Remaining Objecting Parties have completed their production of "certain 'representative sets' of information subject to certain negotiated agreements with the Liquidating Trustee," (Motion at 5-6). In conversations with the undersigned counsel for United, counsel for the Trustee has confirmed that United has produced everything it agreed to produce subject to its negotiated agreement with the Trustee.

Moreover, it is unlikely that Trustee's analysis will be meaningfully affected by requiring United to produce the additional plan documents when the Trustee already has **all** of the claim and appeal information. For this additional reason, the Motion should be denied.

## CONCLUSION

Based on the foregoing, United respectfully requests that the Court deny the Rule Motion, and grant United such other relief that the Court deems just and proper.

Dated: August 11, 2020                                      Respectfully Submitted,

By: */s/ Andrew G. Jubinsky*
      Andrew G. Jubinsky
      Texas Bar No. 11043000
      andy.jubinsky@figdav.com
      Amber D. Reece
      Texas Bar No. 24079892
      amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR UNITEDHEALTH GROUP, INC. AND ITS SUBSIDIARIES AND AFFILIATES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2020, a copy of the foregoing was served on all counsel of record herein by the Court's ECF notification system.

*/s/ Andrew G. Jubinsky*
Andrew G. Jubinsky