**McGUIREWOODS LLP**
Justin R. Opitz
Texas Bar No.: 24051140
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (admitted *pro hac vice*)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (admitted *pro hac vice*)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com

*Counsel for Aetna Inc. and Affiliates*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>REVOLUTION MONITORING, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-33730 (HDH)<br><br>Jointly Administered |

**OMNIBUS OBJECTION OF AETNA INC. AND AFFILIATES TO
LIQUIDATING TRUSTEE'S MOTION TO COMPEL PRODUCTION
AND MOTION FOR RECONSIDERATION**

Aetna Inc. and its affiliated entities (collectively, "Aetna"[1]), by undersigned counsel, submits this Objection (the "Objection") to two motions filed by the liquidating trustee of the above-captioned bankruptcy cases (the "Liquidating Trustee"): (1) the Liquidating Trustee's motion to compel production [Docket No. 232, the "Motion to Compel"]; and (2) the Liquidating Trustee's motion for reconsideration [Docket No. 234, the "Motion for Reconsideration," and collectively with the Motion to Compel, the "Motions"). In support of its Objection, Aetna respectfully states as follows.

---

[1] The Motions refer to various entities that may be affiliated with Aetna, including "Aetna Health, Inc."; "Coventry Carelink Insurance Services, LLC", "Coventry Health Care Workers Compensation, Inc.", "Meritain Health, Inc.", and "Coventry Health Care, Inc." By objecting herein, Aetna does not waive any objection relating to the Liquidating Trustee's failure to properly identify any particular Aetna entity.

1

I.     **PRELIMINARY STATEMENT**

By this Objection, Aetna asks the Court to deny the Motions, which effectively seek to retroactively revoke and replace the Court's *Order: (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents* [Docket No. 201] (the "Rule 2004 Order"), without proper basis to do so.[2] In the Rule 2004 Order, the Court resolved the Liquidating Trustee's request for authority to serve subpoenas seeking twenty-eight (28) different categories of information regarding thousands of patient claims (collectively, the "Subpoenas") by authorizing the Liquidating Trustee to serve requests seeking a "representative set" of documents after providing assignments of benefits (collectively, "AOBs") and explanation of benefit related materials (collectively, "EOBs" and with the AOB's, the "Required Documents") to the subpoena recipients. The Rule 2004 Order expressly required the Liquidating Trustee's delivery of the Required Documents "prior to" service of the subpoena. Rule 2004 Order, p. 7.

Approximately three months from entry of the Rule 2004 Order, and without fulfilling his precedent obligations under the Rule 2004 Order, the Liquidating Trustee simply mailed the original Subpoenas to Aetna**,** with representatives of the Liquidating Trustee later sending material purporting to be certain of the Required Documents. In response, Aetna objected to the Subpoenas on multiple grounds (including the Liquidating Trustee's failure to produce the Required Documents), but also stated Aetna's willingness to meet and confer with the Liquidating Trustee to resolve the matter in accordance with the Rule 2004 Order. Instead of substantively responding to Aetna's proposal, the Liquidating Trustee's Motions disrupt what the Liquidating Trustee acknowledges are "ongoing good-faith discussions" and resultant productions thereunder by asking the Court to "reconsider" the Rule 2004 Order and

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Rule 2004 Order.

simultaneously "compel" the immediate production of documents that would only become discoverable upon the Court's reconsideration of the Rule 2004 Order. Incredibly, the Liquidating Trustee makes these requests without citing a single rule or supporting authority for such extraordinary relief.

Aetna requests the Court to deny the Motions in their entirety. First, the Court should deny the Motion for Reconsideration because the Liquidating Trustee has not fulfilled his burden to establish a basis for reconsideration of the Court's Rule 2004 Order. Second, the Court should deny the Motion to Compel because the Liquidating Trustee cannot seek to enforce an order that does not yet exist, and the Liquidating Trustee has not otherwise fulfilled his burden to establish a basis to compel the immediate production of documents. Thus, Aetna asks the Court to deny the Motions so that the Liquidating Trustee can continue the "ongoing good-faith discussions" and resultant document productions acknowledged in paragraph 6 of the Motions.

## II. BACKGROUND

1. On January 13, 2020, this Court entered its Rule 2004 Order resolving the Liquidating Trustee's request for authority to serve Subpoenas seeking twenty-eight (28) different categories of information regarding thousands of patient claims. The Court's Rule 2004 Order authorized the Liquidating Trustee to serve subpoenas seeking a "representative set" of documents after the Liquidating Trustee's provision of the Required Documents "prior to" service. Rule 2004 Order, p. 7.

2. On or about April 3, 2020, the Liquidating Trustee simply mailed the original Subpoenas to Aetna, with representatives of the Liquidating Trustee later sending material purporting to be certain of the Required Documents. The documents provided plainly do not qualify as legitimate AOBs and EOBs for the claims identified by the Liquidating Trustee.

3. On or about April 22, 2020, Aetna served its Preliminary Objections and Responses, in which Aetna objected to the Subpoenas on multiple grounds (including the Liquidating Trustee's failure to produce the Required Documents "prior to" service of the Subpoenas as well as the Preliminary Objections and Responses), but also stated Aetna's willingness to meet and confer regarding such issues in accordance with the Rule 2004 Order.

4. Without addressing Aetna's Objections and Responses, the Liquidating Trustee filed the Motions, in which the Liquidating Trustee acknowledged "ongoing good-faith discussions" and resultant productions, but asked the Court to "reconsider" the Rule 2004 Order and simultaneously "compel" the immediate production of documents that would first become discoverable upon the Court's reconsideration of the Rule 2004 Order.

### III.  ARGUMENT

**A. The Court Should Deny the Motion for Reconsideration Because the Liquidating Trustee Has Not Fulfilled His Burden to Establish a Basis for Reconsideration of the Court's Rule 2004 Order.**

5. As an initial matter, the Liquidating Trustee styled his Motion for Reconsideration as a general motion for reconsideration, which approach the Fifth Circuit Court of Appeals has expressly rejected because, "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997).  Instead, depending upon the facts and circumstances of a case, a motion for reconsideration can be filed under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Neaville v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 194314, *4 (N.D. Tex. 2013).[3]

---

[3] These rules are incorporated in bankruptcy cases pursuant to rules 7054, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure.

4

6. In *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 U.S. Dist. LEXIS 20661, *3-*4 (N.D. Tex. Feb. 19, 2014), the court denied a motion for reconsideration of an interlocutory discovery order under Fed. R. Civ. 54(b)[4] by ruling as follows:

> Because the court's interlocutory discovery decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling. The court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. Such a motion requires the court to determine whether reconsideration is necessary under the relevant circumstances. This court has explained that motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence. Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier.

*Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 U.S. Dist. LEXIS 20661, *3-*4 (N.D. Tex. Feb. 19, 2014) (internal citations and punctuation omitted).

7. Here, the Liquidating Trustee in his Motion for Reconsideration asks the Court to reconsider its rulings in the Rule 2004 Order that: (a) required the Liquidating Trustee to produce the Required Documents "prior" to service of the Subpoenas; and (b) authorized production of a "representative set" of information in response thereto. However, the Liquidating Trustee has not provided the Court with a basis to determine that reconsideration of the Rule 2004 Order is necessary on either point.

8. In seeking reconsideration of the portion of the Rule 2004 Order requiring the Liquidating Trustee to produce the Required Documents "prior" to service of the Subpoenas, the Liquidating Trustee fails to identify (much less establish) any manifest errors of law or fact in such ruling. Further, the only "evidence" that the Liquidating Trustee purports to present on this point is the bare assertion in paragraph 11 of the Motion for Reconsideration that the "Liquidating Trustee does not possess, and cannot produce, EOBs for every patient claim listed

---

[4] See FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

5

for each Objecting Party …". This bare assertion does not constitute "evidence," much less "newly discovered evidence" since the Liquidating Trustee knew or should have known about his records before entry of the Rule 2004 Order. Further, the Liquidating Trustee fails to acknowledge that production of the Required Documents "prior to" service assists the non-party respondents in locating potentially responsive documents, so the Liquidating Trustee's alleged inability to satisfy his obligations under the Rule 2004 Order would increase the burden on the respondents to locate the requested information.

9. Finally, the Liquidating Trustee's only argument for reconsideration of the Rule 2004 Order's "representative set" limitation is the simple assertion that such limitation "prevent[s] production of all information necessary" for the Liquidating Trustee in this matter. *Id.*, ¶ 9. Not only does such bare assertion not constitute a manifest error of law or fact or the presentation of newly discovered evidence, such argument simply repeats the Liquidating Trustee's previous arguments that the Court declined to adopt in the Rule 2004 Order based on the testimony provided therein. Rule 2004 Order, p. 6 ("Mr. Lambert and Mr. Flores testified that they require the actual documents in order to more fully evaluate and investigate the Debtors' patient claims on behalf of the Collection Agent and the Trustee. However, both witnesses admitted that a spreadsheet of certain information may suffice ..."). Thus, the Liquidating Trustee's request for reconsideration of the Rule 2004 Order's "representative set" limitation not only fails to satisfy the standard for reconsideration, but instead is merely a prohibited "vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 U.S. Dist. LEXIS 20661, *3-*4 (N.D. Tex. Feb. 19, 2014) (internal citations and punctuation omitted).

10. Thus, the Court should deny the Motion for Reconsideration because the Liquidating Trustee has not fulfilled his burden to establish a basis for reconsideration of the Court's Rule 2004 Order.

**B. The Court Should Deny the Motion to Compel Because the Liquidating Trustee Has Not Fulfilled His Burden to Establish a Basis to Compel the Immediate Production of Documents.**

11. In the Motions, the Liquidating Trustee asks the Court not only for reconsideration of the Rule 2004 Order, but effectively asks that such relief be granted retroactively by "compelling" the immediate production of alleged documents that would only become first required for production upon the Court's granting the requested reconsideration of the Rule 2004 Order. Specifically, the Liquidating Trustee requests an order that would "compel" the immediate production of "all insurance plans or policies for each identified patient, together with sufficient information to connect such patient to a particular plan or policy" and that would "overrule any pending or asserted" objections, or "order that all responsive documents be produced subject to the asserted objections." Motion to Compel, ¶ 8. Once again, the Liquidating Trustee makes such requests without any citation to a single rule or supporting authority for such extraordinary relief, and the operative rules and authority do not support the Liquidating Trustee's position.

12. As an initial matter, Federal Rule of Bankruptcy Procedure 9014 incorporates the discovery rules contained in rules 7026-7037 of the Federal Rules of Bankruptcy Procedure, which generally adopt the standards contained in rules 26-37 of the Federal Rules of Civil Procedure establishing a comprehensive protocol for the consideration of discovery matters. For example, Federal Rule of Civil Procedure 37(a) requires a movant to confer in good faith before filing a motion to compel, and Federal Rule of Civil Procedure 26(b)(1) establishes the permissible scope of discovery, while subsection (2) authorizes (and in certain instances

requires) the court to place limitations on otherwise permissible discovery. Courts deny motions to compel filed by parties who fail to comply with these rules. *See, e.g., Harrison v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 47577 (N.D. Tex. Apr. 8, 2016); *see also Seastrunk v. Entegris, Inc.*, 2017 U.S. Dist. LEXIS 2060901 (N.D. Tex. Dec. 15, 2017).

13. For example, the *Harrison* court rejected a motion to compel that failed to identify "a single allegedly improper discovery objection or inadequate discovery response," further stating that "[i]t would be fundamentally unfair for [respondent] to have to defend each and every objection asserted to [movant's] written discovery as a result of [movant's] incomplete" motion. *Harrison*, 2016 U.S. Dist. LEXIS 47577, * 18. The *Harrison* court also noted the movant's failure to "identify the nature and basis of the dispute, including, for example, explaining that and how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; [and] include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Id.*, * 21-22. Finally, the *Harrison* court ruled that movant would not be allowed to cure any of these deficiencies after filing the motion because it would "come too late where arguments should not be made, and this missing level of detail and information should not be included, for the first time in a reply." *Id.* (citing cases).

14. Here, without fulfilling his precedent obligations under the Rule 2004 Order, the Liquidating Trustee simply mailed the original Subpoenas to Aetna, with representatives of the Liquidating Trustee later sending material purporting to be certain of the Required Documents. In response, Aetna objected to the Subpoenas on multiple grounds (including the Liquidating Trustee's failure to produce the Required Documents "prior to" service and the date of the objections), but also stated Aetna's willingness to meet and confer with the Liquidating Trustee to resolve the matter in accordance with the Rule 2004 Order. To date, the Liquidating Trustee

has not conducted a meaningful "meet and confer" regarding Aetna's other objections to the Subpoenas (which are also not addressed in the Motion to Compel, which asks the Court to "overrule any pending or asserted" objections, or "order that all responsive documents be produced subject to the asserted objections."). Thus, even if the Court grants the Motion for Reconsideration, the Court should deny the Motion to Compel and allow what the Liquidating Trustee acknowledges are "ongoing good-faith discussions" and resultant document productions to continue unabated.[5]

15. Thus, the Court should deny the Motion to Compel because the Liquidating Trustee has not fulfilled his burden to establish a basis to compel the immediate production of documents.

---

[5] The Liquidating Trustee's complaint that Aetna has allegedly "had more than seven months since this Court's order to gather and produce documentation responsive to this Court's Order" rings especially hollow given that such time period is attributable to the Liquidating Trustee's noncompliance with the Rule 2004 Order in the first instance.

## IV. CONCLUSION

Thus, Aetna respectfully requests that the Court (1) deny the Motions in their entirety and (2) grant Aetna such other and further relief that the Court deems just and proper.[6]

DATED: August 11, 2020

Respectfully submitted,

McGUIREWOODS LLP

/s/ *Joseph S. Sheerin*
Justin R. Opitz
Texas Bar No.: 24051140
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6433
jopitz@mcguirewoods.com
-and-
Aaron G. McCollough (admitted *pro hac vice*)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8256
amccollough@mcguirewoods.com
-and-
Joseph S. Sheerin (admitted *pro hac vice*)
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1135
jsheerin@mcguirewoods.com
*Counsel for Aetna Inc. and Affiliates*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served on all counsel of record herein via the Court's electronic notification system on this 11th day of August, 2020.

/s/ *Joseph S. Sheerin*
Joseph S. Sheerin

---

[6] Aetna reserves the right to assert any and all other objections raised by other parties to the extent such objections are applicable to Aetna.