Ammar Dadabhoy
Wong Fleming
State Bar No: 24088812
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478
Phone: (281) 340-20704
Fax: (866) 240-0629
Email: adadabhoy@wongfleming.com
ATTORNEY FOR HUMANA INSURANCE COMPANY
AND HUMANA MILITARY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REVOLUTION MONITORING, LLC** § | | CASE NO. 18-33730-hdh |
| § | | |
| **REVOLUTION MONITORING** § | | CASE NO. 18-33731-hdh |
| **MANAGEMENT LLC,** § | | |
| § | | |
| **REVOLUTION NEUROMONITORING LLC** § | | CASE NO. 18-33732-hdh |
| § | | |
| **Debtors.** § | | (Jointly Administered) |

## HUMANA INSURANCE COMPANY AND HUMANA MILITARY'S OBJECTIONS IN OPPOSITION TO THE MOTION TO COMPEL AND MOTION TO RECONSIDER FILED BY LIQUIDATING TRUSTEE

Humana Insurance Company and Humana Military (collectively, "Humana"), by and through their undersigned attorney, hereby object to the Motion to Compel (ECF No. 232) and Reconsider ("Motion") (ECF No. 234) filed by Jeffrey H. Mims, the Liquidating Trustee for the following reasons:

I.  **Background**

1. The initial Motion of the Liquidating Trustee for Rule 2004 Examination (ECF No. 147) was filed on September 06, 2019. A hearing on the Motion was conducted on December 10, 2019.

1

2. The Court issued its Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents [Doc. No. 201] (the "Order") on January 13, 2020, obligating each of the Objecting Parties (defined in the Order as the "Remaining Objecting Parties") to produce documents in response to the Liquidating Trustee's subpoenas. More specifically, the Order ordered each of the Objecting Parties to (1) produce a representative set of documents listed in Part A of the Document Requests, items one and two; (2) provide a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six; (3) provide a spreadsheet containing the denial codes and explanation of denial codes used by the Objecting Parties as described in Part B of the Document Requests; and (4) provide a representative set of the data requested in Part C of the Document Requests, in the electronic format requested by the Liquidating Trustee. The Court's Order does condition each Objecting Party's obligations to produce responsive documents upon the Liquidating Trustee's obligation to provide Assignment of Benefits ("AOB") and Explanation of Benefits ("EOB") to the remaining objecting parties.

3. Since entry of the Order, Humana has been actively engaged with counsel for the Liquidating Trustee regarding the production of Documents. Humana and the Liquidating Trustee agreed upon and entered into an Agreed Protective Order in order to prevent unauthorized disclosure of personal health information ("PHI"). Humana negotiated with the Liquidating Trustee to define what a "representative set" of documents is. Humana Insurance Company and Humana Military have provided the Liquidating Trustee with a detailed spreadsheet along with a detailed set of responsive documents.

4. The Liquidating Trustee filed the present Motion to Compel on July 21, 2020 asking the Court to compel production and on July 22, 2020 filed its Motion to Reconsider the Order entered

on January 13, 2020. The two motions filed by the Liquidating Trustee effectively seek the same relief, and so Humana's objection herein applies to both the Motion to compel and Motion to reconsider.

5. Humana has conducted good-faith formal and informal discovery with the Liquidating Trustee. This includes production of documents outside of the representative set.

## II. OBJECTION

### a. *The Liquidating Trustee's motion to compel should be denied because it already has sufficient information to determine the viability of his claims and requests more information than it is entitled to under the Court's order.*

The Liquidating Trustee is asking the Court to further compel production of plan and claim information in order to fully investigate the collectability of all of the accounts within fifteen days. Specifically, the Liquidating Trustee is asking Humana to produce "actual plan documentation" in addition to documentation to match particular claims to particular policies and reasons for denial codes. Humana has provided the Liquidating Trustee with two sets of production since the entry of this Court's Order dated January 13, 2020. Because the Liquidating Trustee is seeking information which exceeds the scope of this Court's Order, the motion to compel should be summarily denied.

Humana has complied with this Court's most recent Order and provided documents for an agreed upon representative data set. In addition, Humana made various good-faith efforts going above and beyond the Court's order to appease the Liquidating Trustee. This includes a more recent informal production of documents of the plans for all Humana claimants after the filing of the present motion. Humana also provided the Liquidating Trustee with information to match the plans with all claimants. The Liquidating Trustee has in his possession more than enough documents to evaluate the viability of his claims and the collectability of his accounts.

Further production of documents would exceed the permissible scope of a subpoena and would cause Humana to incur undue burden and significant expense. Humana would have to perform numerous searches and cross-reference various databases to ascertain further information. Much of the information sought by the Motion is already in the possession of the debtors.

Lastly, the Liquidating Trustee's failure to provide AOB's to Humana as ordered by this Court should proves fatal to his motion to compel.

### b. *The Liquidating Trustee's motion to reconsider should be denied because removing the "representative set" limitation would cause significant undue burden to Humana.*

The Liquidating Trustee is also asking this Court to reconsider its Order limiting the production set to a "representative set" of documents and order production of a set of documents within a ridiculously expedited period of fifteen days, without any limitation. While Humana has voluntarily provided the Liquidating Trustee with all policies and matched them with all claimants, the Liquidating Trustee also seeks documentation on the reasons for denials for all claimants. In other words, the Liquidating Trustee now wants to remove the condition limiting the production set and compel the production of information for everyone. This will cause Humana to incur undue burden and expense.

Humana has already undertaken significant expense in producing the limited "representative set" of documents in addition to a further informal production. While the Liquidating Trustee correctly asserts that this Court's Order allowed him to request further information, this Court's Order did not state that it would allow unfettered access to all records, causing Humana to undertake significant expense. Notably, while the Liquidating Trustee contends that he has provided Humana with all documents within his possession, he has only produced a single AOB out of hundreds of patient claims. Pursuant to this Court's Order, the

4

Liquidating Trustee has no right to seek the Court's imprimatur on a far-flung fishing expedition without producing <u>all</u> AOBs for all claimants.

Given the burdens and risks that the Liquidating Trustee seeks to impose upon Humana, the cost and disruption far outweighs any benefits that the Liquidating Trustee may reasonably expect to enjoy. Especially in light of the good-faith cooperation Humana has engaged in with the Liquidating Trustee, he has all of the insurance policies for the Humana Insurance Company beneficiaries along with the names of those beneficiaries and so he can determine himself the viability of his claims.

With regard to Humana Military, as already explained to the Liquidating Trustee, Humana Military does not have any of the claimants' policies. This is because Humana Military is a managed care support contractor for the federal TRICARE East region. Neither Humana Military nor TRICARE beneficiaries receive a printed policy manual or handbook. Instead, TRICARE publishes a significant amount of information online at its website, https://www.tricare.mil/. Both current and historical TRICARE program manuals may be found at the website above.

This Court should not allow the Liquidating Trustee to remove all of the safeguards put in place by this Court to protect Humana from undue burden and expense by exceeding the scope of this Court's January 13, 2020 order. *See In re Millennium Lab Holdings II*, LLC, 562 B.R. 614, 627 (Bankr. D. Del. 2016). If "the cost and disruption to the examinee . . . outweigh the benefits to the examiner, the request should be denied." *In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998). This Court should not subject Humana to such a burden unless the Liquidating Trustee is prepared to pay Humana for its costs and expense of production and the Liquidating Trustee further proves to this Court that he has claims that are viable against Humana.

Therefore, this Court should deny Liquidating Trustee's Motion for Reconsideration.

**III.    RESERVATION OF RIGHTS**

By filing this Response, Humana shall not be deemed to have waived or forfeited of any of its rights. Humana reserves the right (i) to assert any further objections, defenses, and arguments with respect to the Motion, and (ii) to object to and defend against any subsequent Rule 2004 examination, subpoena or other discovery served upon them in these cases.

**IV.    PRAYER**

Based on the foregoing, Humana respectfully requests that the Court deny both the Motion to compel and the Motion to reconsider, and grant Humana such other relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Ammar Dadabhoy*
Ammar Dadabhoy
Tx. State Bar No. 24088812
WONG FLEMING
77 Sugar Creek Center Blvd.
Suite 401
Sugar Land, TX 77478
Tel: (281) 340-2074
Fax: (866) 240-0629
adadabhoy@wongfleming.com

*Attorneys for Humana Insurance Company and Humana Military*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2020, a copy of the foregoing was served on all counsel of record herein by the Court's ECF notification system.

*/s/ Ammar Dadabhoy*
Ammar Dadabhoy