**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REVOLUTION MONITORING, LLC | § | CASE NO. 18-33730-hdh |
| | § | |
| REVOLUTION MONITORING MANAGEMENT LLC, | § | CASE NO. 18-33731-hdh |
| | § | |
| REVOLUTION NEUROMONITORING LLC | § | CASE NO. 18-33732-hdh |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION OF LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA TO AMENDED SECOND MOTION OF LIQUIDATING TRUSTEE FOR RULE 2004 EXAMINATION**

**NOW COMES**, through undersigned counsel, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), who files this Objection to the Amended Second Motion of Liquidating Trustee for Rule 2004 Examination ("Motion") (Doc. 236), respectfully representing as follows:

**I. OBJECTIONS**

BCBSLA objects to the Liquidating Trustee's Motion on the grounds that the Motion fails to indicate how the information sought meets the criteria stated in Rule 2004. *See* Fed. R. Bankr. P. 2004. The Motion and attached subpoena requests are overly broad and place an unreasonable burden on BCBSLA. Production of the requested documents would violate the Health Insurance Portability and Accountability Act ("HIPAA"), exceeds the permissible scope of a subpoena, and would cause BCBSLA to incur undue burden and expense. Additionally, much of the information sought should be obtained from the Debtors.

Moreover, BCBSLA health benefit plans contain anti-assignment provisions that prohibit plan members from assigning their rights under the plan. These anti-assignment provisions would have prevented the Debtors from obtaining standing to receive plan benefits through any putative assignment. The Trustee likewise could not have obtained a standing to pursue claims for receivables for medical services rendered by the Debtors.

Blue Cross Blue Shield of Texas ("BCBSTX") filed many of these same objections, with memorandum in support, to the Motion on September 26, 2019. (Doc. 155). The arguments made in BCBSTX's memorandum in support of its objections also support BCBSLA's objections. Thus, BCBSLA hereby incorporates by reference in full the arguments contained in BCBSTX's objections (Doc. 155) as if asserted herein. *See* Fed. R. Bankr. P. 7010; Fed. R. Civ. P. 10(c).

If the Liquidating Trustee's Motion is granted, the relief should be limited:

1) in scope, to information relevant to the collection of such Accounts Receivable for which the Trustee can show the existence of a valid assignment of benefits from the insured, and

2) in content, to an electronic spreadsheet of claims information that identifies

   a) provider identification number under which the claim was submitted,
   b) claim number,
   c) service dates,
   d) amounts billed,
   e) amounts and dates of any related payments including deductibles, copayments, or coinsurance,
   f) procedure codes,
   g) diagnosis codes,
   h) member's benefit contract number, and
   i) reasons for the denial of payment (where applicable).

## II. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana respectfully prays the Court deny the

Amended Second Motion of Liquidating Trustee for Rule 2004 Examination of BCBSLA, and grant BCBSLA any such other and further relief as the Court deems proper.

> Respectfully submitted:
>
> By: */s/Jonathan M. Herman*
> Jonathan M. Herman (TX Bar No. 24052690)
> Allison N. Pham (TX Bar No. 24053399)
> HERMAN LAW FIRM
> 1601 Elm Street, Suite 2002
> Thanksgiving Tower
> Dallas, Texas 75201
> Telephone: (214) 624-9805
> Facsimile: (469) 383-3666
> JHerman@herman-lawfirm.com
> APham@herman-lawfirm.com
>
> ATTORNEYS FOR LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has been served on all counsel of record herein via the Court's CM/ECF filing system on August 12, 2020.

> */s/Jonathan M. Herman*
> Jonathan M. Herman