## Ruling in Revolution Monitoring (Case No. 18-33730-hdh11)

Emma Persson <Emma_Persson@txnb.uscourts.gov>
Thu 8/20/2020 10:56 AM

**To:** Steve T. Holmes <sholmes@chfirm.com>; amber.reece@figdav.com <amber.reece@figdav.com>; eburriss@mwe.com <eburriss@mwe.com>; jsheerin_mcguirewoods.com <jsheerin@mcguirewoods.com>; Ammar Dadabhoy <adadabhoy@wongfleming.com>
**Cc:** Stephen Manz <Stephen_Manz@txnb.uscourts.gov>

Counsel,

In lieu of setting up an oral ruling via WebEx, the Court will issue its ruling in this email. The following is Judge Hale's ruling on the *Liquidating Trustee's Motion to Compel and Motion to Reconsider* [Docket Nos. 232 and 234] taken under advisement following the hearing on August 18, 2020 (the "Hearing").

As a preliminary matter, the Court overrules any objections to the extent the Objecting Parties argue the Trustee (i) has not shown good cause for his 2004 exam and (ii) has not satisfied his meet and confer obligations. Those arguments were expressly overruled in the Court's *Order (I) Granting Liquidating Trustee's Motion for Rule 2004 Examination and (II) Ordering Limited Production of Documents* [Docket No. 201] (the "Rule 2004 Order"). Moreover, it was clear from the Hearing that the Trustee has been in ongoing communication with the Objecting Parties in a good faith attempt to resolve his discovery issues.

Second, the Trustee has satisfied the standard for reconsideration of the Rule 2004 Order. Counsel for the Trustee explained during the Hearing that the Court's initial hearing on the *Motion of Liquidating Trustee for Rule 2004 Examination* [Docket No. 147] (the "Rule 2004 Motion") presumed certain facts; namely, that the Trustee was in possession of certain EOBs. The development of discovery over the past year has shown some of these facts to be inaccurate. In any event, the Rule 2004 Order left open the Trustee's ability to come back and seek further relief from this Court under the Rule 2004 Motion, if the initial production of documents proved inadequate. The Trustee now does so.

The Trustee's request in the Motion to Reconsider is primarily twofold: first, he asks that the requirement of EOBs be removed as a precursor to the Objecting Parties' production; second, he asks that the "representative set" language be removed as well. In the Motion to Compel, the Trustee essentially argues he has not received complete plan documentation, information regarding claims appeals, or any information required in Part C as ordered by the Court in the Rule 2004 Order.

The Court understands the burden production may bear on the Objecting Parties; however, the number of claims at issue for each party in this case range from only 25 to several hundred. The Court finds it relevant that in similar litigation before this Court, an entity like one of the Objecting Parties was able to file a motion to dismiss under 12(b)(1) with all plan documents attached. That entity was able to file its motion and attach all documents in support within a span of several days. Here, the parties have had many months to produce similar documents. While some of the Objecting Parties have produced plan documents; others have been less forthcoming. The Court is disappointed, as the inclusion of "representative sets" was a concession to the Objecting Parties. Nevertheless, the Court

endeavors to strike a balanced approach. Accordingly, the Court will grant the Motion to Reconsider and Motion to Compel in part, as provided below:

First, the requirement that the Trustee produce EOBs as a precursor to the Objecting Parties' production under the subpoenas is removed.

Second, the Objecting Parties (except for Anthem) are now ordered to produce: (1) all of the documents listed in Part A of the Document Requests, items one and two; (2) a spreadsheet containing a representative set of the information requested in Part A of the Document Requests, items three through six, provided that these documents shall also include information and documentation relating to claim appeals; (3) a spreadsheet containing the denial codes and explanation of denial codes used by the Objecting Parties as described in Part B of the Document Requests; and (4) all of the data requested in Part C of the Document Requests, in the electronic format requested by the Trustee. To the extent any of the Objecting Parties do not have any data requested in Part C of the Document Requests, they must notify the Trustee in good faith.

Third, as to Anthem, Anthem is now required to produce all documents and information in the foregoing categories, given that their number of claims is so small. That is, the limitation of representative sets as to Anthem is completely removed.

This ruling, once again, is without prejudice to the Trustee seeking further relief from the Court under the Rule 2004 Motion. The Court will also note that if the "representative set" requirement continues to be an obstacle to the Trustee obtaining sufficient discovery, the Court will consider lifting that requirement for other parties as well.

If counsel for the Trustee will upload orders granting in part and resolving these two motions in accordance with this ruling, the Court will sign them upon receipt.

Thank you.

Best,
Emma Persson



Emma Persson
Term Law Clerk to the Hon. Harlin D. Hale
U.S. Bankruptcy Court
Northern District of Texas
214-753-2024