## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MEDARC, LLC, as Collection Agent for** § | |
| **Jeffrey H. Mims, Trustee of the** § | |
| **Liquidating Trust of Revolution** § | |
| **Monitoring, LLC, Revolution** § | |
| **Monitoring Management, LLC, and** § | |
| **Revolution Neuromonitoring, LLC,** § | |
| § | |
| § | **CIVIL ACTION NO. _____** |
| *Plaintiff,* § | |
| § | |
| **v.** § | |
| § | |
| **MERITAIN HEALTH INC.** § | |
| § | |
| *Defendant.* § | |

---

### NOTICE OF REMOVAL OF CIVIL ACTION

---

Defendant Meritain Health Inc. ("Meritain") files this Notice of Removal of Civil Action brought by Plaintiff MedARC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC ("MedARC"). The grounds in support of this Notice of Removal are as follows:

1.    **The State Court Action, Parties and Pleadings.** Plaintiff filed its Original Petition (hereinafter referred to as the "Complaint") against Meritain on September 25, 2020, in the 101st Judicial District Court of Dallas County, Texas, under Cause Number DC-20-14089 (the "State Court Action"). A true and correct copy of the State Court Civil

Docket Sheet is attached hereto as **Exhibit A**.[1] A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

2.      Meritain was served or otherwise received a copy of the Complaint on October 2, 2020. A true and correct copy of the citation received by Meritain, along with the executed return, are attached hereto as **Exhibit C** and **Exhibit D**, respectively.

3.      To avoid entry of a default judgment against it, Meritain filed an answer in state court on October 23, 2020, a true and correct copy of which is attached as **Exhibit E**.

4.      **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is being removed prior to the expiration of the statutorily allowed thirty (30) day period after the date that Meritain was served with or otherwise received a copy of the Complaint.

5.      **Complete Diversity of Citizenship Confers Jurisdiction.** This case involves a controversy wholly between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

---

[1]    Pursuant to LR 81.1 of the Local Rules of the United States District Court for the Northern District of Texas, Meritain has attached to this Notice of Removal as **Exhibits A** through **G**: (A) the State Court Docket Sheet; (B) the Complaint; (C) citation received by Meritain Health Inc.; (D) return of service to Meritain Health Inc.; (E) Defendant Meritain Health Inc.'s General Denial; (F) Notice of Removal filed in the State Court Action; and (G) Certificate of Interested Parties. Meritain has also attached an index of documents being filed with the Notice of Removal, the Civil Cover Sheet, Supplemental Civil Cover Sheet, and Notice of Related Case.

6.     Specifically, the Complaint alleges that Plaintiff, MedARC LLC, is a Texas Limited Liability Company organized in the State of Texas with its principal place of business in Dallas, Texas.[2] Based on information and belief, MedARC LLC's sole member is Russell Lambert, a citizen of the State of Texas. Based on information and belief, at the time the State Court Action was filed and as of the date of filing of this Notice of Removal, Russell Lambert was and continues to be a citizen of the State of Texas.[3]

7.     Additionally, or alternatively, based on information and belief, Jeffrey H. Mims was a citizen of the State of Texas at the time the State Court Action was filed and continues to be a citizen of the State of Texas as of the time of filing of this Notice of Removal.[4]

8.     Defendant Meritain is a corporation that was incorporated under the laws of the State of New York and had its principal place of business in the State of New York at

---

[2]     **Exhibit B**, at p. 2, ¶ 2.

[3]     To the extent that there are any additional members, they are citizens of the State of Texas.

[4]     Additionally, or alternatively, the Complaint alleges that Revolution Monitoring LLC is a Texas Limited Liability Company. Based on information and belief, Revolution Monitoring LLC's sole member is Jeremiah Vance, and at the time the State Court Action was filed and as of the time of filing this Notice of Removal, Jeremiah Vance was and continues to be a citizen of the State of Texas. The Complaint further alleges that Revolution Neuromonitoring LLC and Revolution Monitoring Management LLC are affiliates of Revolution Monitoring LLC. Revolution Neuromonitoring LLC is a Texas Limited Liability Company. Based on information and belief, Revolution Neuromonitoring LLC's members are Jeremiah Vance (a citizen of Texas as described above) and/or Brad Risner. At the time the State Court Action was filed and as of the time of filing this Notice of Removal, Brad Risner was and continues to be a citizen of the State of Texas. Based on information and belief, Revolution Monitoring Management LLC is a Texas Limited Liability Company. Based on information and belief, Revolution Monitoring Management LLC's sole member is Revolution Monitoring LLC (the Texas LLC described above). To the extent there additional members of any of these entities, they are citizens of the State of Texas.

the time the State Court Action was filed. As of the date of filing of this Notice of Removal, Meritain continues to be incorporated in and have its principal place of business in the State of New York. Meritain did not have its principal place of business in the State of Texas and was not incorporated under the laws of the State of Texas at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.

9.     Furthermore, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, in that Plaintiff is seeking to recover monetary relief in excess of $1,000,000. **Ex. B** at ¶ 2. Therefore, it is facially apparent, or more likely than not, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     **Plaintiff Asserts Claims That Arise Under the Laws of the United States.** Additionally, or alternatively, the Complaint asserts violations of ERISA.[5] **Ex. B** (Prayer for Relief). Therefore, Plaintiff's State Court Action may be removed to this Court because it arises under the laws of the United States on the face of the Complaint.

11.     **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, Meritain will provide written notice of removal to Plaintiff and will file a copy

---

[5]     Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Moreover, Plaintiff's breach of contract and other state-law claims arising out of the denial or alleged underpayments of medical claims under any health benefit plans governed by ERISA are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a)(1)(B). *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 531 (5th Cir. 2009).

of this Notice of Removal with the Clerk for the District Court of Dallas County, Texas, as provided by law.[6]

      WHEREFORE, PREMISES CONSIDERED, Defendant Meritain Health Inc. prays that the State Court Action be removed to the United States District Court for the Northern District of Texas, Dallas Division.

---

[6] A true and correct copy of the Notice being filed with the 101st Judicial District Court of Dallas County, Texas, is attached hereto as **Exhibit F**.

Respectfully submitted,

OF COUNSEL:                   By:   */s/ John B. Shely*

                                    JOHN B. SHELY

M. KATHERINE STRAHAN         State Bar No. 18215300
State Bar No. 24013584           600 Travis, Suite 4200
*kstrahan@HuntonAK.com*        Houston, Texas 77002
KELSEY J. HOPE                Telephone: (713) 220-4200
State Bar No. 24092538           Facsimile: (713) 220-4285
*kelseyhope@HuntonAK.com*     *jshely@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002             **ATTORNEYS FOR DEFENDANT**
Telephone: (713) 220-4200      **MERITAIN HEALTH INC.**
Facsimile: (713) 220-4285

LOCAL COUNSEL:

TONYA GRAY
State Bar No. 24012726
*tonyagray@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue
Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 979-3000
Facsimile: (214) 880-0011

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, a true and correct copy of the Aetna's Notice of Removal of Civil Action was served on the following counsel of record by placing same in the United States Certified Mail, Return Receipt Requested:

Craig A. Albert
calbert@cplalaw.com
Jonathon A. Aldaco
jaldaco@cplalaw.com
Cherry Peterson Landry Albert LLP
8350 North Central Expressway, Suite1500
Dallas, Texas 75206

/s/ M. Katherine Strahan
M. Katherine Strahan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MEDARC, LLC, as Collection Agent for** | § | |
| **Jeffrey H. Mims, Trustee of the Liquidating** | § | |
| **Trust of Revolution Monitoring, LLC,** | § | |
| **Revolution Monitoring Management, LLC,** | § | |
| **and Revolution Neuromonitoring, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.**_____ |
| | § | |
| **v.** | § | |
| | § | |
| **MERITAIN HEALTH INC.** | § | |
| | § | |
| *Defendant.* | § | |

---

**INDEX OF DOCUMENTS BEING FILED**
**WITH THE NOTICE OF REMOVAL**

---

Civil Cover Sheet
Supplemental Civil Cover Sheet
Notice of Related Case

| **Exhibit** | **Exhibits to the Notice of Removal** | **Date Filed in State Court** |
|---|---|---|
| A. | State Court Docket Sheet | |
| B. | Plaintiff's Original Petition | September 25, 2020 |
| C. | Issue Citation to Meritain Health Inc. | September 28, 2020 |
| D. | Return of Service to Meritain Health Inc. | October 7, 2020 |
| E. | Meritain Health Inc.'s General Denial | October 23, 2020 |
| F. | Notice of Removal of State Court Action | |
| G. | Certificate of Interested Parties | |

JS 44 (Rev. 10/20 (TX N) 02/16) (Page 1 of 2)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MEDARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC | Meritain Health Inc. |

**(b)** County of Residence of First Listed Plaintiff   <u>Dallas County, TX</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
  *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Craig A. Albert, Jonathon A. Aldaco, Cherry Peterson Landry
Albert LLP, 8350 North Central Expy, Ste. 1500 Dallas, TX 75206
Telephone: (214) 265-7007

Attorneys *(If Known)*
John B. Shely, M. Katherine Strahan, Kelsey J. Hope, Tonya Gray,
Hunton Andrews Kurth LLP, 600 Travis St. Ste 4200, Houston, TX
77002, Telephone: (713) 220-4200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | **IMMIGRATION** | | |
| | | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, alternatively 29 U.S.C. § 1132(a)

Brief description of cause:
Plaintiff asserts claims for damages arising out of alleged underpayment for health care benefit plans.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE    Hon. Harlin D. Hale (See Notice of Related Case)    DOCKET NUMBER   18-33730-hdh11

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 30, 2020 | /s/ John B. Shely |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Supplemental Civil Cover Sheet
Page **1** of **2**

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 101st Judicial District Court, Dallas County, Texas | DC-20-14089 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Plaintiff MedARC LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC | Craig A. Albert, State Bar No. 00790076, Jonathon A. Aldaco, State Bar No. 24093770, Cherry Peterson Landry Albert LLP, 8350 N. Central Expy. Ste. 1500, Dallas, TX 75206 Telephone: (214) 265-7007 |
   | Defendant Meritain Health Inc. | John B. Shely, State Bar No. 18215300, M. Katherine Strahan, State Bar No. 24013584, Kelsey J. Hope, State Bar No. 24092538, Tonya Gray, State Bar No. 24012726, Hunton Andrews Kurth LLP 600 Travis St., Ste. 4200 Houston, TX 77002, Telephone: (713) 220-4200 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?  ☐ Yes  ☑ No

   If "*Yes,*" by which party and on what date?

   _____     _____
   Party                                                        Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

   Was an Answer made in State Court?    ☑ Yes        ☐ No

       If "*Yes*," by which party and on what date?

   Meritain _____        October 23, 2020 _____
   Party                                   Date


5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   | None | |
   | | |
   | | |
   | | |
   | | |


6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   | None | |


7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff | Plaintiff has asserted claims against Defendant alleging that Defendant failed to properly reimburse Revolution Monitoring, LLC, Revoluiton Monitoring Management, LLC, and Revolution Neuromonitoring, LLC, for services provided pursuant to health benefit plans. |

# Exhibit A

## Case Information

DC-20-14089 | MEDARC, LLC vs. MERITAIN HEALTH, INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-20-14089 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 09/25/2020 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
MEDARC, LLC

Active Attorneys ▾
Lead Attorney
ALBERT, CRAIG A
Retained

DEFENDANT
MERITAIN HEALTH, INC

Address
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
SHELY, JOHN BRUCE
Retained

## Events and Hearings

09/25/2020 NEW CASE FILED (OCA) - CIVIL

09/25/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

09/25/2020 ISSUE CITATION ▾

ISSUE CITATION - MERITAIN HEALTH, INC.

09/28/2020 CITATION▾

Served
10/02/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/07/2020
Comment
MERITAIN HEALTH, INC.

10/07/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: MERITAIN HEALTH, INC.

Comment
EXECUTED CITATION: MERITAIN HEALTH, INC.

10/23/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

12/04/2020 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

MEDARC, LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $300.00 |
| | Total Payments and Credits | | | $300.00 |
| 9/28/2020 | Transaction Assessment | | | $300.00 |
| 9/28/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 59905-2020-DCLK | MEDARC, LLC | ($300.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION - MERITAIN HEALTH, INC.

EXECUTED CITATION: MERITAIN HEALTH, INC.

ORIGINAL ANSWER

# Exhibit B

Case 18-33730-hdh11 Doc 296-1 Filed 11/16/20 Entered 11/16/20 15:45:53 Page 18 of 54
Case 3:20-cv-03281-N Document 1 Filed 10/30/20 Page 18 of 54 PageID 18
1 CIT/ ESERVE

FILED
8/25/2020 4:05 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-14089

CAUSE NO. _____

| | | |
|---|---|---|
| MEDARC, LLC, as Collection Agent for | § | IN THE DISTRICT COURT |
| Jeffrey H. Mims, Trustee of the Liquidating | § | |
| Trust of Revolution Monitoring, LLC, | § | |
| Revolution Monitoring Management, LLC, and | § | |
| Revolution Neuromonitoring, LLC | § | |
| | § | DALLAS COUNTY, TEXAS |
| *Plaintiff,* | § | |
| | § | 101ST |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| MERITAIN HEALTH, INC. | § | |
| | § | |
| *Defendant.* | | |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

Plaintiff MedARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC files its Original Petition against Defendant and respectfully shows as follows:

### **DISCOVERY**

1.      Discovery should be conducted under Level Two pursuant to Rule 190.

### **RULE 47 STATEMENT**

2.      As prescribed by Rule 47, Plaintiff seeks monetary relief over $1,000,000.

### **SUMMARY OF CASE**

3.      This is an action by MedARC, LLC, as collection agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC (collectively "Revolution") against Defendant for failure to properly reimburse Revolution for medical services rendered to

insureds/patients. Revolution obtained assignments of benefits from its patients, who are the insureds of Defendant. Revolution provided medical services to those patients for the claims at issue. Revolution then properly and timely submitted claims for reimbursement to Defendants for the services it provided. Defendant failed to properly reimburse Revolution pursuant to the terms of the employee benefit plans or insurance contracts covering those patients for the services that Revolution rendered. Defendant failed to reimburse Revolution for claims for the provision of critical medical services.

4.      As explained more fully below, Revolution's Second Joint Plan of Reorganization and Plan Supplement granted Plaintiff standing to pursue Revolution's assigned claims against Defendant to seek compensation for the services, which Revolution rendered and which Revolution and Revolution's Liquidating Trust are owed under the health benefit plan.[1]

## PARTIES AND SERVICE

5.      Plaintiff MedARC, LLC serves as the Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC, pursuant to the Bankruptcy Plan and Plan Supplement. MedARC, LLC is a limited liability company organized in the State of Texas with its principal place of business at 3400 Carlisle, No. 550, Dallas, Texas 75204, which is located in the Northern District of Texas.

6.      Revolution Monitoring LLC is a Texas limited liability company, and prior to its bankruptcy, its offices were located at 4925 Greenville Ave., Suite 200, Dallas, TX 75206, which

---

[1] The Revolution Monitoring, LLC bankruptcy petition was filed in the Northern District of Texas (Dallas Division) on September 27, 2018, and it is currently pending as case no. 3:18-bk-33730. The Revolution Monitoring Management bankruptcy petition was filed in the Northern District of Texas on October 5, 2018, and it is currently pending as case no. 3:18-bk-33731. The Revolution Neuromonitoring, LLC bankruptcy petition was filed in the Northern District of Texas on October 5, 2018, and it is currently pending as case no. 3:18-bk-33732.

is located in the Northern District of Texas. Revolution Monitoring, LLC's current principal place of business is 6437 Southpoint Dr., Dallas, TX 75248, which is located in the Northern District of Texas. Revolution Monitoring Management LLC and Revolution Neuromonitoring LLC are affiliates of Revolution Monitoring LLC.

7.    Defendant Meritain Health, Inc. ("Defendant") is a corporation organized in the State of New York and headquartered at 300 Corporate Parkway #100S, Amherst, NY 14226. Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper in this Court because the amount exceeds this Court's minimum jurisdictional limit. On information and belief, Plaintiff's claims do not arise under 29 U.S.C. §§ 1001, et seq., the Employment Retirement Income Security Act ("ERISA").

9.    Pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper in this county, given that a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas.

## FACTUAL BACKGROUND

### A.    Procedural Backdrop

10.    Prior to bankruptcy, Revolution was a medical provider that offered intraoperative neurophysiological monitoring ("IONM" or "IOM") medical services to neuro, orthopedic, vascular, and ear, nose and throat (ENT) surgeries, operating around delicate parts of the nervous system. These medical services were primarily provided in spinal, cranial, facial, throat, and peripheral (*e.g.* arms, legs, hand and feet) surgeries. Their teams consisted of seasoned professionals.

3

11.     IONM technology allows monitoring of the state of the nervous system in "real-time" during surgery to alert surgeons of potential evolving neurologic injury and may allow for corrective actions to be implemented to prevent permanent deficits, thus improving safety and surgical outcomes.[2]  The technology allows a surgeon to know, while the patient is still on the table and under anesthesia, whether something has gone wrong, giving the surgeon the ability to address the problem without a second surgery, or in the worst case, without crippling or even killing the patient.

12.     Healthcare providers, such as Revolution, are classified as either "in-network" medical providers or "out-of-network" medical providers. In-network medical providers have pre-determined rates with health insurance companies. Out-of-network medical providers do not have pre-determined rates with health insurance companies. Health insurance companies are required to pay for out-of-network services in accordance with the health benefit plan.

13.     Patients pay significantly higher health insurance premiums for out-of-network health benefits in order to have access to out-of-network medical providers. Patients pay these higher premiums, at least in part, for assurance and peace of mind that they will be able to obtain necessary medical services from the physician, medical provider, and medical facility of their choice.

14.     Defendant is in the business of providing, underwriting and/or administering various forms of health insurance. Through these plans, Defendant reimburses insureds for certain

---

[2]  *See, e.g.*,  http://med.stanford.edu/neurology/divisions/neuromonitoring.html  (explaining how IONM works); https://personal.utdallas.edu/~golden/ionm/       (providing       another       explanation       of       IONM); https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3763097/ (explaining "Intraoperative neurophysiological monitoring (IOM) is now an integral part of many surgical procedures."); https://www.asnm.org/page/History (describing the history of the American Society of Neurophysiological Monitoring).

health care expenses, subject to the terms, conditions, and benefit limitations set forth under the plans.

15.     The claims at issue relate to health benefit plans that were either fully-insured or self-insured. Under a fully-insured plan, an employer or an individual contracts with an insurance company, which assumes financial responsibility for the payment of medical claims and administrative costs. Under a self-insured plan, an employer acts as the insurer, assuming financial responsibility for payment of medical claims. In the self-insured context, employers retain the services of insurance companies, such as Defendant, to administer their self-insured health benefit plans. In administering the self-insured plans at issue in this case, Defendant exercised discretionary authority over the management of the plans, the disposition of the plan assets, and the adjudication of claims.

16.     Defendant underwrites and/or administers the health insurance benefits of numerous insureds ("Insureds") in the State of Texas and, on information and belief, in other states.

17.     On information and belief, the Insureds are covered by ERISA-exempt health benefit plans, which are issued by governmental agencies, churches, or plans (or insurance contracts) acquired by individuals, and not through a private employer.

18.     On information and belief, Defendant was the claim administrator and administered each and every claim at issue in this lawsuit. Defendant exercised discretion, control, authority and/or oversight in the administration of each of the claims. Specifically, Defendant interpreted the health benefit plan documents, distributed benefits under the plan terms, and determined the amount, if any, to pay Revolution for medical services under these claims.

19.     Defendant acted as the *de facto* plan administrator for each and every claim at issue in this lawsuit. Defendant exercised control over the health benefit plans generally and assumed

responsibility for providing plan documentation to participants and/or their agents. Defendant either undertook and performed the duties of the plan administrator, and/or were delegated the administrator's duties by the health benefit plan.

20.     Revolution rendered medical services to the Insureds and was supposed to be paid by Defendant directly for providing such medical services through the issuance of benefits under the terms of the health benefit plans. Each of these services was reported by Revolution or Plaintiff to Defendant for reimbursement purposes pursuant to the American Medical Association's Current Procedural Terminology ("CPT"), which is used by licensed providers in submitting health insurance benefit claims to third party payers, including insurers such as Defendants.

### B.     MEDICAL SERVICES, CLAIMS, AND DENIALS

21.     As a matter of policy, Revolution followed the same process for each and every claim as described below.

22.     This process is routine for Revolution's business and within the health care industry, and follows the procedures set forth in the health benefit plan documents.

23.     Revolution received orders from physicians requiring the scheduling of medical services to be performed by Revolution at the physician's surgical facility. The orders contained (among other things) the patient's name, contact information, and identified the medical services to be performed.

24.     As a matter of policy and procedure, before Revolution rendered reasonable and necessary medical services for any of the claims at issue, Revolution received verification by telephone from Defendant that each patient was covered by a health benefit plan that provided out-of-network benefits. Revolution obtained verification from Defendant that the particular procedures were covered by the relevant health benefit plan and would be paid in accordance with the health benefit plan. During the verification process, Defendant failed to identify, allege, assert,

6

or rely on any exclusions, conditions, or other prerequisites within the relevant health benefit plans, including but not limited to any anti-assignment provisions. Revolution would not have provided these services to these patients without first obtaining this verification from Defendant.

25.     Following the verification process, the physician scheduled the medical services with the patient, and informed Revolution of the relevant information to ensure that Revolution was available to perform medical services.

26.     As a matter of policy, each Insured treated by Revolution signed an assignment of benefits form ("Assignment of Benefits"). The executed Assignment of Benefits transferred and assigned to Revolution the following non-exhaustive list of rights and interests: (1) the rights and interest to collect and be reimbursed for the medical service(s) performed for the patient; (2) the rights and interest to obtain plan documents and other related documentation and information by both provider and its attorney; (3) the rights and interest to any legal or administrative claims and causes of action; (4) the right to bring legal action, if needed, against the insurer or health benefits plan to recover costs or enforce coverage; and (5) the reasonable assistance of the patient in pursuing third-party payments.

27.     Pursuant to these Assignments of Benefits, Revolution and thus Plaintiff have standing to pursue claims for benefits on behalf of the Insureds under the laws of the State of Texas.

28.     Following treatment, pursuant to the Assignment of Benefits, Revolution was entitled to payment from Defendant, and thus directly submitted to Defendant claims forms for reimbursement of services rendered to the Insureds.

29.     Defendant is obligated under the health benefit plans to pay in accordance with the Insureds' right to receive reimbursement for out-of-network care.

30.     After medical services were performed, Revolution properly and timely submitted claims through Defendant's designated claims-handling channels. Defendant either denied the claims outright or drastically underpaid the claims. Once again, Defendant failed to identify, allege, assert, or rely on any exclusions, conditions, or other prerequisites within the health benefit plan, including but not limited to any anti-assignment provisions.

31.     After Defendant either denied or underpaid the claims, Revolution or Plaintiff properly and timely appealed the non-payment or underpayment of the claims through Defendant's designated appeals channels. Defendant denied each and every appeal for each and every claim at issue in this lawsuit, thereby exhausting Revolution and Plaintiff's administrative remedies. Defendant failed to provide a specific reason or reasons for the adverse determination, failed to reference the specific plan provisions on which the determination was based, failed to identify, allege, assert, or rely on any exclusions, conditions, or other prerequisites within the health benefit plans, including but not limited to any anti-assignment provisions, and failed to identify and provide a copy of the internal rule, guideline, protocol or other similar criterion that was relied upon in making the adverse determination.

32.     As a result of Defendant's repeated failure to identify, allege, assert, or rely on any exclusions, conditions, or other prerequisites within the health benefit plans, Defendant has waived and is thereby estopped from asserting as such, including by not limited to any anti-assignment provisions.

33.     Under the doctrine of laches, Defendant unreasonably delayed identification, assertion, or reliance on any exclusions, conditions, or other prerequisites within the health benefit plans including, by not limited to any anti-assignment provisions.

34.     Despite multiple opportunities, Defendant failed to identify, allege, assert, or rely on any exclusions, conditions, or other prerequisites within the health benefit plans. As a matter of policy, Revolution would not have provided these services had Defendant identified such conditions reasonably prior to the medical services in question. Any attempt by Defendant to assert any exclusions, conditions, or prerequisites after a substantial amount of time, is prejudicial to Revolution and Plaintiff. Therefore, Defendant is barred from enforcing any exclusions, conditions, or other prerequisites within the health benefit plans.

35.     Revolution billed Defendant amounts representing the usual and customary rate for the particular medical services in and around the counties in which the services were performed. On information and belief, Defendant paid much less than the amount billed for the services rendered.

36.     For each claim at issue, Defendant failed to pay benefits in accordance with the plan document. The plan document establishes payment for out-of-network medical services based on an "allowable amount."  The payment amounts for such reasonable and necessary medical services were drastically lower than any other recognizable third-party commercial or government payor in the health insurance industry. Through Revolution's and Plaintiff's experience and established industry standards, the payment of such low amounts to out-of-network medical providers for the rendering of medical treatment is unprecedented.  Furthermore, the course of dealings between Revolution and Defendant demonstrates payment reimbursements at significantly higher rates than those made for the claims alleged in this case.

37.     Moreover, based on information and belief, payment of such low amounts for reasonable and necessary medical services is drastically lower than any possible source on which the respective health benefit plan's allowable amount language may be based.

38.     On information and belief, these non-ERISA plans, within this litigation, are categorized as government plans and private plans. Government plans are those in which state or local government entities contract with Defendant to administer health benefits to their employees. Private plans are those in which individuals contract with Defendant to administer health benefits. These plans are governed by Texas state law.  Plaintiff currently lacks complete information concerning the plans or affiliates responsible for the failure to pay in accordance with the plan documents.  Accordingly, Plaintiff reserves the right to amend this petition in order to address any state-law claims that may arise under or be governed by the laws of a state, other than Texas.

**C.     DEFENDANT'S BAD CONDUCT**

39.     Defendant inappropriately denied certain claims submitted by Revolution seeking payment for IONM medical services provided to Insureds. The services were medically appropriate and necessary, covered by the applicable plan terms, and the claims should have been paid to Revolution as the Insureds' lawful assignee.

40.     Defendant, without proper justification and in violation of the plan terms, stopped paying Revolution for many services provided to the Insureds.

41.     Defendant indiscriminately denied payment for most claims and services based on an unsupported and erroneous assertions,

42.     Defendant's treatment of Revolution's appeals of adverse benefits determinations was contrary to the terms of applicable health benefit plans.

43.     In addition, Defendant made claims determinations that had the effect of reimbursing less than the percentage of actual charges actual charges required by the applicable health benefit plans.

### D.    REVOLUTION'S BANKRUPTCY

44.    Defendant's refusal to pay Revolution continued until the point in time in 2018, when Defendant's misconduct forced Revolution to cease operations and seek relief under the Bankruptcy Code.

45.    Between September 27, 2018 and October 5, 2018, Revolution filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the Northern District of Texas.

46.    On July 23, 2019, the Court entered an Order confirming the Debtors' Second Joint Plan of Reorganization ("Plan"), which among other things, provided for the creation of a Liquidating Trust, appointment of Jeffrey H. Mims as Liquidating Trustee,  and the appointment of Plaintiff to serve as Collection Agent.  In accordance with the Plan, on August 5, 2019, the Plan Supplement and Liquidating Trust Agreement were filed.

47.    Pursuant to the Plan and Plan Supplement, Plaintiff has standing to pursue Revolution's claims against Defendant, and any net recovery will be used to pay creditors of the Debtors pursuant to the Plan and Plan Supplement.

## CAUSES OF ACTION

**COUNT 1 – STATE LAW – BREACH OF CONTRACT**

48.    The allegations contained above are re-alleged and incorporated herein as if set forth verbatim.

49.    Plaintiff brings this action as an assignee to recover benefits due under Texas state law. Plaintiff is entitled to recover benefits for medical services provided by Revolution to patients from whom Revolution received an Assignment of Benefits. Revolution received an Assignment of Benefits for each claim at issue.

50.     With respect to government plans, Texas government entities entered into contracts with Defendant to administer health benefits to their employees. Under these contracts, Defendant agreed to administer out-of-network benefits in accordance with the health benefit plans. Specifically, Defendant agreed to pay claims in accordance with the allowable amount. The allowable amount establishes payment for out-of-network medical services and is found within the health benefit plan. In turn, governmental employees paid higher premiums for out-of-network coverage and benefits.

51.     These premiums constitute good and valuable consideration that Defendant received from their insureds and/or their employers in exchange for providing certain insurance benefits under the health benefit plans, including out-of-network coverage and benefits.

52.     Government employees are third-party beneficiaries to contracts entered between Defendant and Texas government entities. Government employees are parties to the health benefit plans entered between Texas government entities and its employees.

53.     Moreover, under Texas state law, multiple instruments may be construed together and treated as one contract. Defendant and government entities enter into contracts for the ultimate purpose of administering health benefits to government employees in accordance with the health benefit plan. Specifically, Defendant agrees to pay claims in accordance with the allowable amount found within the health benefit plan. Defendant must reference the health benefit plan to properly determine the allowable amount.

54.     Revolution provided medical treatment to the Insureds and submitted appropriate bills directly to Defendant for said medical services in accordance with the terms of the health benefit plans and Texas law.

12

55. Revolution has otherwise complied with all terms of the health benefit plans, the benefits of which have been lawfully assigned to Revolution, including the right to assert legal claims to enforce rights thereunder.

56. Defendant's failure to pay out-of-network benefits in accordance with the allowable amount within the health benefit plan breached the contractual agreements to administer health benefits to government employees.

57. With respect to private plans, individuals contracted with Defendant to administer health benefits. Under these contracts, Defendant agreed to provide out-of-network benefits for medical services rendered. In turn, individuals paid higher premiums for out-of-network coverage and benefits.

58. Defendant's failure to pay out-of-network benefits in accordance with the allowable amount within the health benefit plan breached the contractual agreements to administer health benefits to individuals.

59. Patients remain personally liable for the billed charges incurred as a result of reasonable and necessary medical services received. Defendant's failure to pay in accordance with the health benefit plan resulted in actual injury to the patient.

60. As a direct or proximate result of Defendant's material breaches of contract and non-payment for services duly rendered, Revolution, and by extension Plaintiff, have suffered damages.

61. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, given the presentment of the referenced claims, Plaintiff is also entitled to recover from Defendant all reasonable attorney's fees and court costs.

**COUNT 2 – STATE LAW – PROMISSORY ESTOPPEL**

62.     The allegations contained above are re-alleged and incorporated herein as if set forth verbatim.

63.     Plaintiff asserts promissory estoppel on behalf of the Liquidating Trustee of Revolution's estate, separate and apart from any assignment of benefits.

64.     As a matter of policy and procedure, before Revolution rendered reasonable and necessary medical services for any of the claims at issue, Revolution received verification by telephone from Defendant that each patient and the particular procedures were covered by a health benefit plan. Additionally, Defendant verified that Revolution would be paid a reasonable amount for the services rendered. Revolution would not have provided these services to these patients without first obtaining this verification from Defendant.

65.     Revolution substantially and reasonably relied to its detriment on the promises made by Defendant. Revolution would not have provided services without such promises. Defendant knew or should have known that Revolution would rely upon the promises.

66.      Because Revolution reasonably relied on Defendant's promises, and such reliance was foreseeable to Defendant, Revolution and thus Plaintiff suffered damages in an amount to be determined at trial.

**COUNT 3 – QUANTUM MERUIT**

67.     The allegations contained above are re-alleged and incorporated herein as if set forth verbatim.

68.     Revolution provided services and other things of value to Defendant and the Insureds (i.e. medical services).

69.     Defendant and the Insureds accepted the services or other things of value.

70.     Defendant has not paid for such services and things of value.

14

71.     Plaintiff, as Collection Agent for the Liquidating Trustee of Revolution's estate, is entitled to payment from Defendant for the reasonable value of the services rendered in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the court enter an order, including but not limited to declaratory relief with respect to the violations of ERISA, which also:

A.   Awards Plaintiff compensatory damages on all claims in the amount to be established at trial;

B.   Awards Plaintiff its attorneys' fees on its state law claims pursuant to the Texas Civil Practices and Remedies Code section 38.001;

C.   Awards Plaintiff pre-judgment and post-judgment interest at the highest rate allowed plus its taxable court costs.

D.   Awards Plaintiff all such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Craig A. Albert
       Craig A. Albert
       Texas Bar No. 00790076
       Email:  calbert@cplalaw.com
       Jonathan A. Aldaco
       Texas Bar No. 24093770
       Email: jaldaco@cplalaw.com

8350 North Central Expressway, Suite 1500
Dallas, Texas   75206
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

**ATTORNEYS FOR PLAINTIFF
MEDARC, LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Fannie Shelby on behalf of Craig Albert
Bar No. 00790076
fbshelby@cplalaw.com
Envelope ID: 46594279
Status as of 9/28/2020 9:24 AM CST

Associated Case Party: MEDARC, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Albert | | calbert@cplalaw.com | 9/25/2020 4:05:54 PM | SENT |
| Fannie Burton-Shelby | | fbshelby@cplalaw.com | 9/25/2020 4:05:54 PM | SENT |
| Debbie Noah | | dnoah@cplalaw.com | 9/25/2020 4:05:54 PM | SENT |
| Jonathan Aldaco | | jaldaco@cplalaw.com | 9/25/2020 4:05:54 PM | SENT |

# Exhibit C

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS



ON TIME PROCESS
1-800-274-5804
10-2-2020 *Ame*

**To:**

**MERITAIN HEALTH, INC.**
**SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TEXAS 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty · days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MEDARC, LLC, AS COLLECTION AGENT FOR JEFFREY H. MIMS, TRUSTEE OF THE LIQUIDATING TRUST OF REVOLUTION MONITORING, LLC, REVOLUTION MONITORING MANAGEMENT, LLC, AND REVOLUTION NEUROMONITORING, LLC**

Filed in said Court **25th day of September, 2020** against

**MERITAIN HEALTH, INC.**

For Suit, said suit being numbered **DC-20-14089,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of September, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    DANIEL MACIAS



---

**ESERVE**

**CITATION**

**DC-20-14089**

**MEDARC, LLC**
**vs.**
**MERITAIN HEALTH, INC**

**ISSUED THIS**
**28th day of September, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
CRAIG A ALBERT
CHERRY PETERSEN LANDRY+ALBERT LLP
8350 N CENTRAL EXPWY SUITE 1500
DALLAS TX 75206
214-265-7007
calbert@cplalaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-14089

Court No.101st District Court

Style: MEDARC, LLC

vs.

MERITAIN HEALTH, INC

Came to hand on the _____ day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 46626555
Status as of 9/28/2020 12:48 PM CST

Associated Case Party: MEDARC, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Albert | | calbert@cplalaw.com | 9/28/2020 12:47:24 PM | SENT |

# Exhibit D

FILED
10/7/2020 9:16 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

## AFFIDAVIT OF SERVICE

State of Texas        County of Dallas        101st Judicial District Court

Case Number: DC-20-14089

Plaintiff:
**Medarc, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC. Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC**

vs.

Defendant:
**Mertain Health, Inc.**

For:
Craig A. Albert
8350 N Central Expy
Suite 800
Dallas, TX 75206

Received by On Time Process Service on the 2nd day of October, 2020 at 11:55 am to be served on **Registered Agent for Mertain Health, Inc. CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

I, Anthony Collins, being duly sworn, depose and say that on the **2nd day of October, 2020** at **2:45 pm, I**:

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** to: **Beatrice Casarezbar** , an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Mertain Health, Inc.** , at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 5th day of October, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

_____
Anthony Collins
PSC-357 Expires 12/31/2021

On Time Process Service
1700 Pacific Ave
Suite 1040
Dallas, TX 75201
(214) 740-9999

Our Job Serial Number: ONT-2020004636
Ref: 4547.0001

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



## FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

To:

**MERITAIN HEALTH, INC.**
**SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TEXAS 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being MEDARC, LLC, AS COLLECTION AGENT FOR JEFFREY H. MIMS, TRUSTEE OF THE LIQUIDATING TRUST OF REVOLUTION MONITORING, LLC, REVOLUTION MONITORING MANAGEMENT, LLC, AND REVOLUTION NEUROMONITORING, LLC

Filed in said Court **25th day of September, 2020** against

**MERITAIN HEALTH, INC.**

For Suit, said suit being numbered **DC-20-14089**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of September, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    DANIEL MACIAS

---

**ESERVE**

**CITATION**

DC-20-14089

MEDARC, LLC
vs.
MERITAIN HEALTH, INC

ISSUED THIS
**28th day of September, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
CRAIG A ALBERT
CHERRY PETERSEN LANDRY+ALBERT
LLP
8350 N CENTRAL EXPWY SUITE 1500
DALLAS TX 75206
214-265-7007
calbert@cplalaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-14089

Court No.101st District Court

Style: MEDARC, LLC

vs.

MERITAIN HEALTH, INC

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock ____.M. on the _____ day of _____

within the County of _____ o'clock ____.M. Executed at _____

20 ____, by delivering to the within named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation $ _____

For mileage $ _____ of _____ County, _____

For Notary $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

*AFFIDAVIT ATTACHED*

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 46951526
Status as of 10/7/2020 12:28 PM CST

Associated Case Party: MEDARC, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Albert | | calbert@cplalaw.com | 10/7/2020 9:16:44 AM | SENT |
| Fannie Burton-Shelby | | fbshelby@cplalaw.com | 10/7/2020 9:16:44 AM | SENT |
| Debbie Noah | | dnoah@cplalaw.com | 10/7/2020 9:16:44 AM | SENT |
| Jonathan Aldaco | | jaldaco@cplalaw.com | 10/7/2020 9:16:44 AM | SENT |

# Exhibit E

FILED
10/23/2020 9:20 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

## CAUSE NO. DC-20-14089

| | | |
|---|---|---|
| **MEDARC, LLC, as Collection Agent**<br>**for Jeffrey H. Mims, Trustee of the**<br>**Liquidating Trust of Revolution**<br>**Monitoring, LLC, Revolution**<br>**Monitoring Management, LLC, and**<br>**Revolution Neuromonitoring, LLC,** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | §<br>§ | **DALLAS COUNTY, TEXAS** |
| **v.** | §<br>§ | |
| **MERITAIN HEALTH INC.,** | §<br>§<br>§ | |
| **Defendant.** | § | **101st JUDICIAL DISTRICT** |

## DEFENDANT MERITAIN HEALTH INC.'S ORIGINAL ANSWER

Defendant Meritain Health Inc. ("Meritain") files this Original Answer in response to the Original Petition filed by Plaintiff MedARC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC ("MedARC").

### General Denial

Meritain asserts a general denial pursuant to Texas Rule of Civil Procedure 92, reserving the right to amend its pleadings subsequently to present its special exceptions to Plaintiff's Original Petition, its affirmative defenses, special denials, other pleas and defenses, and its own respective claims.

WHEREFORE, PREMISES CONSIDERED, Meritain prays that the Court enter judgment that MedARC takes nothing on its claims, and that Meritain be awarded its costs of court, attorneys' fees, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/John B. Shely*_____
     JOHN B. SHELY
     State Bar No. 18215300
     *jshely@HuntonAK.com*
     M. KATHERINE STRAHAN
     State Bar No. 24013584
     *kstrahan@HuntonAK.com*
     KELSEY J. HOPE
     State Bar No. 24092538
     *kelseyhope@HuntonAK.com*
     HUNTON ANDREWS KURTH LLP
     600 Travis Street, Suite 4200
     Houston, Texas 77002
     Telephone:  (713) 220-4200
     Facsimile:   (713) 220-4285

     **ATTORNEYS FOR DEFENDANT
     MERITAIN HEALTH INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020 a true and correct copy of the foregoing document was served on the below listed counsel of record via email and the Court's e-filing system:

Craig A. Albert
*calbert@cplalaw.com*
Jonathon A. Aldaco
*jaldaco@cplalaw.com*
Cherry Peterson Landry Albert LLP
8350 North Central Expressway, Suite1500
Dallas, Texas 75206

*/s/John B. Shely*
John B. Shely

Defendant Meritain Health Inc.'s Original Answer – Page 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lindsey Coan on behalf of John Shely
Bar No. 18215300
lindseycoan@andrewskurth.com
Envelope ID: 47461431
Status as of 10/26/2020 10:43 AM CST

Associated Case Party: MERITAIN HEALTH, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| M. KatherineStrahan | | kstrahan@andrewskurth.com | 10/23/2020 9:20:42 AM | SENT |
| Kelsey Hope | | kelseyhope@huntonak.com | 10/23/2020 9:20:42 AM | SENT |
| John B.Shely | | jshely@huntonak.com | 10/23/2020 9:20:42 AM | SENT |

Associated Case Party: MEDARC, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Debbie Noah | | dnoah@cplalaw.com | 10/23/2020 9:20:42 AM | SENT |
| Craig Albert | | calbert@cplalaw.com | 10/23/2020 9:20:42 AM | SENT |
| Fannie Burton-Shelby | | fbshelby@cplalaw.com | 10/23/2020 9:20:42 AM | SENT |
| Jonathan Aldaco | | jaldaco@cplalaw.com | 10/23/2020 9:20:42 AM | SENT |

# Exhibit F

**CAUSE NO. DC-20-14089**

| | | |
|---|---|---|
| **MEDARC, LLC, as Collection Agent for** | § | **IN THE DISTRICT COURT OF** |
| **Jeffrey H. Mims, Trustee of the** | § | |
| **Liquidating Trust of Revolution** | § | |
| **Monitoring, LLC, Revolution Monitoring** | § | |
| **Management, LLC, and Revolution** | § | |
| **Neuromonitoring, LLC** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MERITAIN HEALTH INC.** | § | |
| | § | |
| **Defendant.** | § | **101st JUDICIAL DISTRICT** |

---

**NOTICE OF REMOVAL OF STATE COURT ACTION**

---

You are hereby notified that on October 30, 2020, a Notice of Removal of Civil Action was filed in the United States District Court for the Northern District of Texas, Dallas Division. The Notice was filed in reference to Cause No. DC-20-14089, *MedARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC v. Meritain Health Inc.*, then pending in the 101st Judicial District Court, Dallas County, Texas, and a true and correct copy of the Notice of Removal of Civil Action, which reflects the federal civil action number, is attached hereto as **Exhibit A**.

Respectfully submitted,

By: */s/ John B. Shely*_____
    JOHN B. SHELY
    State Bar No. 18215300
    *jshely@HuntonAK.com*
    M. KATHERINE STRAHAN
    State Bar No. 24013584
    *kstrahan@HuntonAK.com*
    KELSEY J. HOPE
    State Bar No. 24092538
    *kelseyhope@HuntonAK.com*
    HUNTON ANDREWS KURTH LLP
    600 Travis Street, Suite 4200
    Houston, Texas 77002
    Telephone: (713) 220-4200
    Facsimile: (713) 220-4285

**ATTORNEYS FOR DEFENDANT
MERITAIN HEALTH INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020 a true and correct copy of the foregoing document was served on the below listed counsel of record via email and the Court's e-filing system:

    Craig A. Albert
    calbert@cplalaw.com
    Jonathon A. Aldaco
    jaldaco@cplalaw.com
    Cherry Peterson Landry Albert LLP
    8350 North Central Expressway, Suite1500
    Dallas, Texas 75206

    */s/ John B. Shely*_____
    John B. Shely

011168.0000113 EMF_US 82460641v1

# Exhibit G

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## *Dallas Division*

MedARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of
Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution
Neuromonitoring, LLC.
_____

Plaintiff

v.                                                          _____

                                                            Civil Action No.

Meritain Health Inc._____
Defendant

## CERTIFICATE OF INTERESTED PERSONS
### (This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Meritain Health Inc.

_____

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

Meritain is a New York corporation owned by Prodigy Health Group Inc. which is an indirect wholly-owned subsidiary of CVS Health Corporation, which is a publicly traded corporation.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

Parties: MedARC, LLC, as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC and Meritain Health Inc.

Counsel of Record: Craig A. Albert, Jonathon A. Aldaco, Cherry Peterson Landry Albert LLP, John B. Shely, M. Katherine Strahan, Kelsey J. Hope, Tonya Gray, and Hunton Andrews Kurth LLP.

| | |
|---|---|
| Date: | October 30, 2020 |
| Signature: | /s/ John B. Shely |
| Print Name: | John B. Shely |
| Bar Number: | 18215300 |
| Address: | 600 Travis St., Ste. 4200 |
| City, State, Zip: | Houston, TX 77002 |
| Telephone: | (713) 220-4125 |
| Fax: | (713) 220-4285 |
| E-Mail: | jshely@Huntonak.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons