Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7302
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Jeffrey H. Mims, Liquidating Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REVOLUTION MONITORING, LLC** | § | **CASE NO. 18-33730-hdh** |
| | § | |
| | § | |
| **REVOLUTION MONITORING MANAGEMENT LLC,** | § | **CASE NO. 18-33731-hdh** |
| | § | |
| | § | |
| **REVOLUTION NEUROMONITORING LLC** | § | **CASE NO. 18-33732-hdh** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |
| | § | |

## MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON MARCH 19, 2021, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.**

**IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

COMES NOW, Jeffrey H. Mims, together with MedARC as Collection Agent (collectively, the "*Liquidating Trustee*"), and files this Motion to Compel Turnover of Property of the Estate (the "Motion"). In support of this Motion, the Liquidating Trustee would respectfully show this Court as follow:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the Sale Order. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

## BACKGROUND FACTS

2. Medical Practical Solutions, LLC ("*MPS*") provided medical billing services to Revolution Monitoring, LLC, Revolution Monitoring Management, LLC and / or Revolution Neuromonitoring, LLC (collectively, the "*Debtors*") between May 2015 and May 2016.

3. FCTU provided medical billing services to the Debtors between May 2016 and November 2016.

4. Quality Control Services ("*QCS*") provided medical billing services to the Debtors between April 2017 and June 2017. MPS, FTGU, and QCS are collectively referenced herein as the "*Billing Entities*".

5. During the above-referenced time periods, each of the Billing Entities sent documents and data on behalf of the Debtors to insurance carriers or their agents for or related to the billing of the Debtors' medical accounts receivable (the "*Claim Information*"). Additionally, the Billing Entities received documents and data on behalf of the Debtors from insurance carriers or their agents, for billed claims (collectively, the "*Documents*"). The Documents, Claim Information, and all data related thereto are property of the Debtors' estate.

6. The Liquidating Trustee has repeatedly requested and sought production of the Claim Information and Documents, both formally and informally:

  a. On September 6, 2019, the Trustee filed a Motion for 2004 Examination [Docket No. 147] (the "**Rule 2004 Motion**"), in which he requested the Documents and Claim Information. On November 15, 2019, this Court entered an Order Granting the Motion for 2004 Examination [Docket No. 186]. None of the Billing Entities (defined below) filed any response or objection to the Rule 2004 Motion.

  b. On February 28, 2020, the Trustee served subpoenas on both MPS and FGTU requesting the Claim Information and Documents. True and correct copies of those subpoenas are attached hereto as Exhibits A and B.

  c. On March 4, 2020, the Trustee served a subpoena on QCS requesting the Claim Information and Documents. A true and correct copy of that subpoena is attached hereto as Exhibit C.

  d. The Collection Agent, on behalf of the Liquidating Trustee, has repeatedly requested the Documents and Claim Information from each of the Billing Entities over the last twelve months.

7. With one limited exception,[1] none of the Billing Entities have delivered any objection, response, Documents or Claim Information to the Liquidating Trustee in response to the subpoena or otherwise.

8. On information and belief, the Billing Entities are in possession of certain Documents and Claim Information that are unavailable from any other source. The Liquidating Trustee needs the Documents and Claim Information in order to document the validity and collectability of certain medical receivables that remain the primary asset of these estates.

9. To the extent that any Billing Entity remains in possession of any responsive Documents or Claim Information, such entity is also in violation of the automatic stay by continuing to exercise

control over property of the estate in the face of repeated requests from the Collection Agent for production or turnover.

## RELIEF REQUESTED

10. Pursuant to 11 U.S.C. § 542(a) and (e), the Liquidating Trustee requests an order from the Court directing that each of the Billing Entities immediately deliver all Documents and Claim Information, including the documentation requested in the attached subpoenas, to the Liquidating Trustee.

11. Based on the Billing Entities' continued refusal to turnover property of the Debtors' estates, the Liquidating Trustee requests that the Court award costs and reasonable attorney's fees incurred by the Liquidating Trustee resulting from the Billing Entities' actions in violation of the automatic stay.

For the foregoing reasons, the Liquidating Trustee prays that this Court enter an order granting all relief requested in this Motion and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, TX  75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com
Attorneys for Jeffrey H. Mims, Liquidating Trustee

## CERTIFICATE OF CONFERENCE

In accordance with Local Bankruptcy Rule 9007-1(f), the undersigned certifies that he has attempted to confer with representatives of each Billing Entity, regarding the relief requested herein, both by telephone and e-mail on February 5, 2021. None of the Billing Entities have appeared in this bankruptcy case, and the undersigned's attempts were directed to the following representatives of each Billing Entity: Adrianna Villeralle with Medical Practice Solutions; Rhonda Roberts with Quality Control Services; and both Jaime Lynch and John M. Terry on behalf of FTGU. The undersigned has not received a response from, or on behalf of any of the Billing Entities. Accordingly, the Motion is presented to the Court for determination.

*/s/ Steven T. Holmes*
Steven T. Holmes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on February 26, 2021 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and via U.S. first-class mail on the following:

Medical Practice Solutions, LLC
Adriana Villareal
3400 Waterview Parkway, Suite 305
Richardson, TX 75080-1472

Quality Control Service Consultants, LLC
c/o David E. Turner
18302 Noyce Road
Crosby, TX, 77532-7807

FTGU Medical Billing, LLC
Corporation Service Company dba CSC
Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

*/s/ Steven T. Holmes*
Steven T. Holmes

---

[1] On or about March 11, 2020, Mr. John M. Terry contacted counsel for the Liquidating Trustee, indicated that he represented FTGU, and that he had responsive information from FTGU in response to the subpoena. Mr. Terry stated that FTGU would produce such documentation upon entry of an appropriate protective order. After several phone calls and e-mails, counsel for the Liquidating Trustee provided a revised draft of a proposed protective order to Mr. Terry on or about August 13, 2020. Since that date however, Mr. Terry has not responded to repeated calls and emails from the Liquidating Trustee's counsel seeking production of documents.