IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REVOLUTION MONITORING, LLC | § | CASE NO. 18-33730-swe11 |
| | § | |
| REVOLUTION MONITORING MANAGEMENT LLC, | § | CASE NO. 18-33731 |
| | § | |
| REVOLUTION NEUROMONITORING LLC | § | CASE NO. 18-33732 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**CREDITOR JEREMIAH VANCE'S MOTION
TO CONTINUE THE MARCH 26, 2024 HEARING**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Jeremiah Vance ("Vance" hereinafter), individually and on behalf of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC, who files this is Motion to Continue the March 26, 2023 Hearing currently scheduled to hear the Application for Final Decree and Creditors' Application to Remove the Trustee for Fraud, Willful Misconduct, and Breach of Fiduciary Duty, and who would respectfully show as follows:

1. After contacting over forty different law firms in this Court's jurisdiction, Vance was only able to secure representation by the undersigned on March 20, 2024, giving the undersigned less than a week to prepare for the hearing. The difficulty in finding suitable representation was not due to a lack of diligence or dilatory practice; every attorney Vance contacted prior to meeting the undersigned had a conflict of interest and could not take the case.

2. Vance would further show that the time spent in securing representation further hamstrung his abilities to prepare for the hearing pro se.

3. After further review of the numerous filings in this case, and with the proximity of time to the hearing setting, the undersigned maintains that additional time is needed to consult with his client, form an opinion on the merits on the case, and otherwise prepare for the hearing.

4. Vance would further show that no prejudice would befall the debtors by continuing the hearing; that the trust in question exists for the benefit of the beneficiaries who would not oppose the relief requested; and that this motion is not made for the purpose of delay, but so that justice would be done.

## CERTIFICATE OF CONFERENCE

5. The undersigned certifies that on March 21, 2024, he conferred with Steven T. Holmes, attorney for Jeffrey H. Mims, Liquidating Trustee, who stated he was **opposed** to the relief requested herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Vance prays that the Court continue the March 26, 2024 hearing setting to a time that will give sufficient time to prepare for the hearing. Vance respectfully requests an additional sixty (60) days to prepare for the hearing.

Dated:
March 22, 2024                                         Respectfully submitted,

s/ C Sherrard
Charles Brian Sherrard
*Attorney for Defendant*
Phone/Fax: (903) 416-9080
Sherrard.law@gmail.com
SBN: 24090384

SERVICE OF PROCESS

      The undersigned hereby certifies that a true and correct copy of the foregoing *Motion to Continue the March 26, 2024 Hearing* was served on March 22, 2024 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means, via electronic mail on the following:

Steven T. Holmes  sholmes@chfirm.com

                                                                                       s/ C Sherrard
                                                                                      Charles Sherrard